IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated, | Case No. 4:25-cv-00207-RGE-HCA |
| Plaintiff, | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |
| v. | |
| MEDICARE HEALTH ADVISORS LLC, | |
| Defendant. | |

Defendant MEDICARE HEALTH ADVISORS LLC, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint filed on June 16, 2025 (ECF No. 1) and states as follows:

## NATURE OF THE ACTION

1. This paragraph contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies same.

2. This paragraph contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies same.

3. This paragraph contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies same.

4. This paragraph contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies same.

5. Denied.

6. Denied.

7. Denied.

8. This paragraph contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies same.

## PARTIES

9. Defendant is without knowledge as to the allegations contained within this paragraph. Therefore denied.

10. Defendant admits that it is based in Deerfield Beach, Florida, but denies all other allegations or inferences contained within this paragraph.

## JURISDICTION AND VENUE

11. Admitted for jurisdictional purposes only. Denied as to any other allegations or inferences contained herein.

12. Admitted.

13. Admitted for venue purposes only. Denied as to any other allegations or inferences contained herein.

## TCPA BACKGROUND

**The Enactment of the TCPA and its Regulations**

14. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

15. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

16. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

17. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

18. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

**The TCPA Prohibits Prerecorded Calls to Cell Phones**

19. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

20. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

21. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

22. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

4934-2329-4557.1

23. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

24. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

25. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

26. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

**The Florida Telephone Solicitations Act**

27. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

28. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

29. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

30. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

## FACTUAL ALLEGATIONS

31. Admitted.

32. Defendant is without knowledge as to the allegations contained within this paragraph. Therefore denied.

33. Denied.

**Calls to Plaintiff**

34. Defendant is without knowledge as to the allegations contained within this paragraph. Therefore denied.

35. Defendant is without knowledge as to the allegations contained within this paragraph. Therefore denied.

36. Defendant is without knowledge as to the allegations contained within this paragraph. Therefore denied.

37. Defendant is without knowledge as to the allegations contained within this paragraph. Therefore denied.

38. Defendant is without knowledge as to the allegations contained within this paragraph. Therefore denied.

39. Defendant is without knowledge as to the allegations contained within this paragraph. Therefore denied.

40. Denied.

41. Admitted.

4934-2329-4557.1

42. Defendant is without knowledge as to the allegations contained within this paragraph. Therefore denied.

43. Admitted to the extent Plaintiff consented to any and all calls. Denied that any and all calls were solicitations or to "sign up for health insurance."

44. Admitted to the extent Plaintiff consented to any and all calls.

45. Admitted that Plaintiff answered a call on November 21, 2024, but denied to all other allegations or inferences contained herein.

46. Admitted.

47. Admitted.

48. Admitted that Plaintiff answered a call on November 22, 2024, but denied to all other allegations or inferences contained herein.

49. Admitted.

50. Denied.

51. Denied.

52. Defendant admits to calling Plaintiff because Plaintiff consented to any and all calls made. All other allegations or inferences contained in this paragraph are denied.

53. Denied.

54. Defendant admits that messages are not left after unanswered calls. All other allegations or inferences contained in this paragraph are denied.

55. This paragraph contains legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies same.

56. Denied.

57. Denied.

58. Admitted.

59. Denied.

60. Plaintiff consented to any and all calls made. Therefore, denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## CLASS ACTION ALLEGATIONS

65. Admitted.

66. Denied.

67. Denied.

68. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

69. Denied.

70. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

71. Denied.

72. Denied.

73. Denied that any and all classes are warranted in this action. Therefore, denied.

74. Denied that any and all classes are warranted in this action. Therefore, denied.

75. Denied that any and all classes are warranted in this action. Therefore, denied.

76. Denied that any and all classes are warranted in this action. Therefore, denied.

77. Denied that any and all classes are warranted in this action. Therefore, denied.

78. Denied that any and all classes are warranted in this action. Therefore, denied.

79. Denied that any and all classes are warranted in this action. Therefore, denied.

## FIRST CAUSE OF ACTION
### Statutory Violations of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(b)) on behalf of the Robocall Class

80. Defendant realleges and incorporates its responses to paragraphs 1 through 79 as if fully set forth herein.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

## SECOND CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. § 227(c) on behalf of the National Do Not Call Registry Class

85. Defendant realleges and incorporates its responses to paragraphs 1 through 79 as if fully set forth herein.

86. Denied.

87. Denied.

88. Denied.

## THIRD CAUSE OF ACTION
### Violation of the Florida Telephone Solicitation Act,
### Fla. Stat. § 501.059
### On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class

89. Defendant realleges and incorporates its responses to paragraphs 1 through 79 as if fully set forth herein.

90. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

91. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

92. This paragraph does not contain allegations to which a response is required. To the extent that it contains any adverse allegations or inferences against Defendant, Defendant denies same.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

### PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested in Paragraphs A through E of this section.

### DEMAND FOR JURY TRIAL

Defendant hereby requests trial by jury on all issues so triable.

### GENERAL DENIAL

Defendant denies any and all allegations set forth in the Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

### First Affirmative Defense
### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Defendant.

### Second Affirmative Defense
### (Consent)

Plaintiff is barred from asserting his claims in whole or in part because the calls at issue were sent with the recipients' prior express permission and/or consent and that consent was either irrevocable or was not effectively revoked.

### Third Affirmative Defense
### (Acquiescence, Estoppel, Waiver, Fraud, Conspiracy and Unclean Hands)

Plaintiff is barred from asserting his claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, and/or unclean hands. For example, Plaintiff cannot assert claims under the TCPA against Defendant to the extent he or others voluntarily provided telephone numbers for the purpose of receiving calls like the ones referenced in the Complaint.

### Fourth Affirmative Defense
### (Laches)

Plaintiff is barred from asserting his claims in whole or in part by the doctrine of laches.

### Fifth Affirmative Defense
### (Failure to Mitigate Damages)

Plaintiff is barred from asserting his claims in whole or in part by his failure to mitigate damages.

**Sixth Affirmative Defense**
**(No Knowing or Willful Misconduct)**

Any claim for treble damages is barred because Defendant did not engage in knowing or willful misconduct.

**Seventh Affirmative Defense**
**(No Proximate Cause)**

Defendant did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third parties (such as vendors, Plaintiff, or other persons who provided the numbers on which Plaintiff was allegedly called) proximately caused any damages, injuries, or violations at issue.

**Eighth Affirmative Defense**
**(Standing)**

Plaintiff lacks standing to bring the claims alleged in the Complaint because any harm allegedly caused by the calls at issue (which Defendants deny) did not cause sufficient Article III injury, pursuant to *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021).

**Ninth Affirmative Defense**
**(No Agency or Vicarious Liability and Proportional Allocation of Fault)**

Certain damages, injury, violation or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendant cannot be held vicariously liable. Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in certain conduct of which the Complaint complains and cannot be held liable for it. And even if it could, its liability (if any) must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

### Tenth Affirmative Defense
### (Adequate Remedy at Law)

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

### Eleventh Affirmative Defense
### (Due Process)

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive.

### Twelfth Affirmative Defense
### (No "Call")

Defendant did not "make any call" to Plaintiff, as that term is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

### Thirteenth Affirmative Defense
### (Failure to Join Party and/or Name the Proper Defendant)

The claims brought in the Complaint are barred, in whole or in part, by failure to join a necessary or indispensable party. Plaintiff's claims are also barred, in whole or in part, to the extent Plaintiff failed to name the proper defendant, over which the Court may lack personal jurisdiction.

### Fourteenth Affirmative Defense
### (No Charge)

Plaintiff was not "charged for the call" with respect to the calls at issue in this lawsuit, as that term is used in the TCPA.

**Fifteenth Affirmative Defense**
**(Substantial Compliance with Laws)**

Defendant is not liable to Plaintiff because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

**Sixteenth Affirmative Defense**
**(Reasonable Practices)**

Any and all claims brought in the Complaint are barred in whole or in part to the extent Defendant has established and instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Defendant, consistent with the minimum standards outlined in 47 C.F.R. § 64.1200.

**Seventeenth Affirmative Defense**
**(No Solicitation)**

Any and all calls made by or on behalf of the Defendant were purely informational and/or non-solicitation calls, thus not in violation of the relevant TCPA or state statutes.

**Eighteenth Affirmative Defense**
**(Bona Fide Error)**

Any and all claims brought in the Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA and related regulations (which is denied), any such violation was not intentional and resulted from a *bona fide* error.

**Nineteenth Affirmative Defense**
**(Good Faith)**

Any and all claims brought in the Complaint are barred to the extent Defendant possessed a good faith belief that it had consent to call the numbers at issue.

### Twentieth Affirmative Defense
### (FCC Exceeding Delegated Authority and Hobbs Act)

Plaintiff's TCPA claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority. Also, the Hobbs Act cannot be validly or constitutionally applied to preclude Defendant from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

### Twenty-first Affirmative Defense
### (Reservation of Right to Assert Further Defenses)

Defendant has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Defendant reserves the right to amend its Answer to assert any such defense.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing from Defendant by reason of this Complaint and that judgment be entered in favor of Defendant;
2. For dismissal of the Complaint with prejudice;
3. That the Court award Defendant costs and reasonable attorneys' fees;
4. For such other relief as the Court deems just and proper.

Dated this 11th day of August 2025.

          MEDICARE HEALTH ADVISORS LLC, Defendant

By: */s/ Victoria H. Buter*
Victoria H. Buter (#AT0009169)
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, Nebraska 68102-2186
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
vicki.buter@kutakrock.com

James A. Peterson, Esq.
*(pro hac application forthcoming)*
PETERSON LEGAL P.A.
5079 North Dixie Highway, Suite 105
Oakland Park, Florida 33334
Telephone: (754) 444-8076
james@petersonlegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2025, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to the following attorneys registered with the CM/ECF system:

| | |
|---|---|
| Eric S. Mail, Esq.<br>PURYEAR LAW P.C.<br>3719 Bridge Avenue, Suite 6<br>Davenport, Iowa 52807<br>mail@puryearlaw.com | Anthony Paronich, Esq.<br>PARONICH LAW, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA  02043<br>anthony@paronichlaw.com |

        */s/ Victoria H. Buter*
        Victoria H. Buter

4934-2329-4557.1