IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated, | Case No. 4:25-cv-00207-RGE-HCA |
| Plaintiff, | **DEFENDANT MEDICARE HEALTH ADVISORS LLC'S MOTION TO BIFURCATE DISCOVERY** |
| v. | |
| MEDICARE HEALTH ADVISORS LLC, | |
| Defendant. | |

Pursuant to Fed. R. Civ. P. 1, 16(b)(2)(ii), and 26(c), Defendant Medicare Health Advisors LLC ("Medicare Health") respectfully moves to bifurcate discovery in the above-captioned matter, and states as follows:

1.  In his putative class action complaint, Plaintiff Toby Hoy ("Plaintiff") seeks relief from Medicare Health under: (1) under the "Regulated Technology" provision of the Telephone Consumer Protection Act ("TCPA") for allegedly using a "robot" (also known as a prerecorded) voice; (2) under the National "Do Not Call" ("DNC") Registry (hereafter, the "Registry") provision of the TCPA for "solicitation" calls allegedly made to him without his consent; and (3) for using an automated system or recorded message under the Florida Telephone Solicitations Act ("FTSA") for "solicitation" calls allegedly made to him without his consent.

2.  Plaintiff seeks nationwide class treatment on all counts. ECF No. 1, ¶¶ 80-96.

3.  For the reasons provided in its Brief in Support of Motion to Bifurcate, including judicial and party economy, Medicare Health seeks to bifurcate discovery in this matter, allowing the parties to initially focus discovery on narrowly-tailored issues relevant to the merits of Plaintiff's individual TCPA and FTSA claims and then

1

resolve those claims through summary judgment motion practice if appropriate, before conducting broader discovery (if at all).

4.    As such, Medicare Health proposes that an initial discovery phase, to occur for a period of ninety (90) days after the Court grants this Motion, be ordered and limited to (i) whether Plaintiff consented to receiving the calls at issue—*i.e.,* whether he received an actionable "telephone solicitation" or provided his "prior express invitation or permission" within the meaning of the TCPA's provisions, related implementing regulations, and the FTSA's meaning; (ii) whether Plaintiff qualifies as a "residential telephone subscriber" within the meaning of the TCPA's DNC regulations; (iii) whether the subject number was properly registered on the National DNC Registry—*e.g.,* who registered it, when, and if it was even allowed to be on the Registry if it is not a "residential" line; (iv) whether Plaintiff heard a "robot" voice during the calls; and (v) whether Plaintiff has standing to bring his claim or would be an appropriate class representative.

5.    After this initial phase, the parties would submit, and the Court would rule on, motions for summary judgment on the foregoing, narrow case-dispositive issues.

6.    As set forth in Medicare Health's supporting Brief, such a bifurcated discovery schedule—which are routinely entered in TCPA cases like this—would be much more efficient, conserve judicial and party resources, and possibly lead to a swifter resolution of this entire case.

7.    In support of this Motion, Medicare Health relies upon its Brief in Support, supporting Declaration, and corresponding exhibits, filed contemporaneously

herewith. A proposed order has also been filed herewith, for the Court's consideration.

8.     Pursuant to Local Rule 7(k), Mr. James Peterson, counsel for Medicare Health conferred with counsel for Plaintiff via telephone on October 6, 2025, and Plaintiff does not consent to this motion.

WHEREFORE, Medicare Health Advisors LLC respectfully requests that the Court enter an Order bifurcating discovery as set forth in the Proposed Order, and for such other relief as the Court deems just and equitable.

Dated this 10th day of October 2025.

                              MEDICARE HEALTH ADVISORS LLC,
                              Defendant

                        By: */s/ Victoria H. Buter*
                              Victoria H. Buter (#AT0009169)
                              KUTAK ROCK LLP
                              The Omaha Building
                              1650 Farnam Street
                              Omaha, Nebraska 68102-2186
                              Telephone: (402) 346-6000
                              Facsimile: (402) 346-1148
                              vicki.buter@kutakrock.com

                              James A. Peterson, Esq.
                              *(admitted pro hac vice)*
                              PETERSON LEGAL P.A.
                              5079 North Dixie Highway, Suite 105
                              Oakland Park, Florida 33334
                              Telephone: (754) 444-8076
                              James@PetersonLegal.com

4907-9110-1553.1

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2025, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to the following attorneys registered with the CM/ECF system:

Eric S. Mail, Esq.
PURYEAR LAW P.C.
3719 Bridge Avenue, Suite 6
Davenport, Iowa 52807
mail@puryearlaw.com

Anthony Paronich, Esq.
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

*/s/ Victoria H. Buter*
Victoria H. Buter

4907-9110-1553.1