IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDICARE HEALTH ADVISORS LLC,<br><br>Defendant. | Case No. 4:25-cv-00207-RGE-HCA |

**BRIEF IN SUPPORT OF**
**<u>DEFENDANT'S MOTION TO BIFURCATE DISCOVERY</u>**

TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................... 1

II. ARGUMENT ........................................................................................................... 4

    a. This Court Has Broad Discretion to Bifurcate Discovery, and Many Courts Have Done So In Appropriate TCPA Cases For Efficiency Purposes ........................................................................................................ 4

    b. Bifurcation Is Warranted Here Because It Will Drive A Just, Speedy, Inexpensive, and Efficient Resolution of This Entire Case ................................ 7

    c. Medicare Health Proposes a Ninety-Day Bifurcated Discovery Period on the Merits of Plaintiff's Individual Claim, Followed by Summary Judgment Briefing................................................................................................ 10

    d. Additional "Good Cause" Exists for Bifurcating Discovery ............................... 12

III. CONCLUSION...................................................................................................... 13

## TABLE OF AUTHORITIES

Page

### FEDERAL CASES

*Adam v. CHW Grp., Inc.*,
  2021 WL 7285904 (N.D. Iowa June 29, 2021) .................................................. 2, 5
*Akselrod v. MarketPro Homebuyers LLC*,
  2021 WL 100666 (D. Md. Jan. 12, 2021) ............................................. 5-6, 9, 11-12
*Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*,
  2018 WL 3474444, at *5-6 (N.D. Ill. July 19, 2018) ............................................ 4, 8
*Babare v. Sigue Corp.*,
  2020 WL 8617424 (W.D. Wash. Sept. 30, 2020) ................................................. 12
*Bank v. City of Menasha*,
  627 F.3d 261 (7th Cir. 2010) ................................................................................. 12
*Canady v. Bridgecrest Acceptance Corp.*,
  2020 WL 5249263 (D. Ariz. Sept. 3, 2020) ........................................................... 13
*Chenault v. Beiersdorf, Inc.*,
  2020 WL 5016795 (S.D. Ohio, Aug. 24, 2020) ....................................................... 9
*Clinton v. Jones*,
  520 U.S. 681 (1997) ................................................................................................ 4
*Crawford-El v. Britton*,
  523 U.S. 574 (1998) ................................................................................................ 4
*Guido v. Travelers Cos. Inc.*,
  2023 WL 5658920 (E.D. Ky. Aug. 31, 2023) ......................................................... 5
*Harris v. Shore Funding Sols. Inc.*,
  2023 WL 3440077 (E.D.N.Y. Apr. 21, 2023) ......................................................... 8
*Hines v. Joy Mfg. Co.*,
  850 F.2d 1146 (6th Cir. 2007) ................................................................................. 5
*Katz v. Liberty Power Corp., LLC*,
  2019 WL 957129 (D. Mass. Feb. 27, 2019) .................................................... 5-6, 11
*Krakauer v. Dish Network, L.L.C.*,
  No. 18-1518, 925 F.3d 643, 2019 WL 2292196 (4th Cir. (N.C.) May 30,
  2019) ........................................................................................................................ 7
*Laccinole v. International Union of Police Associations AFL-CIO*,
  No. CV 21-240-JJM-LDA, 638 F. Supp. 3d 110, 2022 WL 14812545 (D.R.I.
  Oct. 26, 2022) ......................................................................................................... 7
*Larson v. Burlington N. & Santa Fe Ry. Co.*,
  210 F.R.D. 663 (D. Minn. 2002) ............................................................................. 2
*Leschinsky v. Inter-Continental Hotels Corp.*,
  2015 WL 6150888 (M.D. Fla. Oct. 15, 2015) .................................................... 6, 11
*Mantha v. QuoteWizard.com, LLC*,
  2020 WL 4369701 (D. Mass. July 30, 2020) ......................................................... 11
*Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*,
  197 F.3d 922 (8th Cir. 1999) ................................................................................... 4

*Moore v. Demand Science Grp, LLC*,
  2024 WL 175743 (N.D. Ill. Jan. 4, 2024) ................................................................................9
*Newell v. Aliera Healthcare, Inc.*,
  2020 WL 13568762 (N.D. Ga. Apr. 6, 2020) ..............................................................3, 7-8, 11-12
*Nunes v. Lizza*,
  2020 WL 6938825 (N.D. Iowa July 23, 2020) ........................................................................4
*Osidi v. Assurance IQ, LLC*,
  2022 WL 623733 (D. Mass. Mar. 3, 2022) ......................................................................3, 5, 8
*Pavelka v. Paul Moss Ins. Agency, LLC*,
  2023 WL 3728199 (N.D. Ohio May 30, 2023) ....................................................................5, 11
*Physicians Healthsource, Inc. v. Anda, Inc.*,
  2012 WL 7856269 (S.D. Fla. 2012) .........................................................................................6
*Physicians Healthsource, Inc. v. Janssen Pharmaceuticals, Inc.*,
  2014 WL 413534 (D.N.J. Feb. 4, 2014) ..............................................................................3, 6, 9
*Raimo v. Washington Univ. in St. Louis*,
  2021 WL 243559 (E.D. Mo. Jan. 25, 2021) ...........................................................................13
*Rombough v. Robert D. Smith Insurance Agency, Inc.*,
  No. 22-CV-15-CJW-MAR, 2022 WL 2713278 (N.D. Iowa June 09, 2022) ..........................7
*Shelton v. Target Advance LLC*,
  No. CV 18-2070, 2019 WL 1641353 (E.D. Pa. Apr. 16, 2019) ..............................................7
*Shields v. Sonora Quest Lab'ys, LLC*,
  2017 WL 3841489 (D. Ariz. Mar. 29, 2017) ........................................................................1, 7
*Steinbuch v. Cutler*,
  518 F.3d 580 (8th Cir. 2008) ...................................................................................................4
*Stoops v. Wells Fargo Bank, N.A.*,
  No. CV 3:15-83, 197 F. Supp. 3d 782, 2016 WL 3566266 (W.D .Pa. June 24,
  2016) ........................................................................................................................................7
*Van Patten v. Vertical Fitness Grp., LLC*,
  847 F.3d 1037 (9th Cir. 2017) .................................................................................................1

### STATE CASES

*Greene v. Select Funding, LLC*,
  No. 2:20-CV-07333-RGK-KS, 2021 WL 4926495 (C.D. Cal. Feb. 05, 2021) ........................7

### FEDERAL STATUTES

Telephone Consumer Protection Act .................................................................................... 1-12

### STATE STATUTES

Florida Telephone Solicitations Act ..................................................................... 1-4, 7, 10-11

### OTHER AUTHORITIES

Fed. R. Civ. P. 1 .................................................................................................................1, 3, 8
Fed. R. Civ. P. 16(b)(2)(ii) .........................................................................................................1
Fed. R. Civ. P. 26(c) ..............................................................................................................1, 4

ii

4899-8226-3153.1

Fed. R. Civ. P. 26(c)(1) ................................................................................................................... 4
Fed. R. Civ. P. 42(b) ..................................................................................................................... 11
Fed. R. Civ. P. 45 ......................................................................................................................... 13

Pursuant to Fed. R. Civ. P. 1, 16(b)(2)(ii), and 26(c), Defendant Medicare Health Advisors LLC ("Medicare Health") respectfully moves to bifurcate discovery in the above-captioned matter. In support, Medicare Health respectfully states as follows:

## I.    INTRODUCTION

This case is a prime candidate for bifurcated discovery—where the parties would initially focus discovery on narrowly-tailored issues relevant to the merits of Plaintiff's individual claim, before conducting broader discovery (if at all)—as it would be much more efficient, conserve judicial and party resources, and possibly lead to a swifter resolution of this entire case.

In his putative class action complaint, Plaintiff Toby Hoy ("Plaintiff") seeks relief from Medicare Health 1) under the "Regulated Technology" provision of the Telephone Consumer Protection Act ("TCPA") for allegedly using a "robot" (also known as a prerecorded) voice, 2) under the National "Do Not Call" ("DNC") Registry (hereafter, the "Registry") provision of the TCPA for "solicitation" calls allegedly made to him without his consent, and 3) for using an automated system or recorded message under the Florida Telephone Solicitations Act ("FTSA") for "solicitation" calls allegedly made to him without his consent. Plaintiff seeks nationwide class treatment on all counts. ECF No. 1, ¶¶ 80-96.

A consumer's "consent" "is a **complete defense** to [any] TCPA claim." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017) (emphasis added); *see also Shields v. Sonora Quest Lab'ys, LLC*, 2017 WL 3841489, at *10 (D. Ariz. Mar. 29, 2017) (granting summary judgment and denying class certification in TCPA case where plaintiff consented, holding that "Plaintiff's claims do not succeed and she, therefore, is not a member of the class."). For Plaintiff to prevail on the merits of his asserted claims, and to be a member of the proposed class in the present case, all of the alleged calls must have been made without his consent, among other things.

Here, Plaintiff will not be able to meet this requirement (and others). As a result, his entire claim will fail on its merits and class certification will not be possible, for several reasons. First, Medicare Health has evidence suggesting that Plaintiff, or someone acting on his behalf, consented to receiving the phone calls at issue. *See* Declaration of Max Jaffy ("Jaffy Decl.") at ¶ 7, Ex. 1. Second, while Plaintiff's Complaint claims he heard a "robot" when he answered the alleged phone calls (see ECF No. 1, ¶¶ 45, 48), a review of the call recordings clearly show no prerecorded or "robot" voices were used. (Jaffy Decl. at ¶ 8). These two key issues go directly to the heart of Plaintiff's TCPA and FTSA claims here.

In short, whether Plaintiff consented or heard a "robot" voice are critical threshold dispositive issues (among other issues discussed herein or uncovered during discovery). If Plaintiff did consent, ***this entire case is over***, regardless of whether Defendant used prerecorded voices. As a result, Medicare Health submits there is no reason why the parties or the Court should be burdened with conducting unnecessary, costly, and time-consuming discovery beyond the limited discovery needed to resolve these narrow case-dispositive questions, among other issues unique to Plaintiff's individual TCPA and FTSA claims for which no class discovery is needed to resolve.

As demonstrated below, such bifurcated discovery approaches have been approved by numerous federal courts (including courts in the Eight Circuit), especially in TCPA cases like this one, for the sake of judicial and party economy. These courts have correctly recognized that it is often more efficient for the parties and courts to address and resolve narrow case-dispositive issues specific to the named plaintiff first in appropriate TCPA cases, and that class discovery is not necessary to determine such issues. *See, e.g.*, *Adam v. CHW Grp., Inc.*, 2021 WL 7285904, at *3 (N.D. Iowa June 29, 2021) (granting motion to bifurcate in TCPA case) (citing *Larson v.*

2

*Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 665 (D. Minn. 2002) ("[W]e conclude that the mandate of Rule 1, Federal Rules of Civil Procedure, is best implemented by bifurcated discovery—that is, by completing discovery as to the claims of the four named-Plaintiffs, prior to extensive discovery on the merits of the 'class claims.'")); *Osidi v. Assurance IQ, LLC*, 2022 WL 623733, at *2 (D. Mass. Mar. 3, 2022) (same, holding that "the need for class discovery may be eliminated if [d]efendant is able to demonstrate that the [n]amed [p]laintiff lacks viable individual claims" and "class discovery is not necessary to address certain issues that may be dispositive of [p]laintiff's individual claims or ability to bring the asserted class claims, including whether [plaintiff] specifically consented to receive telephone calls regarding insurance quotations…"); *Newell v. Aliera Healthcare, Inc.*, 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020) (same, holding: "Because consent is a dispositive issue …, limited discovery on how [defendants] acquired [p]laintiff's contact information and whether that acquisition constitutes consent under the TCPA 'has the potential to save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery.'") (quoting *Physicians Healthsource, Inc. v. Janssen Pharmaceuticals, Inc.*, 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014)). This is such a case.

Further, a short initial bifurcated discovery period here, during which the parties focus on the merits of Plaintiff's individual TCPA and FTSA claims for the first phase for 90 days, would not prejudice Plaintiff or Medicare Health at all; and it would further conserve judicial resources by avoiding discovery disputes that may (and would) be unnecessary if Plaintiff's claim is dismissed. By contrast, Medicare Health will suffer severe hardship if forced to engage in costly and burdensome class and other broad discovery, of which it will undoubtedly bear the most burden and expense (Jaffy Decl. at ¶ 10), that will likely be rendered moot if (and when) Plaintiff's individual TCPA and FTSA claims fail on summary judgment.

In short, Medicare Health submits there is ample "good cause," for the sake of efficiency, for this Court to exercise its broad discretion under Rule 26(c) to bifurcate discovery, so the parties can first resolve the validity of Plaintiff's individual TCPA and FTSA claims before engaging in much more costly and expansive class discovery, if at all.

**II.   ARGUMENT**

As shown below, in light of the need to resolve the narrow case-dispositive questions of whether Plaintiff consented to the calls at issue and whether Defendant used prerecorded voices under the TCPA and FTSA, and given the significant prejudice to Medicare Health of conducting broader and potentially wasteful discovery, this Court should exercise its discretion and bifurcate discovery going forward in this case.

    **a.   This Court Has Broad Discretion to Bifurcate Discovery, and Many Courts Have Done So In Appropriate TCPA Cases For Efficiency Purposes.**

Federal courts unquestionably have broad discretion to control their dockets under Rule 26(c), including the discretion to bifurcate or otherwise structure the timing and scope of discovery. *See, e.g.*, *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999); *Nunes v. Lizza*, 2020 WL 6938825, at *1 (N.D. Iowa July 23, 2020) (citing *Steinbuch v. Cutler*, 518 F.3d 580, 588 (8th Cir. 2008)). *See also* Fed. R. Civ. P. 26(c)(1) (courts "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). Courts have found that exercising this discretion is appropriate in cases where, as here, (i) "some limited, first-stage [discovery] could stave off substantial wasted efforts" (*Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, 2018 WL 3474444, at *5–6 (N.D. Ill. July 19, 2018)), and/or (ii) bifurcation "serves judicial economy

and does not unfairly prejudice any party" (*Guido v. Travelers Cos. Inc.*, 2023 WL 5658920, at *1 (E.D. Ky. Aug. 31, 2023) (citing *Hines v. Joy Mfg. Co.*, 850 F.2d 1146, 1152 (6th Cir. 2007))).

Further, federal courts across the country and in this Circuit have often bifurcated discovery in TCPA cases such as this one for efficiency purposes, so the parties can focus first on the narrow plaintiff-specific discovery necessary for the court to address the merits of the named plaintiff's claims before addressing broader issues, like class discovery. *See, e.g.*, *Adam*, 2021 WL 7285904, at *3 (finding that "this case may well benefit from some more moderate form of bifurcation"); *Pavelka v. Paul Moss Ins. Agency, LLC*, 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023) (noting: "In cases asserting both individual liability and potential 'class action' claims under the TCPA, courts have often approved bifurcating discovery in such cases where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery."; and holding that, because the plaintiff's consent was an issue unique to her, "bifurcation of discovery to first address the individual [TCPA] liability claims, and then to entertain possible summary judgment motion practice on Plaintiffs' individual claims, prior to class action discovery, is appropriate"); *Osidi*, 2022 WL 623733, at *2 (bifurcating discovery in TCPA case, noting: "[T]he need for class discovery may be eliminated if [d]efendant is able to demonstrate that the [n]amed [p]laintiff lacks viable individual claims."); *Akselrod v. MarketPro Homebuyers LLC*, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021) (bifurcating discovery in TCPA class action on the merits of plaintiff's individual claim, noting "[l]imited discovery has the potential to simplify the case and to save both parties the time and expense of class discovery"); *Katz v. Liberty Power Corp., LLC*, 2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019) (bifurcating discovery in TCPA class action where doing so served the interests of justice, as class discovery was not needed to address certain issues that may be dispositive of the plaintiff's individual claim) (citing various cases);

*Leschinsky v. Inter-Continental Hotels Corp.*, 2015 WL 6150888, at *2 (M.D. Fla. Oct. 15, 2015) (bifurcating discovery in TCPA class action where "Defendants ha[d] presented evidence suggesting that [plaintiff's] TCPA claims are without merit as a matter of law" and, thus, finding that "Defendants' arguments in favor of a bifurcated discovery process [we]re well-taken"); *Physicians Healthsource, Inc.*, 2014 WL 413534, at *5 (recognizing, in TCPA class case, that "bifurcating discovery into two phases will promote the efficient resolution of this matter" and granting motion to bifurcate, with an initial phase focused on whether the subject communications were actionable, reasoning that resolution of that "narrow, potentially dispositive issue" could obviate the need for costly class discovery); *Physicians Healthsource, Inc. v. Anda, Inc.*, 2012 WL 7856269, at *2 (S.D. Fla. 2012) (ordering in TCPA case: "in the interests of efficiency, Defendant should be allowed to conduct discovery on and submit a dispositive motion as to Plaintiff's individual claims" with "a schedule for class certification briefing [to] be set after Defendant's dispositive motion is resolved.").

These courts (and many others) have astutely recognized that there are often narrow case-dispositive issues in TCPA cases that are unique to the named plaintiff—*e.g.*, if the plaintiff consented to receive the calls at issue—that can be efficiently and quickly resolved through focused bifurcated discovery, and for which burdensome class discovery is not necessary to resolve. *See, e.g.*, *Katz*, 2019 WL 957129, at *2 ("[C]lass discovery is not necessary to address certain issues that may be dispositive of Plaintiffs' individual claims or ability to bring the asserted class claims, including whether the phone numbers at issue are within the TCPA, whether named [p]laintiffs' are within the classes they purport to represent, and whether any named [p]laintiffs with a viable claim can demonstrate the Court's jurisdiction to resolve that claim."); *Akselrod*, 2021 WL 100666, at *2 (bifurcating discovery in TCPA class action after determining that there

6

were narrow issues of liability unique to the named plaintiff distinct from class certification issues). As one such court aptly noted, "any prejudice to Plaintiff [because of bifurcated discovery] is significantly outweighed by the potential burdens and costs associated with unnecessary class action discovery" that Medicare Health will face here. *Newell*, 2020 WL 13568762, at *3. Applying these well-settled principles, Medicare Health respectfully submits that bifurcated discovery is particularly appropriate in this case.

   **b.**  **Bifurcation Is Warranted Here Because It Will Drive A Just, Speedy, Inexpensive, and Efficient Resolution of This Entire Case.**

If targeted bifurcated discovery shows that Plaintiff consented to the calls at issue, that fact would dispose of this entire case quickly, efficiently, and at an early stage without the need for additional expense or burden on the parties or Court. This alone justifies bifurcating discovery here.

Indeed, as noted above, if (for example) the targeted bifurcated discovery Medicare Health seeks through this Motion proves Plaintiff consented, then Plaintiff's entire TCPA *and* FTSA claims quickly collapse and fail as a matter of law, both on the merits and on standing grounds. And if Plaintiff's individual claim fails, he cannot represent the proposed classes either. *See, e.g.*, *Shelton v. Target Advance LLC*, No. CV 18-2070, 2019 WL 1641353 (E.D. Pa. Apr. 16, 2019), at *5–6; *Krakauer v. Dish Network, L.L.C.*, No. 18-1518, 925 F.3d 643, 2019 WL 2292196 (4th Cir. (N.C.) May 30, 2019); *Rombough v. Robert D. Smith Insurance Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 WL 2713278 (N.D. Iowa June 09, 2022); *Laccinole v. International Union of Police Associations AFL-CIO*, No. CV 21-240-JJM-LDA, 638 F. Supp. 3d 110, 2022 WL 14812545 (D.R.I. Oct. 26, 2022), at *3-4; *Stoops v. Wells Fargo Bank, N.A.*, No. CV 3:15-83, 197 F. Supp. 3d 782, 2016 WL 3566266 (W.D .Pa. June 24, 2016); *Greene v. Select Funding, LLC*, No. 2:20-CV-07333-RGK-KS, 2021 WL 4926495 (C.D. Cal. Feb. 05, 2021); *Shields*, 2017 WL

7

3841489, at *10; *Osidi*, 2022 WL 623733, at *2; *Newell*, 2020 WL 13568762, at *3. In short, this is a lynchpin issue that should be the focus of the parties' initial discovery efforts.

While Medicare Health acknowledges bifurcation may not be "universally appropriate" in all cases (*Am.'s Health*, 2018 WL 3474444, at *6), this is not a routine "merits" versus "class" bifurcation request, especially as the threshold issue of Plaintiff's Article III standing under the TCPA is in serious doubt here (among other things). Medicare Health respectfully submits that the parties and Court would greatly benefit from bifurcated discovery given the circumstances in this particular case. As one court held in a TCPA case, "bifurcating discovery into two phases"—*i.e.*, limited discovery as to Plaintiff's individual claim, followed by class discovery if Plaintiff's individual claim manages to survive summary judgment—"will promote the efficient resolution of this matter" and will cause "no significant prejudice to Plaintiff" or duplicative effort here. *Newell*, 2020 WL 13568762, at *3. *See also Harris v. Shore Funding Sols. Inc.*, 2023 WL 3440077, at *5 (E.D.N.Y. Apr. 21, 2023) (finding "good cause" in a TCPA case for "limited discovery related to Plaintiff's individual claim" because "such discovery would not result in duplication of efforts or substantially overlap with class discovery" and would better serve the purposes of Rule 1, speed and efficiency).

In stark contrast, conducting broad discovery (especially class discovery) is not relevant or "necessary to address certain issues that may be dispositive of Plaintiff's individual claims or [his] ability to bring the asserted class claims" in this case, including the narrow dispositive issues of whether Plaintiff consented or heard a "robot" voice during the calls, among others. *Osidi*, 2022 WL 623733, at *2. And it would certainly be far less efficient to conduct such broad discovery here, when the narrow-bifurcated discovery Medicare Health proposes would lead to a faster resolution of this matter. *See, e.g.*, *Harris, supra*; *Newell*, 2020 WL 13568762, at *3 (noting that

8

focusing the parties' initial discovery efforts on the merits of plaintiff's TCPA individual claim "'has the potential to save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery.'") (quoting *Physicians Healthsource, Inc.*, 2014 WL 413534, at *4); *Akselrod*, 2021 WL 100666, at *2 (finding that focusing the initial phase discovery on the merits of plaintiff's individual TCPA claim would be more efficient).

Lastly, while Plaintiff may argue otherwise in response hereto, any "overlap" between "merits" and "class discovery" would be minimal at best (if there is any at all), and courts have consistently rejected this as a reason for denying motions to bifurcate discovery in TCPA cases, as the multiple authorities cited above and others show. *See also Moore v. Demand Science Grp, LLC*, 2024 WL 175743, at *1 (N.D. Ill. Jan. 4, 2024) (granting motion to bifurcate discovery in a similar TCPA DNC case, with the initial phase to focus on whether the subject phone number is a "residential" line, holding that: "The Court is concerned about wholly unnecessary discovery, so it grants the motion for bifurcation … because it is more efficient to proceed with the limited and targeted discovery as proposed by Defendant given that the overlap between the proposed initial discovery and merits discovery is minimal."); *Chenault v. Beiersdorf, Inc.*, 2020 WL 5016795, at *3 (S.D. Ohio, Aug. 24, 2020) (granting motion to bifurcate discovery in non-TCPA case, and holding: "[t]he fact that class and merits-based discovery will … inevitably be intertwined to some extent does not necessitate denying a motion to bifurcate…").

Indeed, as discussed above and further below, what Medicare Health proposes here is that the parties initially conduct narrowly tailored discovery only on issues unique to *Plaintiff's* individual claim. Class-wide discovery is not needed on those narrow dispositive issues, any one of which could quickly resolve this entire case in one fell swoop.

9

### c. **Medicare Health Proposes a Ninety-Day Bifurcated Discovery Period on the Merits of Plaintiff's Individual Claim, Followed by Summary Judgment Briefing.**

Medicare Health proposes a short "Phase 1" bifurcated discovery period focused on the merits of Plaintiff's individual TCPA and FTSA claims against Medicare Health, followed by the filing of appropriate summary judgment motions. Medicare Health envisions that discovery during this initial period would be targeted primarily at determining the narrow case dispositive issues of: (i) whether Plaintiff consented to receiving the calls at issue—*i.e.*, whether he received an actionable "telephone solicitation" or provided his "prior express invitation or permission" within the meaning of the TCPA's provisions, related implementing regulations, and the FTSA's meaning; (ii) whether Plaintiff qualifies as a "residential telephone subscriber" within the meaning of the TCPA's DNC regulations; (iii) whether the subject number was properly registered on the National DNC Registry—*e.g.*, who registered it, when, and if it was even allowed to be on the Registry if it is not a "residential" line; (iv) whether Plaintiff heard a "robot" voice during the calls; and (v) whether Plaintiff has standing to bring his claim or would be an appropriate class representative, especially given his deceptive conduct during one of the alleged calls. Much, if not most (or perhaps even all), of this information should already be in the possession, custody or control of Plaintiff himself or his phone carrier, and it should be quick and cost-effective for Plaintiff to obtain and produce in bifurcated discovery. Moreover, if this targeted discovery shows Plaintiff consented, could not have possibly heard a "robot" voice, does not qualify as a residential subscriber, or lacks standing, then summary judgment motion practice and the Court's ruling on these issues would likely be simple and swift, too. And in any event, Plaintiff could (and indeed should) simply voluntarily dismiss his claim well before then, as he would have no factual basis for continuing to litigate further, let alone to oppose Medicare Health's summary judgment motion.

4899-8226-3153.1

Either way, it is readily apparent that bifurcated discovery would be far more efficient and cost effective for all given the circumstances here and may well bring a prompt end to this case.[1]

Thus, as is reflected in the attached proposed order, Medicare Health proposes Phase 1 discovery on the merits of Plaintiff's individual TCPA and FTSA claims against Medicare Health, to occur for a short period of **90 days**, after which the Parties would submit, and the Court would rule on, motions for summary judgment on the foregoing narrow case-dispositive issues. Should Plaintiff's individual claim survive summary judgment at all, then the parties could meet with the Court thereafter to discuss next steps and set a further schedule. Courts have entered similar bifurcated discovery schedules in appropriate TCPA cases for efficiency purposes. *See, e.g.*, *Pavelka*, 2023 WL 3728199, at *3 ("The Court finds that bifurcation of discovery to first address the individual liability claims, and then to entertain possible summary judgment motion practice on Plaintiffs' individual claims, prior to class action discovery, is appropriate under Fed. R. Civ. P. 42(b). The Court also finds that the parties should be given an opportunity to complete discovery on Plaintiffs' individual liability claims prior to any summary judgment motion practice that may be initiated on those individual claims at a later date."); *Newell*, 2020 WL 13568762, at *3 (ruling similarly); *Leschinsky*, 2015 WL 6150888, at *1 (granting bifurcated discovery for 90 days in a TCPA case to determine whether the named plaintiff had an actionable TCPA claim); *Akselrod*, 2021 WL 100666, at *2 (allowing roughly 90 days for the first phase devoted to the merits of plaintiff's individual TCPA claims and the second phase to class discovery); *Katz*, 2019 WL 957129, at *2 (same); *Mantha v. QuoteWizard.com, LLC*, 2020 WL 4369701, at *3 (D. Mass. July

---

[1] For example, the Osidi case discussed above was voluntarily dismissed two months after the court bifurcated discovery. See Case No. 1:21-cv-11320-ADB (D. Mass May 4, 2022), Dkt. 32. In short, summary judgment briefing may not even be needed after bifurcated discovery.

11

30, 2020) (same). This Court should rule similarly in this instance and enter the proposed bifurcated schedule.

        **d.**      **Additional "Good Cause" Exists for Bifurcating Discovery.**

Good cause also exists to bifurcate discovery and defer broader discovery in this case because this is a putative nationwide class action. As one court commented in a putative TCPA case "*[i]t is well-recognized that discovery in class actions is expensive and asymmetric, with defendants bearing most of the burdens*." *Babare v. Sigue Corp.*, 2020 WL 8617424, at *2 (W.D. Wash. Sept. 30, 2020) (emphasis added). *See also Akselrod*, 2021 WL 100666, at *2 (noting in a TCPA case that class discovery "can be particularly resource intensive"); *Bank v. City of Menasha*, 627 F.3d 261, 266 (7th Cir. 2010) (noting that class action plaintiffs can sometimes "us[e] discovery to impose asymmetric costs on Defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit").

As applied here, Plaintiff seeks to represent countless numbers of putative class members *nationwide* (*see* ECF No. 1, ¶ 66), which undoubtedly increases the scope of discovery and thus will lead to potentially unnecessary costs and wasted party resources. But forcing Medicare Health to respond to Plaintiff's broad class discovery, which is very broad and national in scope (Jaffy Decl. ¶ 10, Ex. 2), now would be inherently and highly prejudicial to Medicare Health when that discovery could all be rendered moot if individual discovery resolves the case, as is likely given the circumstances in this case. (Jaffy Decl. ¶ 10). All this can be determined and confirmed efficiently by focusing the initial discovery phase on the merits of Plaintiff's claim.

Meanwhile, Plaintiff will suffer no prejudice if the Court bifurcates discovery in this case, nor can Plaintiff credibly argue otherwise. *See, e.g.*, *Newell*, 2020 WL 13568762, at *3 ("While Plaintiff raises concern over delay and the possibility that evidence will be lost or destroyed, these concerns are not overly persuasive. As parties to this lawsuit, both [defendants] are on notice to

12

preserve evidence pertaining to this matter."); *Canady v. Bridgecrest Acceptance Corp.*, 2020 WL 5249263, at *4 (D. Ariz. Sept. 3, 2020) (noting the legal obligation to preserve evidence reduces the risk of evidence being destroyed, lost, corrupted, or forgotten); *Raimo v. Washington Univ. in St. Louis*, 2021 WL 243559, at *1 (E.D. Mo. Jan. 25, 2021) ("The risk of lost evidence or diminished witness recall is … relatively low in a case based on events that took place so recently."). In short, any concern about the risk of any lost evidence in this case that Plaintiff could raise in response to this Motion would be purely theoretical and hypothetical at best, and is of no moment to bifurcation.

Finally, Plaintiff and his counsel should be equally interested (if not more so) in determining whether they can demonstrate Plaintiff's consent and that he has standing to represent the classes alleged, or if their inability to do so will be a complete bar to his claims, early on before embarking on expensive and time-consuming class discovery. Again, the limited discovery necessary to resolve these issues is likely within Plaintiff's possession, custody or control, and/or is accessible to and obtainable by Plaintiff himself (*e.g.*, Plaintiff's phone and internet records, which can be easily obtained from his phone carrier or internet provided via Rule 45 subpoena); and these issues do not require any discovery from Medicare Health or class discovery to resolve. Thus, any attempt by Plaintiff to argue "prejudice" from bifurcated discovery under these circumstances is far outweighed by the extreme prejudice Medicare Health would suffer by conducting potentially wasteful, burdensome class discovery and should ring hollow.

### III. CONCLUSION

For all these reasons, and for such additional reasons as Medicare Health may present prior to the Court's ruling hereon, Medicare Health respectfully requests that the Court bifurcate discovery in accordance with the attached proposed order, or enter a substantially similar bifurcated discovery scheduling order, and grant all other just relief.

13

Dated this 10th day of October 2025.

    MEDICARE HEALTH ADVISORS LLC, Defendant

By: */s/ Victoria H. Buter*
Victoria H. Buter (#AT0009169)
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, Nebraska 68102-2186
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
vicki.buter@kutakrock.com

James A. Peterson, Esq.
*(pro hac application forthcoming)*
PETERSON LEGAL P.A.
5079 North Dixie Highway, Suite 105
Oakland Park, Florida 33334
Telephone: (754) 444-8076
james@petersonlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2025, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to the following attorneys registered with the CM/ECF system:

| | |
|---|---|
| Eric S. Mail, Esq.<br>PURYEAR LAW P.C.<br>3719 Bridge Avenue, Suite 6<br>Davenport, Iowa 52807<br>mail@puryearlaw.com | Anthony Paronich, Esq.<br>PARONICH LAW, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA  02043<br>anthony@paronichlaw.com |

    */s/ Victoria H. Buter*
    Victoria H. Buter