IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated, | : : : : : : : : : : : : : : | CIVIL ACTION FILE NO. 4:25-cv-00207-RGE-HCA |
| Plaintiff, | | |
| v. | | |
| MEDICARE HEALTH ADVISORS LLC | | |
| Defendant. | | |

**PLAINITFF'S OPPOSITION TO THE
<u>DEFENDANT'S MOTION TO BIFURCATE DISCOVERY</u>**

**Introduction**

Defendant Medicare Health Advisors, LLC ("Medicare Health" or "Defendant") asks this Court to split discovery into "individual" and "class" phases. This request is inconsistent with the Federal Rules and with binding and persuasive authority in this Circuit.

Late last year, the Western District of Missouri rejected nearly identical arguments in a TCPA case in *Robertson v. Mortgage Research Center, LLC d/b/a Veterans United*, Case No. 2:24-cv-04106-MDH, 2024 WL 5046604, at \*7 (W.D. Mo. Dec. 9, 2024), holding that "Plaintiff's claims and any potential class members' claims overlap" and that "class certification will be tied to the issues surrounding standing and the merits of the claims." Similarly, in *Negrete v. Florida Insurance Services, Inc.*, 2024 WL 470370 (S.D. Iowa Feb. 6, 2024), Magistrate Judge Stephen B. Jackson, Jr. denied a defendant's motion to bifurcate TCPA discovery finding that lacked good cause under Rule 16(b)(4), would delay and prejudice the plaintiff, and was "unilaterally beneficial to Defendant." Id. at \*6–7.

This Court should hold the same as bifurcation in TCPA actions wastes resources, creates discovery disputes, prejudices both plaintiffs and absent class members, and frustrates Rule 1's directive of a "just, speedy, and inexpensive" resolution.

## Background

On October 2, 2024, Plaintiff filed this action alleging that Defendant Medicare Health Advisors, LLC violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Florida Telephone Solicitation Act by placing multiple unsolicited telemarketing calls to his cellular telephone. (ECF No. 1 ¶¶ 15–19). At least one of the calls connected Plaintiff directly to a live agent who identified herself as "Amber from Medicare Health." (Id. ¶ 20).

Plaintiff's cell phone number has been continuously registered on the National Do Not Call Registry since 2017. (Id. ¶ 13). Plaintiff has never been a customer of Medicare Health, never provided the company his phone number, and never consented to receive calls. (*Id. ¶¶ 22–24*). Plaintiff brings his claim both individually and on behalf of a nationwide class of similarly situated consumers who, within the past four years, received similar unlawful calls from Medicare Health. (Id. ¶¶ 28–33).

The Defendant responded to the Plaintiff's discovery but has refused to produce any documentation necessary for an evaluation of the class claims while its motion remains pending. *See* <u>Exhibit 1</u>.

## Standard

Rule 42(b) allows bifurcation for convenience, to avoid prejudice, or to expedite and economize." The moving party bears the burden. *O'Dell v. Hercules Inc.*, 904 F.2d 1194, 1201 (8th Cir. 1990). The Eighth Circuit cautions that bifurcation is not to be routinely ordered. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010).

Rule 26(b)(1) permits discovery into any nonprivileged matter relevant and proportional to the needs of the case. Defendants resisting discovery must support "undue burden" objections with specifics. *Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 664–66 (D. Minn. 2002). Mere speculation about burdens or dispositive motions is inadequate. *Konkol v. Educ. Comput. Sys.*, 2016 WL 6476932, at *12 (D. Minn. Oct. 25, 2016).

**Argument**

Courts in this Circuit consistently reject bifurcation in TCPA cases. In *Robertson*, Judge Harpool held that overlap between merits and class issues makes bifurcation improper. 2024 WL 5046604, at *7. Just last month in *Estate of Lokken v. UnitedHealth Group, Inc.,* 2025 WL 2607196 (D. Minn. Sept. 8, 2025, Magistrate Judge Elkins denied bifurcation where defendants sought to stage summary judgment first, explaining that such proposals assume success, risk duplication, and "would create more problems than [they] would solve." 2025 WL 2607196, at *10. And in *Negrete*, Magistrate Judge Jackson emphasized that Rule 16(b)(4)'s "good cause" standard requires diligence, and that late, defendant-favorable bifurcation motions are unjust, prejudicial, and inefficient. 2024 WL 470370, at *6–7.

I. **Bifurcation Would Waste Judicial Resources and Party Resources**

Defendant's proposal would ensure duplication. Plaintiff would be forced to conduct one round of "individual" discovery—requesting documents, deposing corporate representatives and vendors, and reviewing expert materials—only to repeat those same steps once the case proceeds to "class" discovery. Outbound call records, vendor contracts, dialer settings, and compliance scripts all bear on both Plaintiff's claim and the class claims. To split them into phases would require duplicative discovery.

3

. Indeed, "bifurcation of discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions." *Hartley-Culp v. Credit Mgmt. Co*, 2014 U.S. Dist. LEXIS 130308, *10 (W.D. Pa. September 15, 2014).

The Court could deny the motion to bifurcate for this reason alone. *See id.* (denying similar motion to bifurcate merits and class discovery in a TCPA case); *EQT Prod. Co. v. Terra Servs., LLC*, 2014 U.S. Dist. LEXIS 203680, *4 (W.D. Pa. October 21, 2014) ("Terra's proposal would likely result in deposing the same witnesses twice—once in the liability phase, and again in the damages phase. This is the definition of inconvenience, and the additional cost of duplicative depositions and document review combine to counsel against bifurcation in this case.").

Apart from the duplication of discovery outlined above, Defendant's proposal is bound to lead to additional discovery disputes and proceedings that would be completely unnecessary without bifurcation. There is significant overlap between discovery relevant to the merits of Plaintiff's individual claims and issues of class certification. Indeed, "[class certification] analysis will frequently entail overlap with the merits of the plaintiff's underlying claim . . . because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (internal citations and quotations omitted); *Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106, 2016 U.S. Dist. LEXIS 6778, at *6 (E.D.N.Y. Jan. 12, 2016) (denying motion to bifurcate merits and class discovery in TCPA action…"In fact, bifurcation would have the opposite effect."); *Lakeland Reg'l Med. Ctr. v. Astellas US*, LLC, 2011 U.S. Dist. LEXIS 16684, *4 (M.D. Fla. 2011) ("the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine."); Notes of Advisory Committee on 2003 Amendments to Fed. R. Civ.

Pro. 23(c)(1)(A) ("Active judicial supervision may be required" to avoid "an artificial and ultimately wasteful decision between 'certification discovery' and 'merits discovery.'"). As another Court ruled when denying a motion to bifurcate in a TCPA case earlier this year:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023).

Given this overlap, bifurcation would "belie principles of judicial economy, as the Court may be forced to spend time and resources resolving discovery disputes over what is 'merit' discovery as compared to 'class' discovery." *In re Plastics Additives Antitrust Litig.*, 2004 U.S. Dist. LEXIS 23989, *9 (E.D. Pa. November 29, 2004) (citing *In re Hamilton Bancorp. Inc. Securities Litigation*, 2002 WL 463314, at *1 (S.D. Fla. Jan. 14, 2002) (noting that "bifurcation of discovery may well-increase litigation expenses by protracting the completion of discovery, coupled with endless disputes over what is 'merit' versus 'class' discovery").

The Eighth Circuit has cautioned that bifurcation cannot be justified where it prolongs proceedings or causes parties to incur duplicative costs. *O'Dell v. Hercules Inc.*, 904 F.2d 1194, 1201 (8th Cir. 1990). The Manual for Complex Litigation likewise warns that separating class from merits discovery multiplies disputes and delays resolution. MCL 4th § 21.14.

This is not theoretical. In *Estate of Lokken v. UnitedHealth Group, Inc.*, defendants proposed to confine discovery to named plaintiffs and pursue summary judgment first. The District of Minnesota rejected the approach last month, explaining that efficiency depended on assumed summary-judgment success and that if unsuccessful, bifurcation would force plaintiffs to

"litigate discovery and summary judgment twice." 2025 WL 2607196, at *6–8. That is exactly what Defendant proposes here.

Similarly, in *Negrete v. Florida Insurance Services, Inc.*, Magistrate Judge Stephen B. Jackson, Jr. denied a TCPA defendant's motion to bifurcate was denied where the Court held that the motion was "unilaterally beneficial to Defendant," prejudicial to the plaintiff, and likely to delay the case rather than expedite it. 2024 WL 470370, at *6–7. Those same concerns apply here.

### II. Merits and Class Discovery Overlap

Defendant argues that Plaintiff can pursue "individual" discovery first, with class discovery to follow. However, the Eighth Circuit requires a "rigorous analysis" of Rule 23 at class certification. *Ebert v. General Mills, Inc.*, 823 F.3d 472, 477 (8th Cir. 2016). That analysis is "enmeshed" with merits issues. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011). In this case, the very same evidence—call logs, vendor records, dialer configurations, and compliance policies—simultaneously proves Plaintiff's individual claims and the Rule 23 requirements. *Robertson v. Mortgage Research Center, LLC* squarely rejected bifurcation for this reason, holding that "Plaintiff's claims and any potential class members' claims overlap." 2024 WL 5046604, at *7.

*Estate of Lokken* also illustrates why artificial separation is unworkable: it breeds constant disputes over whether requests are "class" or "merits," wastes judicial resources, and ultimately "creates more problems than it solves." 2025 WL 2607196, at *10. And *Negrete* shows that attempts to carve out narrow "first phases" in TCPA cases ignore the overlap and simply delay resolution while creating more discovery fights. 2024 WL 470370, at *6–7.

Other courts have agreed. *See, e.g.*, *Grippo v. Sugared + Bronzed, LLC*, No. SA CV 24-01792-AB (DFMX), 2025 WL 596095, at *2 (C.D. Cal. Feb. 24, 2025) (relying on several TCPA cases in rejecting a bifurcation of discovery holding, "the distinction between merits discovery and class discovery is not always clear, and many courts are, for this reason, reluctant to bifurcate class and merits discovery."); *Blair v. Assurance IQ LLC*, No. 23-16, 2023 WL 6622415, at *6 (W.D. Wash. Oct. 11, 2023); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 15-2057, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) ("[T]he distinction between class certification and merits discovery is murky at best and impossible to determine at worst.").

As another federal court held earlier this year while rejecting bifurcated discovery in a TCPA class action:

> Because individual and class discovery overlaps, the difficulty of drawing the line between the two is likely to cause further discovery disputes and place greater demands on the Court's time. This result also implicates the third factor, judicial economy, and weighs against bifurcation.

*Nock v. PalmCo Admin., LLC*, No. 24-CV-00662-RDB, 2025 WL 100894, at *3 (D. Md. Jan. 15, 2025). Likewise, while rejecting a substantially similar bifurcation request from a TCPA class action another court wrote:

> As to class certification under Rule 23, the Supreme Court has instructed that "certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-351, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)).
>
> And "[f]requently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim" because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* at 351 (cleaned up).

Considering *Dukes* and the "rigorous analysis" requirement for class certification, district courts have been reluctant to bifurcate class-related discovery from discovery on the merits. *See Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2018 U.S. Dist. LEXIS 2286, 2018 WL 501413 (C.D. Cal. Jan. 5, 2018) (declining to bifurcate discovery in TCPA case and stating that "the distinction between class certification and merits discovery is murky at best and impossible to determine at worst"); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (collecting cases).

In another TCPA case, *Cardenas v. Resort Sales by Spinnaker, Inc.*, No. 9:20-cv-00376-RMG, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393 (D.S.C. Feb. 24, 2021), the Court found that bifurcation would not serve the interests of judicial economy given the plaintiff's "persuasive argument that the evidence needed to determine whether [they] have a claim substantially overlaps with [their] ability to represent a class under [Rule] 23." *Cardenas*, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393, at *3.

Similarly, here, the undersigned already found that Folsom "may not avoid appropriate classwide discovery that is — as Bond persuasively argues — necessary for a future class certification motion." Dkt. No. 28. And, so, the Court agrees with Bond that bifurcation would not promote efficiency because there is considerable overlap between discovery relevant to the merits of his individual claims and issues of class certification. *Accord True Health Chiropractic, Inc. v. McKesson Corp.*, 2015 WL 273188, *2-3 (N.D. Cal. 2015) (declining to bifurcate a TCPA class action and noting that individual and class discovery claims typically overlap).

And, in light of the bulk of authority discussing the lack of a "bright line" distinction between merits and class discovery, bifurcation could lead to avoidable, future disputes over whether a particular discovery request relates to the merits or to class certification. *See Quinn v. Specialized Loan Servs., LLC*, 321 F.R.D. 324, 327-28 (N.D. Ill. 2017); *see also City of Pontiac General Employees' Retirement System v. Wal-Mart Stores, Inc.*, 2015 U.S. Dist. LEXIS 79392, 2015 WL 11120408, *1-2 (W.D. Ark. 2015) (bifurcation may force the court to resolve "endless discovery disputes"); *True* Health, 2015 U.S. Dist. LEXIS 7015, 2015 WL 273188, at *3 (finding that bifurcation "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two.").

And, so, considering the binding law from *Dukes* and persuasive authority from other district courts, the Court declines to bifurcate discovery in this case.

*Bond v. Folsom Ins. Agency LLC*, No. 3:24-CV-2551-L-BN, 2025 WL 863469, at *2-3 (N.D. Tex. Mar. 19, 2025).

**III. Bifurcation Would Prejudice Plaintiff and Absent Class Members**

Bifurcation would severely prejudice Plaintiff by withholding evidence critical to his own claim. Defendant asserts that Plaintiff's number came from Inbounds.com, but refuses to produce vendor contracts, lead records, and consent data—labeling them "class discovery." Yet those very materials are necessary for Plaintiff to rebut Defendant's consent defense. Withholding them prevents Plaintiff from prosecuting his own case and from preparing for dispositive motions.

Delay also risks spoliation. Vendors and dialer platforms routinely purge records. Every month of delay increases the chance that call logs, consent files, and scripts will be lost. Courts recognize that staged discovery in class actions can irreparably prejudice plaintiffs. *Saleh v. Crunch, LLC*, 2018 WL 11264884, at *2 (S.D. Fla. 2018). The risk is even more acute here because Defendant's Initial Disclosures identify an overseas call-center vendor, as a party with knowledge and custody of relevant records. Overseas call centers often operate outside the scope of U.S. discovery norms, with weaker data-retention practices and less incentive to preserve evidence. If production from this entity is postponed until a later "class phase," there is a heightened risk that critical records will be deleted, overwritten, or rendered inaccessible by jurisdictional barriers. Witness availability is also more precarious—overseas contractors may be beyond the subpoena power of the Court, and turnover at such operations is frequent.

Courts in this Circuit have repeatedly recognized that prejudice resulting from delayed or denied access to discovery justifies rejecting bifurcation. In *Estate of Lokken*, the court refused to bifurcate because it would cause duplication, invite disputes, and prejudice plaintiffs by requiring them to litigate discovery twice. 2025 WL 2607196, at *6–8. In *Negrete v. Florida Insurance*

*Services, Inc.*, Magistrate Judge Stephen B. Jackson, Jr. held that a belated, defendant-favorable bifurcation motion was "unjust and prejudicial," particularly where it would delay classwide discovery that overlapped with individual claims. 2024 WL 470370, at *6–7. The prejudice here is even starker given the involvement of an overseas call-center vendor whose records may be irretrievably lost if discovery is delayed.

The prejudice is amplified by Defendant's discovery responses. By withholding call logs, vendor agreements, scripts, and compliance documents until a later "class" phase, Defendant prevents Plaintiff from rebutting its consent defense now. This tactical use of bifurcation deprives Plaintiff of evidence he needs for his own claim and risks that key materials—particularly those in the hands of overseas vendors—will never be produced at all.

Defendant may cite out-of-circuit cases that allowed bifurcation in TCPA actions on the theory that consent was a "discrete" issue. Those authorities are inapposite. In those cases, the defendant raised a threshold defense that, if resolved against the named plaintiff, would have disposed of the action without implicating classwide practices. For example, in *Physicians Healthsource v. Janssen Pharmaceuticals, Inc.*, the court permitted a narrow first phase of discovery to address whether the named plaintiff had provided consent to receive fax advertisements. But even there, the court acknowledged that phased discovery is difficult to manage and appropriate only in limited circumstances. This case is materially different. Here, Defendant itself claims Plaintiff's number came from a third-party lead vendor, Inbounds.com, and that the vendor obtained consent. Whether such "consent" was valid cannot be resolved by looking only at Plaintiff's individual records. It requires analysis of Inbounds.com's data collection methods, its contracts, and its standardized disclosures—all of which bear on the claims of every putative class member. The validity of Defendant's consent defense therefore

rises or falls on systemic evidence that overlaps entirely with class certification. The cases Defendant may cite do not support carving up discovery where, as here, the core factual issues are indivisible.

Absent class members are also prejudiced. They rely on Plaintiff to preserve and marshal common proof of Defendant's telemarketing practices. If records from overseas vendors disappear while discovery is artificially limited, their claims vanish entirely. Rule 23 was designed to avoid exactly that result.

The delay from segmented discovery periods would in fact prejudice Plaintiff and other class members by amplifying the risk that evidence will be lost or destroyed. *See, e.g.*, *Saleh v. Crunch, Ltd. Liab. Co.*, No. 17-62416-Civ-COOKE/HUNT, 2018 U.S. Dist. LEXIS 36764, at *4-5 (S.D. Fla. Feb. 28, 2018) ("a stay would prolong this matter on the Court's docket and could conceivably prejudice Plaintiff by the fading memory of any witnesses"); *Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) (plaintiffs in putative class action may "suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate"). The risk to the putative class members' interests is not merely hypothetical. Multiple decisions in TCPA class action cases have turned on the destruction of records necessary to identify class members. *See, e.g.*, *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007) (denying class certification in a TCPA case because "critical information regarding the identity of those who received the facsimile transmissions" was not available); *Pasco v. Protus IP Solutions, Inc.,* 826 F. Supp. 2d 825, 831 (D. Md. 2011) (granting the defendant summary judgment for the substantially the same reason). As such, courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these

issues implicating non-parties in TCPA cases. *See, e.g.*, *Cooley v. Freedom Forever LLC et. al.*, No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014). Plaintiff will also be prejudiced by a stay because, "with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed." *Sanaah v. Howell*, 2009 No. 08-cv-02117-REB-KLM, U.S. Dist. LEXIS 35260, *2 (D. Colo. Apr. 9, 2009).

By contrast, Defendant will not be prejudiced if Plaintiff is permitted to proceed with discovery in the ordinary course. As another federal court explained in denying a motion to stay discovery in a TCPA case:

> In addition, [defendant] has not demonstrated irreparable injury; it notes only that it is potentially on the hook for substantial damages, given the putative nationwide class. Monetary damages, of course, do not by themselves constitute irreparable injury. [plaintiff], on the other hand, persuasively argues that she would be injured by a stay, particularly because discovery has yet to commence, and evidence is at risk of being lost. This injury, which is both likely and irreparable, far outweighs the injury posed by a potential future judgment for money damages.
>
> \* \* \*
>
> In the meantime, it is clear that critical evidence, including records from any third parties that [defendant] may have contracted with for its telephone marketing, may be lost or destroyed.

*Simon v. Ultimate Fitness Grp., LLC*, No. 19-cv-890, 2019 U.S. Dist. LEXIS 147676, at *18, 21-22 (S.D.N.Y. Aug. 19, 2019).

### IV. Defendant's Claimed Burden is Insufficient

Defendant relies on an affidavit from its employee estimating that production of outbound call data would require 58–67 hours of work. That claim, even if taken at face value, is modest compared to the scope of this nationwide TCPA action and the centrality of outbound call records to Plaintiff's claims. Courts routinely expect parties to devote far more resources to discovery that goes to the heart of liability and class certification. More importantly, Defendant's affidavit is not accompanied by any specifics: it does not explain what records exist, how they are maintained, what systems are involved, or why extraction would take the estimated time. Without such detail, the affidavit is no more persuasive than a generalized burden objection. The Rules require more.

Indeed, the Eighth Circuit requires specificity when claiming undue burden. *Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 664–66 (D. Minn. 2002), considered an affidavit estimating 720 days and $1.29 million when discussing complying with class discovery. Even then, the court preserved class discovery to expedite resolution. By contrast, Defendant here provides no affidavit, no data, and no substantiation. Courts have rejected such bare assertions. *Konkol v. Educ. Comput. Sys.*, 2016 WL 6476932, at *12 (D. Minn. Oct. 25, 2016).

*Negrete* confirms that efficiency and burden arguments must be more than rhetoric. Judge Jackson rejected the defendant's proposal precisely because it was unsupported and designed to delay and prejudice, not to conserve resources. 2024 WL 470370, at *6–7.

## Conclusion

Defendant's request to bifurcate discovery should be denied. Dividing this case into artificial "individual" and "class" phases would not promote efficiency; it would create duplication, delay, and unnecessary cost. Plaintiff would be forced to repeat discovery efforts—

13

taking depositions twice, reviewing documents twice, and revisiting the same issues at multiple stages. That is the opposite of judicial economy.

Bifurcation would also prejudice both Plaintiff and the absent class members he seeks to represent. Defendant's defenses rest on vendor records, call data, and scripts that it seeks to withhold until a later phase. Without access to this evidence, Plaintiff cannot properly prosecute his own claim, respond to dispositive motions, or prepare for class certification. The prejudice is especially acute here because one of the identified vendors is an overseas call center, where record retention practices are uncertain, witness turnover is high, and jurisdictional barriers could make later discovery difficult or impossible. Delaying production creates a real risk that critical evidence will be lost forever.

Finally, bifurcation undermines the basic goals of fairness, speed, and efficiency. It invites continuous disputes about whether discovery is "individual" or "class," prolongs the timeline for resolution, and increases costs for all involved. The better course is the ordinary one: a single, unified discovery process that allows the parties to address the merits and class issues together without artificial division.

For these reasons, Plaintiff respectfully requests that the Court deny Defendant's motion and permit discovery to proceed in the normal course.

RESPECTFULLY SUBMITTED AND DATED this 16th day of October, 2025.

*s/ Anthony I. Paronich*
Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com