IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>MEDICARE HEALTH ADVISORS LLC,<br><br>    Defendant. | Case No. 4:25-cv-00207-RGE-HCA<br><br>**DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO BIFURCATE DISCOVERY** |

**I. Introduction**

Plaintiff's Opposition Brief misapprehends both the law and the narrow purpose of Defendant's request. Medicare Health Advisors LLC ("Medicare Health") seeks a short, ninety-day period of focused discovery on discrete, case-dispositive issues unique to Plaintiff's individual claims—principally whether Plaintiff consented to receive the calls at issue and whether any prerecorded or "robot" voice was used. If the evidence confirms that Plaintiff consented or that all calls involved live agents, this case ends without the need for costly class discovery.

Courts routinely approve limited discovery in TCPA and FTSA cases where individualized threshold issues may resolve the entire dispute. This measured approach aligns with Fed.R.Civ.P 1's directive for the "just, speedy, and inexpensive" determination of every action and with Rule 26(c)'s grant of discretion to manage discovery for efficiency. Plaintiff's cited authorities involve materially different circumstances—cases where the dispositive issues were common across putative class members, no individualized consent evidence existed, or bifurcation was sought belatedly. None of those concerns apply here.

**II. This Court Has Broad Discretion to Manage Discovery for Efficiency**

Federal courts possess "broad discretion to tailor discovery to the needs of the case."

*Crawford-El v. Britton*, 523 U.S. 574, 598, (1998). Rule 26(c) expressly authorizes protective or sequencing orders "to protect a party or person from undue burden or expense," and courts in this Circuit have exercised that discretion to bifurcate discovery when early resolution of threshold issues promotes efficiency. See *Adam v. CHW Grp., Inc.*, 2021 WL 7285904, at *3 (N.D. Iowa June 29, 2021) (granting bifurcation in TCPA action to address plaintiff's consent before class discovery).

Plaintiff's argument that bifurcation is "inconsistent with the Federal Rules" ignores this settled authority. Numerous courts—including within the Eighth Circuit—have recognized that limited, staged discovery is an appropriate mechanism to test dispositive issues before embarking on wide-ranging class discovery. See *Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 665 (D. Minn. 2002) ("[W]e conclude that the mandate of Rule 1… is best implemented by bifurcated discovery -- that is, by completing discovery as to the claims of the four named-Plaintiffs, prior to extensive discovery on the merits of the "class claims.")

## III. The Narrow Phase Proposed Here Directly Serves Rule 1's Goals

### A. The Identified Issues Are Case-Dispositive and Individualized

Medicare Health's motion proposes that discovery initially focus on: (1) whether Plaintiff consented to receive calls; (2) whether Plaintiff qualifies as a "residential telephone subscriber" for DNC purposes; (3) whether the subject number was properly registered on the DNC; (4) whether any prerecorded or "robot" voice was used; and (5) whether Plaintiff has standing to represent a class given the above uncertainties.

The Declaration of Max Jaffy confirms that records show Plaintiff, or someone acting on his behalf, submitted his own contact information through the ArcamaxJobs website on July 6, 2024, expressly requesting to be contacted regarding Medicare insurance. (ECF No. 21-2, Jaffy

Decl. ¶ 7 & Ex. 1.) The declaration further establishes that every call Plaintiff answered connected him to a live agent, not a prerecorded message. (Id. ¶ 8.) If those facts are verified, Plaintiff's claims fail as a matter of law. *Van Patten v. Vertical Fitness Grp.*, LLC, 847 F.3d 1037, 1044 (9th Cir. 2017) ("Consent is a complete defense to any TCPA claim.").

None of these issues implicate class-wide proof. They turn entirely on Plaintiff's individual interactions and the specific data associated with his phone number. Resolving them first could dispose of the action in its entirety.

### B. Bifurcation Avoids Significant, Quantifiable Burden

Medicare Health has demonstrated concrete burden: extracting its outbound-call records for the requested four-year class period (or at least the period of which Defendant has been in existence) would require 58–67 hours of manual data processing and review. (Jaffy Decl. ¶ 10.) That expense would be wasted if Plaintiff's claim fails at summary judgment. Rule 26(b)(1) requires discovery to be proportional to the needs of the case, and proceeding in two phases ensures that discovery remains so.

### C. Plaintiff Suffers No Prejudice from a Short, Finite Phase

Plaintiff already possesses his own individualized call records, the identified vendors (*Inbounds.com*, *DialedIn*), and the asserted consent evidence reflected in Defendant's discovery responses. Nothing prevents Plaintiff from pursuing all discovery necessary to test those issues during the ninety-day period. Should the case proceed beyond that phase, the Court may convene a further scheduling conference, as reflected in Defendant's proposed order. This structure ensures efficiency without prejudice.

## IV. Plaintiff's Authorities Are Distinguishable and Do Not Control

Plaintiff relies primarily on *Robertson v. Mortgage Research Center, LLC*, 2024 WL

5046604 (W.D. Mo. Dec. 9, 2024); *Negrete v. Florida Insurance Services, Inc.*, 2024 WL 470370 (S.D. Iowa Feb. 6, 2024); *Estate of Lokken v. UnitedHealth Group, Inc.*, 2025 WL 2607196 (D. Minn. Sept. 8, 2025); and *Bond v. Folsom Insurance Agency LLC*, 2025 WL 863469, at 4–6 (N.D. Tex. Mar. 19, 2025). Each is inapposite.

Robertson involved a putative nationwide class alleging that all members received the same telemarketing messages; the court found complete overlap between the individual and class discovery issues and therefore denied bifurcation. Here, by contrast, one glaring dispositive question—Plaintiff's consent—is unique to him.

In *Negrete*, Magistrate Judge Jackson denied bifurcation because the motion was filed late in discovery and was unsupported by a concrete showing of burden. Here, Medicare Health moved early—before any depositions or major productions—and supported its request with a sworn declaration quantifying the discovery burden.

In *Estate of Lokken*, the court denied bifurcation after defendants had resisted discovery for months, obtained a prior stay, and—nearly two years into the case—moved belatedly to divide discovery following an adverse ruling. *Id*. at 7–8. Medicare Health, by contrast, sought bifurcation at the outset, before depositions or major productions, to address discrete threshold issues efficiently.

Finally, in *Bond*, the court denied bifurcation because it followed an earlier discovery order compelling classwide production. The court explicitly held that the defendant "may not avoid appropriate classwide discovery…necessary for a future class certification motion." *Id*. at 4. Having already required such discovery, the court viewed the bifurcation motion as an impermissible attempt to re-litigate that ruling. No comparable order or dispute exists here.

Courts approving bifurcation in TCPA matters have done so under circumstances identical

to those here. See *Osidi v. Assurance IQ, LLC*, 2022 WL 623733, at *4* (D. Mass. Mar. 3, 2022) ("[T]he need for class discovery may be eliminated if Defendant is able to demonstrate that the Named Plaintiff lacks viable individual claims."); *Pavelka v. Paul Moss Ins. Agency, LLC*, 2023 WL 3728199, at *4 (N.D. Ohio May 30, 2023)* (approving phased discovery where consent was potentially dispositive). These cases reflect the more persuasive and factually analogous authority.

**V. Bifurcation Promotes Judicial Economy and Compliance with Fed.R.Civ.P. 1**

Granting the motion would streamline, not prolong, this case. A concise first phase allows the Court to address threshold factual disputes before managing potentially burdensome class discovery. If summary judgment resolves the individual claim, the Court and the parties will have avoided unnecessary motion practice and discovery disputes. If not, the case proceeds with class discovery informed by a clear factual record. Either outcome satisfies the "just, speedy, and inexpensive" mandate of Rule 1.

Defendant's proposed order expressly allows third-party discovery to proceed concurrently. The only thing bifurcation defers is class-wide data collection that may never be needed.

**VI. Conclusion**

For the foregoing reasons and those stated in Defendant's opening motion and brief, Medicare Health respectfully requests that the Court grant its Motion to Bifurcate Discovery and adopt the proposed order filed at ECF No. 21-3. A short, targeted discovery phase will permit resolution of threshold issues efficiently, conserve judicial and party resources, and ensure proportional discovery consistent with the Federal Rules.

Dated this 23rd day of October, 2025.

                    MEDICARE HEALTH ADVISORS LLC,
                    Defendant

By: */s/ James A. Peterson*
    James A. Peterson, Esq.
    *(admitted pro hac vice)*
    PETERSON LEGAL P.A.
    5079 North Dixie Highway, Suite 105
    Oakland Park, Florida 33334
    Telephone: (754) 444-8076
    james@petersonlegal.com

    Victoria H. Buter (#AT0009169)
    KUTAK ROCK LLP
    The Omaha Building
    1650 Farnam Street
    Omaha, Nebraska 68102-2186
    Telephone: (402) 346-6000
    Facsimile: (402) 346-1148
    vicki.buter@kutakrock.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2025, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to the following attorneys registered with the CM/ECF system:

| | |
|---|---|
| Eric S. Mail, Esq. | Anthony Paronich, Esq. |
| PURYEAR LAW P.C. | PARONICH LAW, P.C. |
| 3719 Bridge Avenue, Suite 6 | 350 Lincoln Street, Suite 2400 |
| Davenport, Iowa 52807 | Hingham, MA 02043 |
| mail@puryearlaw.com | anthony@paronichlaw.com |

                    */s/ James A. Peterson*
                    James A. Peterson