# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION FILE NO. 4:25-cv-00207-RGE-HCA |
| Plaintiff, | : : | |
| v. | : : | |
| MEDICARE HEALTH ADVISORS LLC | : : | |
| Defendant. | : : : : | |

## PLAINITFF'S MOTION TO COMPEL DISCOVERY

### Introduction

Plaintiff Toby Hoy moves to compel Defendant Medicare Health Advisors LLC to produce documents responsive to a single request: Request for Production No. 5, which seeks documents related to consumer complaints and do-not-call requests concerning Defendant's outbound telemarketing calls. Defendant objects that these materials are "irrelevant," "disproportionate," "overbroad," and "unduly burdensome," and states it will only produce non-privileged responsive documents "as to Plaintiff only."

That position improperly blocks discovery that goes directly to liability and damages (including willfulness, which is explicitly recognized under the Telephone Consumer Protection Act) and to Defendant's own affirmative defenses grounded in its alleged compliance systems, good faith, and procedures for honoring do-not-call requests. As such, the Plaintiff requests that the Court compel production of non-privileged documents responsive to RFP No. 5.

**Background**

On October 2, 2024, Plaintiff filed this action alleging that Defendant Medicare Health Advisors, LLC violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Florida Telephone Solicitation Act by placing multiple unsolicited telemarketing calls to his cellular telephone. (ECF No. 1 ¶¶ 15–19). At least one of the calls connected Plaintiff directly to a live agent who identified herself as "Amber from Medicare Health." (Id. ¶ 20).

Plaintiff's cell phone number has been continuously registered on the National Do Not Call Registry since 2017. (Id. ¶ 13). Plaintiff has never been a customer of Medicare Health, never provided the company his phone number, and never consented to receive calls. (*Id. ¶¶ 22–24*). Plaintiff brings his claim both individually and on behalf of a nationwide class of similarly situated consumers who, within the past four years, received similar unlawful calls from Medicare Health. (Id. ¶¶ 28–33).

The Defendant responded to the Plaintiff's discovery but has refused to produce any documentation necessary for even the individual claims. *See* Exhibit 1. However, in light of Defendant's motion to bifurcate discovery, Plaintiff limits this motion to information and materials he would need in an individual discovery period or a class discovery period.

**Discovery Request at Issue and Meet and Confer Certification**

Request for Production No. 5 states:

> Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

*See* Exhibit 1. Medicare Health provided the following response and objection:

2

>Medicare Health objects to this Request as irrelevant and as seeking documents that are disproportionate to the claims and defenses in the litigation to the extent it seeks all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. At this time, a class has not been certified and, accordingly, seeking these documents would provide information that has nothing to do with Plaintiff and will encompass documents that have no relevance to the claims and defenses in this litigation at this stage of the litigation. The Request and burden is disproportionate to the needs of the case based on the current procedural posture of the litigation. Medicare Health objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. It would be burdensome and not practical for Medicare Health to have to locate "all" documents containing such information. Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Medicare Health's possession, custody, or control will be produced as to Plaintiff only.

*Id.*

Pursuant to LR 37, counsel for Plaintiff conferred personally and in good faith with counsel for Defendant in an effort to resolve or narrow the issues presented by this Motion. *See* Exhibit 2, Declaration of Anthony Paronich. The parties participated in multiple telephone conferences, including on November 6, 2025, November 11, 2025, and November 12, 2025, and exchanged follow-up written communications. Despite these good-faith efforts, counsel were unable to reach agreement regarding Defendant's refusal to produce responsive complaints and do-not-call requests beyond those pertaining to Plaintiff. All other discovery disputes previously raised by Plaintiff have been resolved, and Plaintiff moves to compel only as to Request for Production No. 5.

**Standard**

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The Federal Rules of Civil Procedure are designed to allow parties to gain discovery into matters which are reasonably calculated to

3

lead to admissible evidence. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Dabney v. Montgomery Ward & Co.*, 761 F. 2d 494, 499 (8th Cir. 1985). A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case… Information within this scope need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Indeed, "the standard of relevance in the context of discovery is broader than in the context of admissibility." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). As such, discovery is "accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507, (1947).

A party may move for an order compelling discovery when a party fails to produce requested documents or to answer interrogatories. Fed. R. Civ. P. 37(a)(3). The objecting party "cannot rely upon boilerplate objections, but rather they must specify how each interrogatory or request for production is deficient and articulate the particular harm that would accrue if they were required to respond to the discovery request." *Arctic Cat, Inc. v. Bombardier Recreational Prods., Inc.*, 2014 U.S. Dist. LEXIS 192860, at *23 (D. Minn. May 23, 2014) (citation omitted). An evasive or incomplete response must be treated as a failure to respond. Fed. R. Civ. P. 37(a)(4).

**Argument**

Consumer complaints directed at Medicare Health Advisor's telemarketing misconduct related to issues affecting the individual merits and class certification, as they establish Medicare Health Advisors knew it was violating the law, who it affected, and how it affected them, all "relevant" to Plaintiffs' TCPA claims as the TCPA also allows for a damages award to be increased, up to treble damages, if the violation is found to be "knowing or willful." 47 U.S.C. § 227(c)(5). The request at issue is:

> **RFP No. 5:** Please produce all complaints concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

There is also no meaningful dispute that this information may possibly be introduced at trial. In fact, the Fourth Circuit Court of Appeals affirmed a jury verdict holding a defendant subject to willful damages under the TCPA following a 5-day trial. *Krakauer v. Dish Network, L.L.C.,* 925 F.3d 643 (4th Cir. 2019), *cert. denied*, 2019 U.S. LEXIS 7573 (Dec. 16, 2019). In that lawsuit, the defendant's history of receiving prior complaints, their responses to those complaints and settlements of such lawsuits were all issues considered by the jury. *Id.* at 662 (4th Cir. 2019) ("The court documented the many occasions on which Dish noted SSN's noncompliance and failed to act. The trial court catalogued the lawsuits and enforcement actions brought against Dish for telemarketing activities, none of which prompted the company to seriously improve its business practices…When it learned of SSN's noncompliance, Dish repeatedly looked the other way…The district court also noted the half-hearted way in which Dish responded to consumer complaints, finding that the evidence shows that Dish cared about stopping complaints, not about achieving TCPA compliance.")

As there is no meaningful dispute that it is possible that the exact evidence that the Plaintiff seeks could be put into evidence at trial and as a result, the information sought is discoverable. Indeed, granting a similar motion to compel in a TCPA case, another Court held:

> Defendant's argument that the information need not be produced because it is not admissible under Federal Rule of Evidence 404(b) is without merit. *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). Thus, the Motion will be granted.

*Bratcher v. Navient Sols., Inc.,* No. 3:16-cv-519-J-20JBT, 2017 U.S. Dist. LEXIS 35015, at *6-7 (M.D. Fla. Mar. 2, 2017).

Medicare Health Advisors refused to produce documents responsive to RFP No. 5 beyond those "as to Plaintiff only", claiming the request was that (1) irrelevant and disproportionate; (2) premature because "a class has not been certified" and the requested materials purportedly "have nothing to do with Plaintiff" at this stage, and (3) overbroad and unduly burdensome because it would require locating "all" documents containing such information; Defendant then limits any production to non-privileged documents "as to Plaintiff only."

However, if consumers complained that Medicare Health Advisors was telemarketing them without consent, that is evidence Medicare Health Advisors violated the statute. In addition, the TCPA provides for treble damages (*i.e.,* $1,500 instead of $500 per violation) when a defendant "willfully or knowingly" violates the statute. 47 U.S.C. § 227(C)(5). The FCC has held that "'[w]illful' in this context means that the violator knew that he was doing the act in question…A violator need not know that his action or inaction constitutes a violation; ignorance of the law is not a defense or mitigating circumstance." *In re Dynasty Mortg.*, LLC, 22 F.C.C. Rcd. 9453, 9470 n. 86 (May 14, 2007). As such, courts "have generally interpreted willfulness to imply only that an action was intentional." *Roylance v. ALG Real Estate Servs., Inc.,* 2015 U.S. Dist. LEXIS 44930, at *31 (N.D. Cal. Mar. 16, 2015) (citing cases); *see also, e.g., Hashw v. Dep't Stores Nat'l Bank,* 986 F. Supp. 2d 1058, 1062 (D. Minn. 2013) (agreeing that "knowledge of the law is unnecessary and that a plaintiff must only plead the defendant willfully made the ATDS calls").

In other words, complaints about misconduct go the merits and damages. Given their relevance, courts do not hesitate to compel defendants to produce consumer complaints and investigations in TCPA actions. *See, e.g., Meredith v. United Collection Bureau, Inc.*, 2016 U.S. Dist. LEXIS 156214, at *19 (N.D. Ohio Nov. 10, 2016) (granting plaintiffs' motion to compel the production of consumer complaints in TCPA class action because it "seeks information that could

have bearing on plaintiff's class claims as well as defendant's alleged willfulness"); *O'Shea v. Am. Solar Solution, Inc.*, 2016 U.S. Dist. LEXIS 23420, at *19-20 (S.D. Cal. Feb. 18, 2016) (same); *Mey v. Enter. Fin. Grp., Inc.*, 2016 U.S. Dist. LEXIS 188389, at *22-23 (M.D. Fla. July 27, 2016) (requiring the defendant "to identify any consumer complaints, government investigations, and lawsuits involving allegations of a TCPA violation filed or asserted against [it]"); *Donnelly v. NCO Fin. Sys.*, 263 F.R.D. 500, 505 (N.D. Ill. 2009) (granting motion to compel prior TCPA complaints because, if defendant "has been charged with violations on numerous prior occasions, that is certainly relevant to its knowledge of the TCPA and the actions it did or did not take to ensure compliance with the statute.").

In sum, this such information is plainly related to willfulness and the issue of damages and is thus discoverable. *See Osborne v. Gila, LLC*, No. 15-62585-CV, 2016 U.S. Dist. LEXIS 190574, 2016 WL 7508260, at *2 (S.D. Fla. May 24, 2016) ("Because the TCPA provides for additional damages if violated willingly or knowingly, the production of the information Plaintiff seeks would be relevant in determining if Defendant knew of the TCPA, and its restrictions, when it allegedly placed calls to Plaintiff"); *Jones v. Safe Sts. USA LLC*, 2020 U.S. Dist. LEXIS 105364, *11-12 (E.D. N.C. 2020) (same).

Furthermore, these documents go to the heart of Medicare Health's defenses, which include:

> **Fifteenth Affirmative Defense**
> **(Substantial Compliance with Laws)**
>
> Defendant is not liable to Plaintiff because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.
>
> **Sixteenth Affirmative Defense**
> **(Reasonable Practices)**

> Any and all claims brought in the Complaint are barred in whole or in part to the extent Defendant has established and instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Defendant, consistent with the minimum standards outlined in 47 C.F.R. § 64.1200.
>
> **Eighteenth Affirmative Defense**
> **(Bona Fide Error)**
>
> Any and all claims brought in the Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA and related regulations (which is denied), any such violation was not intentional and resulted from a bona fide error.
>
> **Nineteenth Affirmative Defense**
> **(Good Faith)**
>
> Any and all claims brought in the Complaint are barred to the extent Defendant possessed a good faith belief that it had consent to call the numbers at issue.

ECF No. 10, Defendant's Answer, p. 13.

Indeed, Defendant's own internal campaign compliance memorandum confirms that consumer complaints and do-not-call requests are a core compliance input for the outbound calling operation. A February 20, 2025 "Campaign Memorandum" from "MHA Operations" titled "Compliance with Do Not Call (DNC) Policy" states it was issued due to "concerns about adherence" and because "there have been instances where fronters[1] did not take this policy seriously, **leading to client complaints**." See Exhibit 3, Medicare Health's DNC Memo (emphasis added). The memorandum directs that customers must be placed on the DNC list immediately when they request it or make statements such as 'Stop calling me,' 'Remove me from your calling list,' or 'Put me on the DNC list,' and emphasizes 'strict enforcement' to avoid *further* client complaints and potential penalties. This document underscores that discovery of complaints and

---

[1] A "fronter" is a type of telemarketing representative.

DNC requests (and Defendant's internal handling of them) is directly relevant to the merits, willfulness, and Defendant's asserted compliance-related defenses.

Thus, Medicare Health Advisor's knowledge and willfulness is a disputed, material issue relevant to the determination of damages. Defendant has put its compliance systems, good faith, and procedures squarely at issue through affirmative defenses such as substantial compliance with law, reasonable practices consistent with 47 C.F.R. § 64.1200, bona fide error, and good-faith belief in consent. A party cannot affirmatively rely on compliance procedures and good faith to avoid liability or damages while simultaneously withholding the most direct evidence of how those procedures functioned in practice—namely, complaints and DNC requests reporting noncompliance and Defendant's internal responses to them. To this point, as another Court held when compelling similar information in a TCPA case:

> If defendant cannot substantiate this defense with documents or information responsive to the interrogatory, it should say so under verification and withdraw that defense.

*Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 WL 2311869, at *1 (N.D. Ill. June 13, 2011).

The Defendant's objections should be overruled. RFP No. 5 seeks evidence relevant to (1) whether had notice of unlawful calling and continued anyway and whether Defendant maintained and implemented reasonable do-not-call compliance practices as well as how it acted on such policies.

Defendant's rationale to not providing the requested documents is that because no class has been certified, complaints and DNC requests "have nothing to do with Plaintiff" and are not relevant "at this stage of the litigation." But "Rule 26(b)(1) does not give any party 'the unilateral ability to dictate the scope of discovery based on their own view of the parties' respective theories

of the case,' because '[l]itigation in general and discovery in particular . . . are not one sided.'" *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 183 (N.D. Iowa 2017) (quoting *Sentis Grp., Inc. v. Shell Oil Co.*, 763 F.3d 919, 925 (8th Cir. 2014)). Indeed, the Defendant's argument is incorrect for at least three reasons.

First, even in an individual case, consumer complaints and DNC requests can show notice and willfulness, illuminate the nature of the challenged calling campaign, and corroborate the absence of consent or breakdowns in DNC compliance. These are merits and damages issues, not merely class-certification issues.

Second, Defendant's own defenses make the information relevant now. If Defendant contends it "acted reasonably," maintained compliant DNC procedures, committed at most a "bona fide error," and acted in "good faith," then discovery into contemporaneous complaints/DNC requests and how Defendant handled them goes directly to those defenses.

Third, the request is tailored to the same conduct at issue—outbound telemarketing allegedly unlawful or unauthorized. Complaints and DNC requests are probative of whether the challenged practices were isolated (as Defendant suggests) or systemic, and whether Defendant knew of problems and failed to correct them.

Defendant also objects that RFP No. 5 is disproportionate, overbroad, and unduly burdensome because it seeks "all" complaints/DNC requests and asserts it would be "burdensome and not practical" to locate them. But Defendant provides no concrete facts—no estimate of volume, no identification of where such complaints are maintained, no description of the effort required to search, no proposed alternative scope, and no explanation why a reasonable search cannot be performed. The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested

discovery is unduly burdensome. See *Wagner v. Dryvit Sys., Inc.,* 208 F.R.D. 606, 610 (D. Neb. 2001). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents. *See id.*

Medicare Health Advisor's conclusory objections should be deemed invalid, and Medicare Health Advisors should be compelled to provide documentation completely responsive to Request No. 5.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and order Defendant to produce, within a prompt timeframe set by the Court, all non-privileged documents responsive to Request for Production No. 5, including consumer complaints and do-not-call requests concerning Defendant's outbound telemarketing (including vendor-made calls), along with any responses and internal correspondence regarding the same.

RESPECTFULLY SUBMITTED AND DATED this 9th day of December, 2025.

*s/ Anthony I. Paronich*
Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com
*Counsel for the Plaintiff*