**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated, | : | |
| | : | CIVIL ACTION FILE NO. 4:25-cv-00207-RGE-HCA |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MEDICARE HEALTH ADVISORS LLC | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |
| _____ / | | |

**DECLARATION OF ANTHONY PARONICH IN SUPPORT OF**
**PLAINTIFF'S MOTION TO COMPEL PURSUANT TO LOCAL RULE 37**

I, Anthony Paronich, declare as follows:

1.      I am an attorney at Paronich Law, P.C. and counsel of record for Plaintiff in *Hoy v. Medicare Health Advisors LLC*, Case No. 4:25-cv-00207-RGE-HCA. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently thereto.

2.      This declaration is submitted pursuant to LR 37 in support of Plaintiff's Motion to Compel. Plaintiff seeks relief as to a single discovery request: Request for Production No. 5.

3.      Defendant's written discovery responses and objections are attached to the Motion as an exhibit, including Defendant's response to Request for Production No. 5. (Exhibit. 1.)

4.      Pursuant to LR 37, I conferred personally and in good faith with counsel for Defendant, James A. Peterson, in an effort to resolve and narrow the discovery issues raised by

Plaintiff. These efforts included multiple telephone conferences, including on November 6, 2025, November 11, 2025, and November 12, 2025, as well as follow-up written communications.

5.      On October 26, 2025, I identified in writing the discovery issues Plaintiff sought to meet and confer about, including Request for Production No. 5, which seeks complaints and do-not-call requests concerning outbound calls.

6.      Through the personal conferences and follow-up communications described above, the parties were able to resolve or narrow the disputes raised by Plaintiff, and Plaintiff is not moving to compel as to any requests other than Request for Production No. 5.

7.      After the meet and confer calls, I followed up in writing seeking a timeline for Defendant's promised supplementation, including emails on November 13, 2025 and November 20, 2025. On December 1, 2025, I advised that it had been more than a month since we first requested the meet and confer and that we had been promised a supplement without a timeline; absent a timeline, Plaintiff intended to seek judicial intervention that week.

8.      Despite these good-faith efforts—including multiple personal conferences—the parties have been unable to reach agreement regarding Request for Production No. 5.

9.      On December 5, 2025, Mr. Peterson confirmed that the parties were at an impasse regarding "all internal DNC requests and complaints other than for your client," which is the dispute raised by Request for Production No. 5.

10.     Because the parties met and conferred personally in good faith, including multiple telephone conferences, and Defendant has confirmed an impasse as to Request for Production No. 5, Plaintiff seeks judicial intervention through the Motion to Compel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on December 9, 2025 at Hingham, Massachusetts.

_____
Anthony Paronich
Attorney for Plaintiff