IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated, | Case No. 4:25-cv-00207-RGE-HCA |
| Plaintiff, | **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL** |
| v. | |
| MEDICARE HEALTH ADVISORS LLC, | |
| Defendant. | |

Defendant Medicare Health Advisors LLC ("Medicare Health"), by and through undersigned counsel, hereby submits its response to Plaintiff's Motion to Compel (ECF No. 24).

## INTRODUCTION

Medicare Health, after review of Plaintiff's Motion to Compel and additional consultation with the undersigned, does not oppose producing consumer complaints of TCPA violations to the extent "consumer complaints" is interpreted to mean complaints to various governmental agencies such as a state attorney general's office or the FTC or FCC, as well private complaints received via attorneys such as demand letters and filed lawsuits.

Also, after further consultation and review, Medicare Health agrees to produce its internal do-not-call ("DNC") list identifying individuals who requested not to receive further calls, which Defendant requests be produced subject to a confidentiality agreement and/or order. It is important to note that this list identifying the individuals that have requested to be placed on Defendant's DNC list does not itself contain each and every call made to said individuals, and does not have any links or other identifying feature that points to the specific call recording wherein an individual requested to be placed on the DNC list.

This is relevant because Plaintiff's Request for Production Number 5 states in part "produce all… do-not-call requests…" without limitation. Thus, Plaintiff's Request for Production Number 5, and by extension, the Motion to Compel, goes further than a mere DNC list and essentially requires Medicare Health to locate, extract, and analyze historical call recordings for every person who has ever appeared on its DNC list. As written, the request can encompass any call recording wherein a consumer requested to be placed on Defendant's DNC list. That discovery request, and the corresponding relief sought in Plaintiff's Motion to Compel, is not proportional to the needs of this case and should be denied.

**ARGUMENT**

**I. Plaintiff's motion improperly seeks irrelevant and burdensome call recordings.**

Plaintiff's motion does not merely seek a DNC list. It seeks "do-not-call requests". In practical terms, Plaintiff seeks to require Medicare Health to review every call recording for every phone call made to an individual listed on its internal DNC list to determine the specific recording wherein that individual requested to be placed on the DNC list. Rule 26 does not require that level of burden for such little benefit.

**II. Large-scale call-record extraction has already been shown to be burdensome and disproportionate.**

Medicare Health has already submitted sworn testimony in this action establishing that large-scale call-record extraction involves millions of calls and significant manual effort. (See the Declaration of Max Jaffy, ECF No. 21-2.) In connection with Defendant's Motion to Bifurcate (ECF No. 21), Medicare Health's CEO testified that the company's dialing systems reflected millions of calls and that even limited call-data extraction required substantial time, estimating that a company-wide pull of call records would require dozens of man-hours and impose a burden on

the company. Mr. Jaffy further testified that Defendant does not have any dedicated personnel to handle such voluminous data extraction requests. (ECF No. 21-2, ¶ 10.)

Plaintiff's discovery request and motion would multiply that burden by requiring Medicare Health to identify every individual on the internal DNC list and then retrieve and analyze historical call recordings associated with each such individual to pinpoint the specific recording wherein that individual made the "do-not-call request". That relief is far out of proportion to what is needed to litigate Plaintiff's individual TCPA claims, even as to willfulness.

**III. Plaintiff does not need company-wide call histories to explore willfulness.**

The very existence of Defendant's internal DNC lists reflects compliance with the TCPA and is sufficient evidence of Defendant's affirmative defenses. Plaintiff does not need the specific call recording wherein an individual requested to be placed on said DNC list in order to explore willfulness damages in an this TCPA action.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court:

Find the motion moot to the extent it seeks production of consumer complaints and the internal DNC list of individuals, the production of which Defendant agrees to subject to appropriate confidentiality protections; and

Deny the motion to the extent it seeks company-wide call records, specifically call recordings, for every individual who has ever been placed on the do-not-call list.

Dated January 7, 2026.

MEDICARE HEALTH ADVISORS LLC,
Defendant

By: */s/ James A. Peterson*
James A. Peterson, Esq.
*(admitted pro hac vice)*
PETERSON LEGAL P.A.
5079 North Dixie Highway, Suite 105
Oakland Park, Florida 33334
Telephone: (754) 444-8076
james@petersonlegal.com

Victoria H. Buter (#AT0009169)
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, Nebraska 68102-2186
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
vicki.buter@kutakrock.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2026, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to the following attorneys registered with the CM/ECF system:

Eric S. Mail, Esq.                    Anthony Paronich, Esq.
PURYEAR LAW P.C.                PARONICH LAW, P.C.
3719 Bridge Avenue, Suite 6     350 Lincoln Street, Suite 2400
Davenport, Iowa 52807             Hingham, MA  02043
mail@puryearlaw.com              anthony@paronichlaw.com

*/s/ Victoria H. Buter*
Victoria H. Buter