IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION FILE NO. 4:25-cv-00207-RGE-HCA |
| Plaintiff, | : : | |
| v. | : : | |
| MEDICARE HEALTH ADVISORS LLC | : : | |
| Defendant. | : : : : : | |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL

Defendant's opposition confirms that Plaintiff's Motion to Compel is largely uncontested. After initially refusing to produce any responsive materials beyond those "as to Plaintiff only," Defendant now agrees to produce consumer complaints alleging TCPA violations—limited to complaints made to governmental agencies and private complaints made through attorneys such as demand letters and filed lawsuits—and also agrees to produce its internal do-not-call ("DNC") list, subject to appropriate confidentiality protections. Accordingly, the Court should order prompt production of these materials and confirm the scope of Defendant's search and production obligations.

The only remaining issue is Defendant's attempt to avoid producing documents reflecting do-not-call requests by recasting Plaintiff's narrowly targeted discovery request into a demand for "company-wide call recordings" requiring review of "every call recording for every phone call made to an individual" who ever appeared on its DNC list. That is not what Plaintiff seeks and not what Request for Production No. 5 requires. RFP No. 5 requests complaints and do-not-call requests—including written complaints, responses, and internal correspondence—

concerning Defendant's outbound telemarketing calls and those made by its vendors. It does not demand that Defendant undertake an exhaustive review of millions of historical call recordings, nor does it require Defendant to identify and produce every recorded call in which a consumer requested placement on the DNC list.

Because these materials go directly to the merits, damages, and Defendant's compliance-based defenses—as Plaintiff explained in the motion—Defendant should be ordered to produce non-privileged documents responsive to RFP No. 5, including consumer complaint materials and documents reflecting do-not-call requests, along with any responses and internal correspondence regarding the same. No class wide calling data or recordings are sought.

Defendant's attempt to limit production to government complaints, attorney demand letters, and filed lawsuits is therefore a narrowing construction that cannot be squared with the request's inclusion of "written complaints" and internal correspondence regarding complaints and do-not-call requests. A "written complaint" necessarily includes writings from individuals directly to Defendant—whether by email, chat messages, or other written channels—complaining of unwanted calls, telemarketing harassment, or requesting that calls cease. And because the request expressly includes Defendant's "response" and "internal correspondence and communications discussing each complaint," it necessarily encompasses the internal communications that reflect how Defendant handled those consumer complaints and do-not-call requests, including internal email chains, vendor-management communications, and any other internal records documenting review, processing, or disposition of the consumer complaint.

Indeed, Defendant's proposed limitation would render several portions of RFP No. 5 effectively meaningless. If responsive "complaints" were limited only to those that reached government agencies or counsel, there would be little need for the request to expressly call for

"written complaints," "responses," and "internal correspondence and communications" regarding those complaints. Those categories are plainly aimed at capturing the ordinary-course records Defendant receives and generates when consumers complain directly to Defendant and request that calling stop—precisely the records that reflect notice, handling, and compliance practices. This is especially true where Defendant asserts compliance-based defenses in this litigation and relies on policies and procedures concerning DNC practices; Defendant cannot narrow discovery to only a subset of complaints that reached third parties while withholding the direct consumer communications and internal compliance discussions that form the backbone of any DNC compliance system.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Motion to Compel as to RFP No. 5 and order Defendant to produce, within fourteen (14) days, (1) written complaints from individuals to Defendant regarding unwanted calls or alleged TCPA violations, (2) documents reflecting do-not-call requests, including written requests and any internal logs or records memorializing such requests, and (3) Defendant's responses and internal correspondence or communications discussing such complaints or do-not-call requests, including any vendor-management communications and compliance escalations. Defendant should also be ordered to identify the custodians and systems searched for these materials and provide a privilege log for any responsive documents withheld on the basis of privilege.

RESPECTFULLY SUBMITTED AND DATED this 8th day of January, 2026.

                                *s/ Anthony I. Paronich*
                                Anthony I. Paronich
                                **PARONICH LAW, P.C.**
                                350 Lincoln Street, Suite 2400
                                Hingham, MA 02043
                                Tel: (617) 485-0018
                                Fax: (508) 318-8100
                                anthony@paronichlaw.com