IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TOBY HOY, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>vs.<br><br>MEDICARE HEALTH ADVISORS LLC,<br><br>  Defendant. | 4:25-cv-00207-RGE-HCA<br><br>ORDER |

## I.  INTRODUCTION

Before the Court is Defendant Medicare Health Advisors LLC ("Medicare Health")'s Motion to Bifurcate Discovery. ECF No. 21. Plaintiff Tony Hoy resists. Pl's Opposition Def.'s Mot. Bifurcate Disc., ECF No. 22. Medicare Health filed a reply. ECF No. 23.

Neither party requested oral argument on the motion and the Court finds a hearing is not necessary to resolve this matter. The Court deems the matter fully submitted and ready for ruling. For the following reasons, the Court **grants in part and denies in part** Medicare Health's motion to bifurcate discovery.

## II.  DISCUSSION

Plaintiff Hoy brings claims on behalf of himself and others similarly situated under the Telephone Consumer Protection Act (TCPA), alleging Medicare Health sent marketing telemarketer calls for health insurance, including one "robocall," to Hoy's residential phone number while the number was on the Do Not Call Registry. Compl. ¶¶ 80–88, ECF No. 1; 47 U.S.C. § 227(b) (restrictions on use of automated telephone equipment), § 227(c) (restrictions regarding National Do Not Call Registry). Hoy further brings a claim on behalf of himself and

others similarly situated under the Florida Telephone Solicitation Act (FTSA), alleging Medicare Health allowed telephone sales calls without prior express written consent. Compl. ¶¶ 89–96, ECF No. 1; Fla. Stat. § 501.059.

Medicare Health moves to bifurcate discovery into a ninety-day, initial period principally focused on whether Hoy consented to the calls or any "robot" voice was used in the calls. Def.'s Mot. Bifurcate Discovery ¶¶ 3–4, ECF No. 21. After the initial phase, Medicare Health proposes the parties would submit, and the Court would rule on motions for summary judgment on the narrow issues. *Id.* ¶ 5. Hoy objects, arguing bifurcation would waste judicial and party resources, it would artificially split overlapping issues of what is a "merits" versus a "class" issue, would prejudice Hoy and absent class members, and would undermine the basic goals of fairness, speed, and efficiency. Pl.'s Resist. 3–12, ECF No. 22. In addition, Hoy argues, Medicare Health does not show proceeding with class discovery would cause an undue burden on Medicare Health. *Id.* at 12–13.

### A.     Legal Standard

The Court has discretion to bifurcate discovery. *See, e.g.*, *Adam v. CHW Grp., Inc.*, No. 21-cv-0091-LRR-MAR, 2021 WL 7285904, at *1–2 (N.D. Iowa June 29, 2021). Factors some courts have considered in deciding whether to bifurcate discovery in a TCPA case include "[f]or convenience, to avoid prejudice, or to expedite and economize." *Id.* at *2 (quoting Fed. R. Civ. P. 42(b), governing bifurcation of trial, and citing *Charvat v. Plymouth Rock Energy, LLC*, 15-CV-4106 (JMA) (SIL), 2016 WL 207677, at *1 (E.D.N.Y. Jan. 12, 2016) (citing *Koch v. Pechota*, No. 10 Civ. 9152, 2012 WL 2402577, at *6 (S.D.N.Y. June 26, 2012) (denying motion to bifurcate and noting that the inquiry is not actually governed by Rule 42(b)); *Hartley–Culp v. Credit Mgmt. Co.*, No. CV–14–0282, 2014 WL 4630852, at *2 (M.D. Pa. Sept. 15, 2014) (applying the

TCPA and ruling "There is no question that the Court, in its discretion, can bifurcate discovery under Fed. R. Civ. P. 42.")).); s*ee also Est. of Lokken v. Unitedhealth Grp., Inc.*, No. 23-CV-3514 (JRT/SGE), 2025 WL 2607196, at *1 (D. Minn. Sept. 8, 2025), relying on Fed. R. Civ. P. 42(a)(3) to "issue any . . . orders to avoid unnecessary cost or delay"). Other courts deciding whether to bifurcate discovery in a case brought under TCPA have relied on the directive in Federal Rule of Civil Procedure 1 to administer the Rules to ensure the "just, speedy, and inexpensive determination of every action and proceeding." *Id.* (citing *Larson v. Burlington N. and Santa Fe Ry. Co.*, 210 F.R.D. 663 (D. Minn. 2002)). Where a scheduling order is in place, Federal Rule of Civil Procedure 16(b) also informs the court's analysis. *E.g.*, *Negrete v. Fla. Ins. Servs., Inc.*, No. 423CV00251RGESBJ, 2024 WL 470370, at *2 (S.D. Iowa Feb. 6, 2024) (ruling defendant failed to show good cause for a belated proposal to bifurcate discovery that was "unjust and prejudicial to Plaintiff," "likely to delay, not expedite, the efficient progression of the case," and the court was "not convinced judicial resources will be conserved under Defendant's belated proposal"). Courts have broad discretion to stay discovery under Federal Rule of Civil Procedure 26. *See Adam*, 2021 WL 7285904, at *1 (citing *Steinbuch v. Cutler*, 518 F.3d 580, 588 (8th Cir. 2008), further citations omitted). The party requesting a stay bears the burden of showing circumstances justify a stay. *Id.*

### B.   The Parties' Arguments

Medicare Health argues bifurcation of discovery would not prejudice Hoy and would focus on the narrow, threshold questions whether Hoy consented to a call or heard a "robot" voice. Def.'s Br. Supp. Mot. Bifurcate Discovery 2, 8, 12–13, ECF No. 21-1. Medicare Health seeks to avoid class discovery and spending 58–67 hours extracting its outbound call records for a four-year class period that would have no bearing on a summary judgment argument regarding Hoy's individual

3

claims. *Id.* at 2–3, ECF No. 21-1; Jaffy Decl. ¶ 10, ECF No. 21-2. Medicare Health proposes an initial discovery phase for a period of ninety days on the following questions:

> (i) whether Plaintiff consented to receiving the calls at issue—*i.e.*, whether he received an actionable "telephone solicitation" or provided his "prior express invitation or permission" within the meaning of the TCPA's provisions, related implementing regulations, and the FTSA's meaning; (ii) whether Plaintiff qualifies as a "residential telephone subscriber" within the meaning of the TCPA's DNC regulations; (iii) whether the subject number was properly registered on the National DNC Registry—*e.g.*, who registered it, when, and if it was even allowed to be on the Registry if it is not a "residential" line; (iv) whether Plaintiff heard a "robot" voice during the calls; and (v) whether Plaintiff has standing to bring his claim or would be an appropriate class representative.

Def.'s Br. Supp. Mot. 10, ECF No. 21-1. Medicare Health further proposes the Court rule on any motion for summary judgment on narrow case-dispositive issues, followed by a scheduling conference if Hoy's individual claims survive summary judgment. *Id.* at 11.

Hoy argues bifurcation would duplicate and waste resources because the parties would conduct one round of requests focused on Hoy and then a second round of the same requests for "class" discovery. Pl.'s Resist. 2–4, ECF No. 22 (relying on Fed. R. Civ. P. 26(b)(1), 42(b)). Hoy further argues a significant overlap between the merits of Hoy's individual claims and class certification means bifurcated discovery would cause additional disputes over what is "merit" versus what is "class" discovery. *Id.* at 5–8. Hoy argues bifurcation would prejudice him and absent class members by inviting delay, denied access to discovery including to third-party vendors, and spoliation. *Id.* at 9–12. Finally, Hoy argues the affidavit supporting Medicare Health's stated burden of producing outbound call data includes only generalities and is a modest 58–67 hours, given the resources Hoy expects the action will consume. *Id.* at 13.

In reply, Medicare Health reiterates its prior arguments and points out Hoy already has his own, individualized call records. Def.'s Reply 2–3, ECF No. 23. Medicare Health further argues

Hoy's authorities are distinguishable and do not control in the circumstances before the Court. *Id.* at 3–4.

### C. Analysis

At this early stage of the proceedings, where the Court has not yet held a scheduling conference, and Medicare Health questions whether the only named plaintiff meets the requirements to bring suit under the TCPA, the Court determines that limited, staged discovery will not prejudice Hoy and may expedite the efficient progression of the case. The Court therefore orders staged discovery as follows: Initial, limited fact discovery shall close **sixty days** from the date of this order and is limited to the questions 1) whether Plaintiff Toby Hoy consented to receive the calls at issue under the TCPA, 2) whether the relevant phone line is residential, 3) whether the phone line was properly registered on the Do Not Call registry, and 4) whether Plaintiff Toby Hoy heard a "robot" or prerecorded voice during the call.

Third-party discovery may proceed concurrently with the initial stage of discovery. After the initial stage of discovery closes, discovery as to all issues will commence as well as other Rule 16 deadlines. The Court will not stay class discovery to allow Medicare Health to litigate an as-yet-unfiled dispositive motion on the foregoing issues. Medicare Health may file a dispositive motion regarding these threshold issues at any time, but the filing of such a motion will not prevent Hoy from proceeding with class discovery after the initial sixty-day period has expired. The Court will schedule a Status Conference to set scheduling deadlines. The Court directs the partes to meet and confer before the Status Conference to discuss amended dates to the Proposed Scheduling Order and Discovery Plan, ECF No. 13. The parties shall file an amended Proposed Scheduling Order and Discovery Plan two business days in advance of the Status Conference.

**III.      CONCLUSION**

For the foregoing reasons, the Court **grants in part and denies in part** the motion to bifurcate discovery, as further ordered above. ECF No. 21.

IT IS SO ORDERED.

Dated February 13, 2026.

_____
Helen C. Adams
U.S. Magistrate Judge