IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOW
CENTRAL DIVISION

| | |
|---|---|
| TOBY HOY,<br><br>        Plaintiff,<br><br>vs.<br><br>MEDICARE HEALTH ADVISORS LLC,<br><br>        Defendant. | 4:25-cv-00207-RGE-HCA<br><br>ORDER GRANTING<br>MOTION TO COMPEL IN PART<br>AND DENYING IN PART |

      Plaintiff Toby Hoy ("Hoy") filed a motion to compel discovery from Defendant Medicare Health Advisors LLC ("MHA"), ECF No. 24. MHA filed a response, ECF No. 29, and Hoy filed a reply, ECF No. 30. The Court finds that the motion is ready for ruling and that oral argument is not necessary for resolution. For the following reasons, the Court **grants** the motion in part and **denies** the motion in part as specified below.

      Federal Rule of Civil Procedure 37(a)(3)(B) provides in pertinent part: "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . a deponent fails to answer a question asked under Rule 30 or 31." Additionally, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

      Hoy's motion is narrowly focused on a single document production request: Request for Production No. 5, which seeks "all complaints or do-not-call requests concerning outbound calls made by [MHA] or by any vendor of [MHA] for allowing or making allegedly unlawful or

unauthorized outbound calls. This request, but is not limited to, any[1] written complaints (litigation or pre-litigation) received by [MHA], any response sent, and any internal correspondence about the same." ECF No. 24-1 at 13.

MHA initially objected to this request on the grounds of relevance, proportionality, breadth, and burdensomeness. ECF No. 24-1 at 13–14. In its response to the motion, MHA agreed to produce consumer complaints of Telephone Consumer Protection Act ("TCPA") violations made to various governmental agencies, such as the Federal Trade Commission ("FTC"), Federal Communications Commission ("FCC"), or state attorney general's office and private complaints such as demand letters and lawsuits. ECF No. 29 at 1. The Court orders that MHA also provide any written responses made to such complaints and any related non-privileged internal communications. MHA also agreed to produce its internal do-not-call ("DNC") list identifying individuals who requested not to receive further calls. *Id.* MHA continued to object to locating, extracting, and analyzing historical call recordings for every phone call made to an individual listed on MHA' internal DNC list to determine the specific recording wherein that person asked to be placed on the DNC list. *Id.* at 2.

In his reply, Hoy clarifies that he is not requesting MHA to undertake a review of all phone recordings from all people who have been or are on the DNC list. ECF No. 30. In addition to the documents that MHA has agreed to produce in its response, Hoy seeks any complaints from an individual, not just those involving private lawyers or governmental agencies, plus any written response to such complaint and any internal correspondence regarding such complaints. *Id.*

---

[1] The request as written appears to have a typographical error. The Court assumes that Hoy intended to state: "This request, **seeks,** but is not limited to . . . ."

The Court agrees that "complaints" would encompass a direct communication from an individual, even if no private lawyer or governmental agency was involved, responses, and related internal communications. The problem with Hoy's request is that it has no temporal scope limitations, and as a result is overly broad and disproportionate to the issues currently in the case, as no class has been certified. Accordingly, at this time the Court will limit the request for individual complaints (including responses and related non-privileged internal communications), not involving a private lawyer or governmental agency, for the two year period 2024–2025 (according to Hoy's Complaint, the calls that he received of which he complains occurred in the fall of 2024, ECF No. 1 at 8–9). The Court will not place a similar restriction on the documents that MHA agreed to produce in its response. If the parties have agreed to any such limitation on those documents, the parties' agreement will govern.

Neither party requested attorneys' fees related to this motion to compel. Accordingly, the Court enters no order concerning attorneys' fees.

For the foregoing reasons, Plaintiff Hoy's motion to compel, ECF No. 24, is **granted in part and denied in part**. Defendant MHA shall produce the documents requested in Request No. 5 and noted below to Plaintiff Hoy by no later than March 9, 2026.[2]

1. Consumer complaints of TCPA violations made to various governmental agencies, such as the FTC, FCC, or state attorney general's office and private complaints such as demand letters and lawsuits. ECF No. 29 at 1. The Court orders that MHA also provide any written responses made to such complaints and any related non-privileged internal communications.

---

[2] The parties should abide by the March 9, 2026 date for this production, even though the Court entered an earlier order dealing with phased discovery. ECF No. 33.

2. MHA's internal do-not-call ("DNC") list identifying individuals who requested not to receive further calls.

3. Individual complaints (including responses and related non-privileged internal communications), not involving a private lawyer or governmental agency, for the two-year period 2024–2025.

4. To the extent that MHA withholds any responsive documents based on privilege, MHA shall prepare a privilege log and produce a copy of the log to Hoy.

**IT IS SO ORDERED.**

Dated February 17, 2026.

_Helen C. Adams_
Helen C. Adams
U.S. Magistrate Judge