**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated, | : | CIVIL ACTION FILE NO. 4:25-cv-00207-RGE-HCA |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MEDICARE HEALTH ADVISORS LLC | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |
| _____/ | : | |

**PLAINTIFF'S MOTION FOR RELIEF PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 56(d)**

Pursuant to Federal Rule of Civil Procedure 56(d) and Local Rule 56(d), Plaintiff Toby

Hoy respectfully moves the Court, by separate motion, to defer consideration of (or deny)

Defendant Medicare Health Advisors LLC's ("MHA") Motion for Summary Judgment (ECF No.

46) and to allow Plaintiff time to obtain targeted discovery on the matters identified herein and in

the accompanying Declaration of Anthony Paronich ("Paronich Decl."), filed herewith.

RESPECTFULLY SUBMITTED AND DATED this 11th day of June, 2026.

s/ Anthony I. Paronich_____
Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com
*Counsel for the Plaintiff*

1

**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated, | : | CIVIL ACTION FILE NO. 4:25-cv-00207-RGE-HCA |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MEDICARE HEALTH ADVISORS LLC | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF**

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)**

**<u>INTRODUCTION</u>**

A party may not stonewall discovery on its own affirmative defense, answer sworn interrogatories about that defense with the statement it is "continuing to investigate," never supplement, and then seek summary judgment on the very same defense supported by a declaration reciting compliance facts it never produced in discovery. That is what MHA has done. Rule 56(d) exists for exactly this situation, where the nonmovant "cannot present facts essential to justify its opposition" because those facts sit in the movant's (and its vendors') exclusive possession, the Court may defer or deny the motion and allow time for discovery. Fed. R. Civ. P. 56(d).

Plaintiff respectfully requests that the Court defer ruling on Defendant's Motion for Summary Judgment until after the close of the complete discovery period, including the class discovery period, order MHA to supplement its responses to Interrogatories Nos. 11 and 13 and

related document requests (if any), and, in the alternative, deny the Motion without prejudice pursuant to Rule 56(d)(1).

Plaintiff has filed a full opposition on the present record, which, Plaintiff submits, independently requires denial, but to the extent the Court is inclined to credit any element of MHA's safe-harbor showing, its self-described recordkeeping, or its account of how its dialing system operated, Plaintiff is entitled to test those assertions with the targeted discovery identified below and in the Paronich Declaration.

### BACKGROUND

MHA moved for summary judgment principally on the basis of an *affirmative defense*, the do-not-call "safe harbor" of 47 C.F.R. § 64.1200(c)(2)(i), on which MHA bears the burden of proof on every element. Yet when Plaintiff served interrogatories squarely directed at that defense, asking MHA to describe in detail its process for scrubbing telephone numbers against the National Do Not Call Registry (Interrogatory No. 11) and to identify the persons responsible for TCPA and Do Not Call Registry compliance (Interrogatory No. 13), MHA answered, only that it was "continuing to investigate" and would supplement. (Paronich Decl.) It never did.

Plaintiff served interrogatories directed at the heart of the safe harbor defense. Interrogatories No. 11 and 12 asked MHA to identify and describe the processes for DNC compliance and each person responsible for the activities. MHA simply responded that it was continuing to investigate and never supplemented either response, notwithstanding its continuing obligation under Rule 26(e). Its other responses interposed relevance and proportionality objections, asserted that discovery should be confined to the named Plaintiff, and objected on the basis of bifurcated discovery. (*Id.*)

Then, on April 30, 2026, twenty days after its CEO's deposition, MHA moved for summary judgment on the safe harbor, supported by a Supplemental Jaffy Declaration asserting, for the first time, that a training deck "or a deck substantially similar" to the one included in its motion was in use as of July 2024, that MHA allegedly conducted "audits" of Virtual Buddy calls, that MHA's internal do not call list contained hundreds of thousands of entries, that MHA prior relationship with Data Prosper before the September 18, 2024 insertion order, and MHA's "ordinary practice" was to record connected calls to Amazon Web Services. (ECF. 46-2 ¶¶ 23, 35-44, 59; APPX_013-17.) *None of these facts* were disclosed or produced in discovery or addressed at Mr. Jafey's deposition. (Paronich Decl.) Meanwhile, the call records MHA did produce begin at "Attempt 17," omit the October 2024 calls shown in Plaintiff's carrier records, and include no recording for the connected November 18, 2024 call, despite the claimed recording practice. (Paronich Decl.) The records also lack information about the operation of MHA's admitted dialing platform, DialedIn f/k/a Chase Data, its configuration, and its disposition codes, which are matters within the exclusive knowledge of MHA and third parties. (Paronich Decl.)

As set forth in the foregoing brief and declaration, Plaintiff identifies the specific, essential facts he seeks, the specific discovery that will produce them, why those facts would preclude summary judgment, and why, despite Plaintiff's diligence, they could not be presented now. *See* Fed. R. Civ. P. 56(d); *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 894 (8th Cir. 2014). This motion is supported by the accompanying brief and the Declaration of Anthony Paronich, submitted pursuant to Rule 56(d) and Local Rule 56(d). Plaintiff's oppositoin to the merits of the Motion is filed separately and is not waived by this request.

## LEGAL STANDARD

Summary judgment is appropriate only "after adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Under Rule 56(d), if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d) (cleaned up). The movant under Rule 56(d) must show what specific facts further discovery might uncover and how those facts would be essential to the opposition. *Toben*, 751 F.3d at 894-95. Such requests are not disfavored. Rule 56(d) "should be applied with a spirit of liberality," and district courts should grant relief where the nonmovant has been diligent and the facts sought are within the opposing party's control. *U.S. ex.rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002). The case for relief is at its strongest where, as here, the movant seeks summary judgment on an *affirmative defense* on which it bears the burden of proof while withholding the discovery that would test that defense.

## ARGUMENT

**1.    Plaintiff identifies specific, essential facts.**

The Paronich Declaration enumerates, category by category, the specific facts Plaintiff seeks and the specific discovery vehicles that will produce them. In summary, these facts include the various of the safe harbor elements, including whether MHA established and implemented *written* do not call procedures during August-December 2024, whether anyone who dialed Plaintiff received such training, how the internal do not call list actually operated and whether it was enforced, whether MHA or any vendor subscribed to, downloaded, or scrubbed against the National Do Not Call Registry (including any Subscription Account Number), and the records, if

any, documenting that process. Relatedly, Plaintiff requires additional discovery to reconcile the differences in the Inbounds records for the lead, including why Inbounds associated the initial lead with "Yolanda" and the associated Verisk data for that lead.

With respect to the various calling record inconsistencies bearing on whether the calls Plaintiff received were initiated using a prerecorded voice, the Plaintiff requires the complete dialer records for Plaintiff's number, the complete recordings repository (including the missing recording for connected Attempt 24), the meanings and methodology for the various disposition codes appearing on MHA's log, and an explanation, under oath, of why MHA's recordings, MHA's log segments, and the carrier's durations do not reconcile. Relatedly, as it pertains to the FTSA claims, the Plaintiff will need to take discovery into the configuration of MHA's DialedIn account and its associated functionality.

**2.    Each category is essential to the opposition.**

The facts sought map directly onto the dispositive issues. MHA's safe harbor defense fails unless MHA proves *all five* minimum standards of 47 C.F.R. § 64.1200(c)(2)(i). Although the Plaintiff respectfully submits that MHA has not met its burden of producing admissible evidence so showing, discovery confirming what the present record already indicates, that there are no written procedures, no Registry subscription, no scrub logs, no fronter training, would conclusively defeat the defense. Moreover, discovery contradicting the Supplemental Jaffy Declaration would do the same while also impeaching MHA's principal witness. Concerningly, MHA refused to supplement its interrogatories and the several pieces of "evidence" and new assertions on which MHA's motion rests solely on a declaration unsupported by any produced document and based on information that MHA promised to supplement in discovery and didn't.

Relatedly, the complete dialer records and DialedIn configuration bear directly on whether the produced recordings are complete (Count I) and whether the calls involved an automated selection and dialing system or recorded messages (Count III). And the Inbounds and Verisk materials bear directly on the authenticity and admissibility of the consent records that are the sole foundation of MHA's "reasonable reliance" argument.

**3.      Plaintiff has been diligent because the gap in the record is of MHA's making.**

Plaintiff served targeted written discovery on precisely these subjects. MHA answered the two most important interrogatories with a statement that it was "continuing to investigate" and never supplemented, and then never did, only to sandbag the Plaintiff with additional information, declarations, and materials that were never produced in discovery and on which the Plaintiff never had any opportunity to cross-examine anyone about. To that end, Plaintiff deposed MHA's CEO on April 10, 2026, where he conceded he had no formal written TCPA policy, did not know whether his dialer was predictive, and had not audited his lead vendor. Twenty days later, MHA filed a summary judgment motion built on a new declaration asserting the very opposite. A party cannot complain that the nonmovant lacks evidence on issues as to which it blocked discovery, and especially not when the nonmovant bears the extraordinary burden of demonstrating it is entitled to its affirmative defense. The information sought rests in the hands of MHA and its vendors, not Plaintiff. Where the essential facts are in the movant's control and the nonmovant has pursued them diligently, Rule 56(d) relief should be granted.

**CONCLUSION**

To the extent the Court does not deny MHA's motion outright on the existing record, Plaintiff respectfully requests that the Court defer ruling until after additional discovery, including class discovery, is conducted and order MHA to supplement its responses to

Interrogatories Nos. 11 and 13 and related document requests, or, in the alternative, deny the

motion without prejudice pursuant to Rule 56(d)(1).

RESPECTFULLY SUBMITTED AND DATED this 11th day of June, 2026.

*s/ Anthony I. Paronich*_____

Anthony I. Paronich

**PARONICH LAW, P.C.**

350 Lincoln Street, Suite 2400

Hingham, MA 02043

Tel: (617) 485-0018

Fax: (508) 318-8100

anthony@paronichlaw.com

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2026, I electronically filed the foregoing with the Clerk

of the Court, using the CM/ECF system, which sent notification of such filing to all attorneys

registered with the CM/ECF system.

*s/ Anthony I. Paronich*_____

Anthony I. Paronich

**PARONICH LAW, P.C.**

350 Lincoln Street, Suite 2400

Hingham, MA 02043

Tel: (617) 485-0018

Fax: (508) 318-8100

anthony@paronichlaw.com

*Counsel for the Plaintiff*
