**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

TOBY HOY, individually and on behalf of all others similarly situated,         :
                                                                              :        CIVIL ACTION FILE NO. 4:25-cv-00207-
                                                                              :        RGE-HCA
        Plaintiff,                                                            :
                                                                              :
v.                                                                            :
                                                                              :
MEDICARE HEALTH ADVISORS LLC                                                  :
                                                                              :
        Defendant.                                                           :
                                                                              :
                                                                              :
                                                                              :
                                                                              :
_____/

**DECLARATION OF ANTHONY  PARONICH IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P. 56(d)**

I, Anthony Paronich, declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am an attorney in this matter and counsel of record for Plaintiff Toby Hoy. I am over eighteen years of age and make this declaration based on my personal knowledge of the proceedings and discovery in this action. If called as a witness, I could and would testify competently to the matters stated herein.

2.      I submit this declaration pursuant to Federal Rule of Civil Procedure 56(d) and Local Rule 56(d) in support of Plaintiff's separately filed Motion for Relief Pursuant to Rule 56(d), to identify the specific facts essential to Plaintiff's opposition to Defendant Medicare Health Advisors LLC's ("MHA") Motion for Summary Judgment (ECF No. 46) that Plaintiff cannot presently obtain, the specific discovery that would produce those facts, and the reasons those facts could not be presented despite Plaintiff's diligence.

3.      Plaintiff has diligently pursued discovery in this action. Among other things, Plaintiff served interrogatories and requests for production directed at MHA's calling practices,

1

dialing systems, lead acquisition, consent records, and, directly relevant here, its Do Not Call Registry compliance.

4.      Plaintiff's Interrogatory No. 11 asked MHA to "[i]dentify and describe in detail the process by which you (or any vendor acting on your behalf) 'scrubbed' telephone numbers against the National Do Not Call Registry during the relevant time period," including "all persons involved, the software or service provider(s) used, and the frequency of such scrubs."

5.      MHA's complete sworn response to Interrogatory No. 11 was: "Medicare Health states that it is continuing to investigate the response to this Interrogatory and will supplement this response as discovery continues."

6.      Plaintiff's Interrogatory No. 13 asked MHA to "[i]dentify each person or entity responsible for TCPA or Do Not Call Registry compliance during the relevant period, including their job titles, dates of service, and specific responsibilities."

7.      MHA's complete sworn response was, again: "Medicare Health states that it is continuing to investigate the response to this Interrogatory and will supplement this response as discovery continues."

8.      MHA has never supplemented either response, notwithstanding its obligation under Federal Rule of Civil Procedure 26(e).

9.      MHA's remaining discovery responses repeatedly objected on relevance and proportionality grounds and asserted that discovery should be limited "to only issues pertaining to Plaintiff directly."

10.     MHA produced no written do not call procedures in effect during the period of the calls, no National Do Not Call Registry subscription records, no scrub logs, no audit records, and no records documenting any process to prevent solicitations to registered numbers.

11.     I deposed MHA's Chief Executive Officer, Max Jaffy, on April 10, 2026. Mr. Jaffy testified, among other things, that MHA has no formal written TCPA compliance policy, only "outlines in our training materials" (Jaffy Dep. 39:25-40:3); that MHA's calling vendor "used DialedIn . . . or ChaseData," which he would describe only as "a dialing system" (Jaffy Dep. 38:19-25); that "there's no way to guarantee" no prerecorded messages were used and that he relied on "relationship and trust" with the vendor (Jaffy Dep. 39:2-18); and that MHA never audited its lead vendor and took no steps to verify the lead at issue (Jaffy Dep. 30:3-22, 31:16-32:4).

12.     On April 30, 2026, MHA filed its Motion for Summary Judgment, resting Count II entirely on the affirmative safe harbor defense of 47 C.F.R. § 64.1200(c)(2)(i), supported by a Supplemental Declaration of Mr. Jaffy. (APPX_013-17.)

13.     The Supplemental Jaffy Declaration asserts, for the first time in this litigation, a series of compliance facts that MHA never disclosed in its discovery responses and for which it has produced no underlying documents, including that the training deck was in use as of July, that MHA conducted audits of Virtual Buddy calls, information pertaining to its internal do not call list, that MHA had a prior relationship with Data Prosper before the September 18, 2024 insertion order, and that MHA's ordinary practice was to record connected calls and store them through Amazon Web Services.

14.     None of these aforementioned materials, facts, or evidence were produced in this litigation.

15.     Plaintiff thus faces a summary judgment motion on an affirmative defense as to which MHA refused to provide substantive interrogatory answers, produced none of these aforementioned documents, and now relies on declaration testimony that Plaintiff has had no

opportunity to test or cross-examine against the underlying records, records in the exclusive possession of MHA and its vendors.

16.     The call records MHA produced are incomplete on their face. MHA's dialer log for Plaintiff's number begins at "Attempt 17" on November 1, 2024, and omits at least sixteen earlier attempts. Moreover, Plaintiff's US Cellular carrier records reflect additional calls in October 2024 from telephone numbers in the same caller ID pools MHA used in December 2024, none of which appears on MHA's log. And MHA produced no recording for the connected, 12-second November 18, 2024 call shown on its own log, despite the claimed practice of recording connected calls. Finally, the durations of MHA's four produced recordings do not reconcile with either MHA's own log segments or the carrier's records.

17.     In verified interrogatory answers, MHA admitted that it used DialedIn. But, in response to Plaintiff's Request for Production No. 9, which sought communications with the third parties that dialed the calls, MHA objected that its "communications with DialedIn do not relate directly to this lawsuit or Plaintiff," and produced no DialedIn configuration or call detail records.

18.     The configuration and operation of the DialedIn platform as used for the calls to Plaintiff are facts within the exclusive knowledge and possession of MHA, and DialedIn and directly bear on the FTSA claims.

19.     If afforded relief under Rule 56(d), Plaintiff will seek discovery into, among other things, the various of the safe harbor elements, including whether MHA established and implemented written do not call procedures during August-December 2024, whether anyone who dialed Plaintiff received such training, how the internal do not call list actually operated and whether it was enforced, whether MHA or any vendor subscribed to, downloaded, or scrubbed

4

against the National Do Not Call Registry (including any Subscription Account Number), and the records, if any, documenting that process. Relatedly, Plaintiff requires additional discovery to reconcile the differences in the Inbounds records for the lead, including why Inbounds associated the initial lead with "Yolanda" and the associated Verisk data for that lead.

20.     With respect to the various calling record inconsistencies bearing on whether the calls Plaintiff received were initiated using a prerecorded voice, the Plaintiff requires the complete dialer records for Plaintiff's number, the complete recordings repository (including the missing recording for connected Attempt 24), the meanings and methodology for the various disposition codes appearing on MHA's log, and an explanation, under oath, of why MHA's recordings, MHA's log segments, and the carrier's durations do not reconcile. Relatedly, as it pertains to the FTSA claims, the Plaintiff will need to take discovery into the configuration of MHA's DialedIn account and its associated functionality.

21.     Discovery into each of these matters is necessary to the opposition to each of the three enumerated bases in the Defedndant's motion.

22.     These facts would preclude summary judgment. The safe harbor is an affirmative defense on which MHA bears the burden of proving every element of 47 C.F.R. § 64.1200(c)(2)(i). The aforementioned facts go to each of the five minimum standards and to the credibility of the Supplemental Jaffy Declaration on which MHA's motion rests.

23.     They also go directly to whether MHA's four produced recordings are complete, the linchpin of MHA's Count I argument, and to whether the calls involved an automated system for the selection and dialing of telephone numbers or recorded messages under Fla. Stat. § 501.059(8)(a) (Count III). They also additionally go to the authenticity, admissibility, and

validity of the consent records underlying MHA's "reasonable reliance" argument. Each category is therefore essential to justify Plaintiff's opposition within the meaning of Rule 56(d).

24.    Plaintiff sought these facts in discovery. MHA answered the requests involving these matters with a statement it was "continuing to investigate" and never supplemented and produced none of the underlying evidence on which it now relies, without the opportunity to cross examine witnesses on the same. Plaintiff could not, with reasonable diligence, have presented these facts in opposition on the current record.

25.    This motion is made in good faith and not for purposes of delay. Plaintiff has separately filed a full opposition to MHA's motion on the existing record. This request is made in the alternative, to the extent the Court would otherwise credit any portion of MHA's motion.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT

EXECUTED THIS _June 11, 2026_____
IN THE UNITED STATES OF AMERICA.


_____
Anthony Paronich

6