IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated, | Case No. 4:25-cv-00207-RGE-HCA |
| Plaintiff, | **DEFENDANT'S RESISTANCE TO PLAINTIFF'S RULE 56(d) MOTION** |
| v. | |
| MEDICARE HEALTH ADVISORS LLC, | |
| Defendant. | |

Plaintiff seeks relief under Rule 56(d) based upon the assertion that Defendant failed to provide discovery concerning TCPA compliance procedures, do-not-call procedures, training materials, vendor oversight, auditing practices, and related subjects. The record demonstrates otherwise. Plaintiff received amended interrogatory responses, multiple rounds of document productions, supplemental productions following Plaintiff's motion to compel, training and compliance materials, and a Rule 30(b)(6) deposition concerning the very topics identified in the motion. Because Plaintiff has not demonstrated that facts essential to oppose summary judgment are unavailable, the motion should be denied.

**I.    PLAINTIFF RECEIVED EXTENSIVE DISCOVERY CONCERNING THE SUBJECTS IDENTIFIED IN THE MOTION**

The premise of Plaintiff's motion is that Defendant failed to provide meaningful discovery concerning its calling practices, compliance procedures, training, vendor relationships, and related issues. The procedural history of discovery demonstrates otherwise.

Defendant served written responses to Plaintiff's interrogatories and requests for production. Defendant thereafter produced documents and supplemented its production throughout the discovery process. Plaintiff filed a motion to compel on December 9, 2025. Defendant

continued reviewing responsive information and supplemented its productions. Following the Court's February 17, 2026 Order granting the motion in part, Defendant again reviewed its files and made an additional supplemental production on March 9, 2026. See Exhibit A; Declaration of James A. Peterson, ¶¶ 2-11.

Thus, this is not a case in which a party ignored discovery obligations, refused to participate in discovery, or withheld all information concerning the subjects identified in a Rule 56(d) motion. Rather, the record reflects ongoing discovery, supplementation, motion practice, and additional production throughout the case.

Plaintiff's disagreement with the scope or substance of Defendant's discovery responses does not establish that facts essential to oppose summary judgment are unavailable.

## II.    PLAINTIFF'S ASSERTION THAT DEFENDANT NEVER SUPPLEMENTED INTERROGATORIES NOS. 11 AND 13 IS INCORRECT

A substantial portion of Plaintiff's motion is premised upon the assertion that Defendant never supplemented its responses to Interrogatories Nos. 11 and 13.

That assertion is incorrect.

Defendant served amended responses to those interrogatories. In its amended response to Interrogatory No. 11, Defendant disclosed its position that it contacts only individuals from whom prior express written consent has been obtained and therefore does not engage in the National Do Not Call Registry scrubbing process assumed by the interrogatory. See Exhibit A-1; Peterson Decl. ¶ 9.

Likewise, Defendant served an amended response to Interrogatory No. 13 identifying the individuals responsible for oversight and compliance-related functions and describing their responsibilities. See Exhibit A-1; Peterson Decl. ¶ 9

Plaintiff may disagree with those responses. Plaintiff may contend that additional

information should have been provided. However, Plaintiff's repeated assertion that Defendant never supplemented these interrogatories is demonstrably inaccurate.

This distinction is important because Plaintiff's Rule 56(d) motion repeatedly relies upon the premise that Defendant left these interrogatories unanswered and then relied upon previously undisclosed information in support of summary judgment. The record instead reflects that amended responses were served months before Plaintiff filed the present motion.

## III.     PLAINTIFF RECEIVED TRAINING AND COMPLIANCE MATERIALS ADDRESSING THE SUBJECTS IDENTIFIED IN THE MOTION

Plaintiff repeatedly argues that Defendant failed to disclose information concerning compliance procedures, do-not-call practices, agent training, quality-control measures, and related compliance issues.

However, Defendant produced training and compliance materials addressing those subjects.

Among other things, the training materials discuss compliance obligations, handling consumer requests to be placed on an internal do-not-call list, call-recording disclosures, enrollment procedures, quality-control expectations, compliance scoring, and restrictions on agent conduct. See ECF No. 46-3, Pages APPX_042 through APPX_101.

For example, the training materials specifically instruct agents regarding the handling of do-not-call requests, including directing agents to designate the consumer as "DO NOT CALL" and maintain records to ensure the consumer is not contacted again. The training materials also discuss compliance obligations, recording disclosures, and procedures designed to ensure compliant interactions with consumers. *Id*.

Plaintiff's motion attempts to portray these subjects as appearing for the first time in Defendant's summary judgment submissions. The production of training and compliance materials

demonstrates otherwise.

Whether Plaintiff believes those materials are sufficient is a separate issue. The relevant point for Rule 56(d) purposes is that Defendant did not withhold the existence of compliance procedures, training, or internal do-not-call practices.

## IV.    PLAINTIFF CONDUCTED A RULE 30(b)(6) DEPOSITION CONCERNING THE VERY SUBJECTS IDENTIFIED IN THE MOTION

Plaintiff's Rule 30(b)(6) notice specifically sought testimony concerning TCPA compliance, do-not-call procedures, training, audits, dialing systems, vendor relationships, consent procedures, and related compliance issues. See Exhibit B.

Defendant produced Max Jaffy as its designated corporate representative.

Plaintiff therefore had the opportunity to question Defendant concerning the precise subjects that now form the basis of the Rule 56(d) motion.

Indeed, Plaintiff's own deposition notice demonstrates that Plaintiff was aware of these issues and actively pursued discovery concerning them. Plaintiff cannot contend that information regarding these topics was wholly unavailable while simultaneously acknowledging that he noticed and took a Rule 30(b)(6) deposition directed at those same topics.

Moreover, Plaintiff actually questioned Mr. Jaffy concerning Defendant's relationships with Inbounds, Data Prosper, Virtual Buddy, DialedIn, and related entities. Plaintiff also questioned Mr. Jaffy regarding training, compliance, call review practices, lead sources, consent practices, and Defendant's business operations.

Rule 56(d) relief is not appropriate where the party seeking relief had the opportunity to obtain testimony concerning the exact subjects allegedly requiring additional discovery.

**V.    PLAINTIFF'S COMPLAINTS CONCERNING VENDOR RELATIONSHIPS, CONSENT SOURCES, AND DIALING SYSTEMS DO NOT JUSTIFY RULE 56(d) RELIEF**

Plaintiff also contends that additional discovery is necessary concerning Inbounds, Data Prosper, Virtual Buddy, DialedIn, ChaseData, and related vendor relationships.

However, those subjects were disclosed during discovery. Plaintiff had ample opportunity to conduct additional discovery or question Defendant's representative regarding same.

Defendant identified the source of Plaintiff's lead information, the source of Plaintiff's alleged consent, the dialing platform used in connection with Plaintiff, and the entities involved in communicating with Plaintiff. Defendant's discovery responses identified Inbounds.com f/k/a Data Prosper, DialedIn f/k/a ChaseData, and Virtual Buddy 24/7.

Those same subjects were further explored during the Rule 30(b)(6) deposition.

Plaintiff therefore cannot demonstrate that facts concerning these entities remain unavailable despite diligent discovery efforts.

**VI.    PLAINTIFF IMPROPERLY CONFLATES THE ABSENCE OF DOCUMENTS WITH A FAILURE TO PRODUCE DOCUMENTS**

Several portions of Plaintiff's motion appear to assume that if a particular category of documents was not produced, Defendant must have improperly withheld those documents.

That assumption is unwarranted.

Defendant conducted reasonable inquiry concerning Plaintiff's discovery requests, reviewed responsive information, supplemented its responses and productions, and produced responsive non-privileged documents located after that inquiry. See Peterson Decl. ¶¶ 13-15

To the extent Plaintiff identifies categories of documents that were not produced, Defendant's position is that responsive documents were not located following reasonable inquiry and review.

Rule 56(d) does not authorize additional discovery based upon speculation that additional documents must exist. Nor does Rule 56(d) permit a party to avoid summary judgment because certain information exists in the form of witness testimony, business practices, or institutional knowledge rather than formal written records.

## VII. PLAINTIFF'S MOTION REFLECTS DISAGREEMENT WITH DEFENDANT'S EVIDENCE RATHER THAN AN INABILITY TO OPPOSE SUMMARY JUDGMENT

Ultimately, Plaintiff's motion does not establish that facts essential to oppose summary judgment are unavailable.

Instead, Plaintiff argues that Defendant's summary judgment evidence contains information Plaintiff believes should have been disclosed differently, disclosed earlier, or supported by additional documentation.

That is not the purpose of Rule 56(d).

Plaintiff received written discovery responses, amended interrogatory responses, multiple rounds of document production, supplemental productions following Plaintiff's motion to compel, training and compliance materials, and Rule 30(b)(6) testimony concerning the precise subjects identified in the motion.

Under these circumstances, Plaintiff has failed to demonstrate that facts essential to oppose summary judgment remain unavailable. Accordingly, Plaintiff's Rule 56(d) motion should be denied.

WHEREFORE, Defendant Medicare Health Advisors LLC respectfully requests that the Court deny Plaintiff's Rule 56(d) Motion and grant such other and further relief as the Court deems just and proper.

Dated June 22, 2026.

MEDICARE HEALTH ADVISORS LLC,
Defendant

By: */s/ James A. Peterson*
    James A. Peterson, Esq.
    *(admitted pro hac vice)*
    PETERSON LEGAL P.A.
    5079 North Dixie Highway, Suite 105
    Oakland Park, Florida 33334
    Telephone: (754) 444-8076
    james@petersonlegal.com

Victoria H. Buter (#AT0009169)
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, Nebraska 68102-2186
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
vicki.buter@kutakrock.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2026, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to the following attorneys registered with the CM/ECF system:

Eric S. Mail, Esq.                    Anthony Paronich, Esq.
PURYEAR LAW P.C.                      PARONICH LAW, P.C.
3719 Bridge Avenue, Suite 6          350 Lincoln Street, Suite 2400
Davenport, Iowa 52807                 Hingham, MA  02043
mail@puryearlaw.com                   anthony@paronichlaw.com

*/s/ James A. Peterson*
James A. Peterson

7