IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated, | Case No. 4:25-cv-00207-RGE-HCA |
| Plaintiff, | |
| v. | **DECLARATION OF JAMES A. PETERSON IN SUPPORT OF DEFENDANT'S RESISTANCE TO PLAINTIFF'S RULE 56(d) MOTION** |
| MEDICARE HEALTH ADVISORS LLC, | |
| Defendant. | |

I, James A. Peterson, declare as follows:

1.     I am lead counsel for Defendant MEDICARE HEALTH ADVISORS LLC ("MHA"). I am over the age of 18 and make this declaration based upon my personal knowledge.

2.     During discovery, MHA served its initial written responses to Plaintiff's interrogatories and requests for production on October 2, 2025 via email to Plaintiff's lead counsel and local counsel.

3.     MHA then produced its first round of responsive documents, Bates 0001 through 0113, via two separate emails on October 24, 2025 to Plaintiff's lead counsel and local counsel.

4.     During this initial production, MHA produced training and compliance materials bearing Bates numbers 0049 through 0108. A true and correct copy of those materials can be viewed as an exhibit to Defendant's Motion for Summary Judgment (ECF No. 46-3, Pages APPX_042 through APPX_101).

5.     MHA then supplemented its production with Bates 0114 through 0116 via email on December 5, 2025 to Plaintiff's lead counsel and local counsel.

6.     On December 9, 2025, Plaintiff filed a motion to compel.

7.     Following Plaintiff's motion to compel, Defendant continued reviewing potentially responsive information and supplemented its document production.

8.     On December 16, 2025, MHA served a supplemental production, Bates 0117 through 0121 via email to Plaintiff's lead counsel and local counsel.

9.     Importantly, this email also contained MHA's Defendant's Amended Answers, Responses and Objections to Plaintiff's First Set of Interrogatories. A true and correct copy of those amended responses is attached to this Declaration as Exhibit A-1. The transmittal email is attached as Exhibit A-2.

10.     On February 17, 2026, the Court entered an Order granting Plaintiff's motion to compel in part.

11.     Following the Court's Order, Defendant again reviewed potentially responsive information and made an additional supplemental production on or about March 9, 2026. This production used a shared folder that Plaintiff could access via a link, which was itself transmitted via email to Plaintiff's lead counsel and local counsel.

12.     Plaintiff subsequently took the deposition of MHA's designated corporate representative, Max Jaffy, pursuant to Federal Rule of Civil Procedure 30(b)(6) on April 10 2026.

13.     Prior to serving amended discovery responses and supplemental productions, I communicated with representatives of MHA regarding Plaintiff's discovery requests and the existence of responsive information and documents.

14.     Based upon those communications and my review of the discovery process in this matter, MHA produced responsive non-privileged documents located after reasonable inquiry and review.

15.    To the extent Plaintiff identifies categories of documents that were not produced, it is my understanding that MHA conducted reasonable inquiry regarding those categories and produced all responsive non-privileged documents that were located during that process.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Executed on June 23, 2026.

*James A. Peterson*
_____
James A. Peterson

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated, | Case No. 4:25-cv-00207-RGE-HCA |
| Plaintiff, | |
| v. | **DEFENDANT'S AMENDED ANSWERS, RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| MEDICARE HEALTH ADVISORS LLC, | |
| Defendant. | |

Defendant Medicare Health Advisors LLC ("Defendant" or "Medicare Health"), by and through its attorneys and pursuant to Fed. R. Civ. P. 33 and Local Rule 33, hereby provides the following amended answers, responses and objections to Plaintiff Toby Hoy's ("Plaintiff" or "Mr. Hoy") First Set of Interrogatories to Defendant.

**PRELIMINARY STATEMENTS TO INTERROGATORIES**

Defendant interposes the following Preliminary Statement and comments to Plaintiff's First Set of Interrogatories. These apply to each individual discovery request. To the extent that certain objections are cited in response to a specific request, Defendant provides specific citations because the objections are believed to be particularly applicable to that request. These specific citations are not to be construed as a waiver of any other general objections applicable to information falling within the scope of the discovery request.

1.      Defendant's investigation is ongoing. Defendant reserves the right to amend, modify and/or revise these objections and answers, or to produce additional information and documents, as a result of such investigation.

**EXHIBIT A-1**

2.    A statement herein that documents will be produced is a representation of Defendant's willingness to produce such documents if they exist and can be located by a reasonable, good faith effort, and not a representation that the documents in fact exist.

3.    Defendant specifically objects to Plaintiff's Definition No. 11 which seeks to require a near summary of each and every document that may be responsive to a particular interrogatory, as this would impose an undue burden on Defendant.  Fed. R. Civ. P. 33(d) allows Defendant the option to produce business records in response to an interrogatory, "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party…" All of Defendant's document productions have been or will be produced as searchable documents with underlying metadata, and the documents are therefore equally as searchable by Plaintiff. Defendant will not identify documents with the level of detail requested by Plaintiff.

## AMENDED ANSWERS AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**RESPONSE TO INTERROGATORY NO. 1:**  Medicare Health objects to this Interrogatory for the reason that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.  Subject to and without waiving these objections, Medicare Health states that counsel for Medicare Health prepared the answers to these Interrogatories based upon relevant information and documents provided by Max Jaffy.

2

**INTERROGATORY NO. 2:**  Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff.  This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**RESPONSE TO INTERROGATORY NO. 2:**  Medicare Health objects to this Interrogatory as seeking irrelevant information and information that is disproportionate to the claims and defense in the litigation to the extent it goes beyond the call made to the named Plaintiff in this litigation. At this time, a class has not been certified and, accordingly, names of all employees who make outbound calls are not relevant to the current posture of the litigation. Additionally, Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly.

Subject to and without waiving these objections, Medicare Health states that no employee, agent, or vendor of Medicare Health makes marketing outbound calls to promote goods and services unless and until there is already an established relationship with Medicare Health or until an opt-in and/or prior express written consent has been received by an individual requesting to be contacted. Medicare Health further states that its telephone calls are not telemarketing, but purely informational in nature.

With respect to Plaintiff specifically, Medicare Health obtained Plaintiff's information and a prior express written consent to be contacted from Inbounds.com f/k/a Data Prosper. Defendant than used DialedIn f/k/a Chase Data to dial Plaintiff's telephone number pursuant to the prior express written consent. Plaintiff then spoke with live agents from Virtual Buddy 24/7.

3

**INTERROGATORY NO. 3:**  Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**RESPONSE TO INTERROGATORY NO. 3:**  Medicare Health objects to this Interrogatory as seeking irrelevant information and information that is disproportionate to the claims and defense in the litigation to the extent it goes beyond the call made to the named Plaintiff in this litigation. At this time, a class has not been certified and, accordingly, the work of "each employee" is not relevant to the current posture of the litigation.  Medicare Health also objects to this Interrogatory as vague and ambiguous as to which employees are at issue in this Interrogatory.  Additionally, Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly.

Subject to and without waiving these objections, and based on Medicare Health's interpretation that this refers to the employees, agents, or vendors identified in the response to Interrogatory No. 2, Medicare Health states that no employee, agent or vendor of Medicare Health makes marketing outbound calls to promote goods and services unless and until there is already an established relationship with Medicare Health or until an opt-in and/or prior express written consent has been received by an individual requesting to be contacted. Medicare Health further states that its telephone calls are not telemarketing, but purely informational in nature.

With respect to Plaintiff specifically, see Defendant's response to Interrogatory No. 3 above for the information requested.

**INTERROGATORY NO. 4:**  Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.

4

**RESPONSE TO INTERROGATORY NO. 4:**  Medicare Health objects to this Interrogatory because such information is not relevant to any party's claim or defense and is disproportional to the needs of the case at this time because the information as requested seeks information that has no bearing on the allegations in the putative Class Action Complaint.  As worded, this Interrogatory seeks information regarding any third party used by any vendor of Medicare Health, and is not limited to the matters at issue in the litigation.  Medicare Health further objects to this Interrogatory as overbroad and as seeking irrelevant information to the extent it seeks information regarding vendors beyond those involved in the call to the named Plaintiff.  At this time, a class has not been certified and, accordingly, *all* third parties or sub-vendors are not relevant to the current posture of the litigation.  Additionally, Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly.

With regard to any subvendors or third-parties directly involved with Plaintiff, Defendant does not have any further knowledge than what is contained in response to Interrogatory No. 2 above. Discovery is ongoing and Defendant will supplement this response if needed.

**INTERROGATORY NO. 5:**  Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**RESPONSE TO INTERROGATORY NO. 5:**  Medicare Health states that it is continuing to investigate the response to this Interrogatory and will supplement this response as discovery continues.

**AMENDED RESPONSE TO INTERROGATORY NO. 5:** From Medicare Health, Amber Piotter spoke with Plaintiff. Based on my review of the call logs produced in this matter (Bates

0114), Plaintiff also spoke with Maria Jumawan and Dhedrhey Morandarte, who are employees of Virtual Buddy 24/7.

**INTERROGATORY NO. 6:**  If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**RESPONSE TO INTERROGATORY NO. 6:**  Plaintiff provided a prior written consent to be contacted by Defendant on or about July 6, 2024. For further details, please refer to the Verisk Marketing Solutions report and the lead information screenshot produced in Defendant's document production.

**AMENDED RESPONSE TO INTERROGATORY NO. 6:** Medicare Health does not have first-hand knowledge of some of this information. Based on a review of the documents produced and additional investigation, upon information and belief, Medicare Health believes Plaintiff visited arcamaxjobs.com to provide prior express written consent to be contacted. Medicare Health believes that website was owned by Apptness Media Group LLC, 399 NW 2nd Ave, Suite 100, Boca Raton, FL 33432. Apptness Media Group or Inbounds.com may have additional information relevant to this interrogatory.

**INTERROGATORY NO. 7:**  If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**RESPONSE TO INTERROGATORY NO. 7:**  Medicare Health refers Plaintiff to its response to Interrogatory No. 2 above.

6

**INTERROGATORY NO. 8:**  Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**RESPONSE TO INTERROGATORY NO. 8:**  Medicare Health objects to this request as overbroad and unduly burdensome to the extent it seeks "all" communications with any third-party regarding this lawsuit.  It would be burdensome and potentially impossible to conduct a review to ensure that "all" communications relating to this topic are located, reviewed and produced, and attempting to do so would not be proportional to the needs of the case.  Medicare Health further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine and/or any other applicable privilege.

Subject to and without waiving these objections, pursuant to Fed. R. Civ. P. 33(d), non-privileged documents responsive to this Interrogatory will be produced.


**INTERROGATORY NO. 9:**  Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**RESPONSE TO INTERROGATORY NO. 9:**  Medicare Health uses DialedIn f/k/a Chase Data for its dialer.


**INTERROGATORY NO. 10:**  State all facts in support of any affirmative defenses you have raised.

**RESPONSE TO INTERROGATORY NO. 10:**  Medicare Health interprets this Interrogatory as twenty-one separate Interrogatories.  Medicare Health objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege or the work-product privilege, or is asking for attorney impressions.  Subject to and without waiving these objections, Medicare Health

refers Plaintiff to the facts evidenced by the discovery responses and initial disclosures served in this matter, as well as all documents that may be produced in this matter by all parties and third parties as possible facts and evidence that may be offered in support of Medicare Health's affirmative defenses. In short, a call was placed to a number that Medicare Health had consent to contact. Further, Defendant does not use any prerecorded messages and does not make telemarketing calls. Defendant's telephone calls are informational in nature.

**INTERROGATORY NO. 11:** Identify and describe in detail the process by which you (or any vendor acting on your behalf) "scrubbed" telephone numbers against the National Do Not Call Registry during the relevant time period. In your answer, identify all persons involved, the software or service provider(s) used, and the frequency of such scrubs.

**RESPONSE TO INTERROGATORY NO. 11:** Medicare Health states that it is continuing to investigate the response to this Interrogatory and will supplement this response as discovery continues.

**AMENDED RESPONSE TO INTERROGATORY NO. 11:** Medicare Health only calls individuals who have provided prior express written consent to be called. As such, Medicare Health does not "scrub" these individuals against the National Do Not Call Registry.

**INTERROGATORY NO. 12:** Identify and describe all methods by which you claim to have obtained prior express written consent for outbound calls or texts made during the class period. In your answer, identify each vendor, lead generator, or affiliate involved and specify whether any records of such consent exist.

8

4914-0364-3244.1

**RESPONSE TO INTERROGATORY NO. 12:**   To the extent Medicare Health obtains leads with prior express written consents from vendors other than Inbounds.com f/k/a Data Prosper, Medicare Health objects to this Interrogatory as seeking irrelevant information and information that is disproportionate to the claims and defense in the litigation to the extent it goes beyond the call made to the named Plaintiff in this litigation. At this time, a class has not been certified and, accordingly, names of other vendors not connected to Plaintiff are not relevant to the current posture of the litigation. Additionally, Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly.

As to Plaintiff, please see Defendant's response to Interrogatory Nos. 2 and 6 above.

**INTERROGATORY NO. 13:**  Identify each person or entity responsible for TCPA or Do Not Call Registry compliance during the relevant period, including their job titles, dates of service, and specific responsibilities.

**RESPONSE TO INTERROGATORY NO. 13:**  Medicare Health states that it is continuing to investigate the response to this Interrogatory and will supplement this response as discovery continues.

**AMENDED RESPONSE TO INTERROGATORY NO. 13:** Max Jaffy is responsible for the oversight of third-party vendors and offshore agents. Benjamin Couyoute is responsible for the oversight of licensed agents in the United States.

**INTERROGATORY NO. 14:**  Identify all governmental investigations, inquiries, or complaints received from the FCC, FTC, state attorneys general, or any other regulator concerning outbound telemarketing during the relevant time period.

9

**RESPONSE TO INTERROGATORY NO. 14:** Medicare Health objects to this Interrogatory because such information is not relevant to any party's claim or defense and proportional to the needs of the case because such information holds no bearing on the allegations in the putative Class Action Complaint.

**INTERROGATORY NO. 15:** Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**RESPONSE TO INTERROGATORY NO. 15:** Medicare Health objects to this Interrogatory because such information is not relevant to any party's claim or defense and proportional to the needs of the case because such information holds no bearing on the allegations in the putative Class Action Complaint. Subject to and without waiving these objections, Medicare Health states no such actions have been taken against any person by Medicare Health.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts in Plaintiff's Amended Answers, Responses and Objections to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge and recollection on this the 16th day of December, 2025.

*Max Jaffy*
Max Jaffy (Dec 16, 2025 14:53:40 EST)

Max Jaffy

10

4914-0364-3244.1

Dated this 16th day of December 2025.

MEDICARE HEALTH ADVISORS LLC, Defendant

By: /s/ *James A. Peterson*
James A. Peterson, Esq.
*(admitted pro hac vice)*
PETERSON LEGAL P.A.
5079 North Dixie Highway, Suite 105
Oakland Park, Florida 33334
Telephone: (754) 444-8076
James@petersonlegal.com

Victoria H. Buter (#AT0009169)
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, Nebraska 68102-2186
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
vicki.buter@kutakrock.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 16, 2025, a true and correct copy of the foregoing was served by electronic mail upon the following:

| | |
|---|---|
| Eric S. Mail, Esq. | Anthony Paronich, Esq. |
| PURYEAR LAW P.C. | PARONICH LAW, P.C. |
| 3719 Bridge Avenue, Suite 6 | 350 Lincoln Street, Suite 2400 |
| Davenport, Iowa 52807 | Hingham, MA  02043 |
| mail@puryearlaw.com | anthony@paronichlaw.com |

*/s/ James A. Peterson*
James A. Peterson, Esq.

11

4914-0364-3244.1

 Outlook

## Re: Hoy v. Medicare Health - Defendant's Document Production (Email 1 of 2)

**From** James Peterson <James@petersonlegal.com>

**Date** Tue 12/16/2025 3:17 PM

**To** Anthony Paronich <anthony@paronichlaw.com>

**Cc** Buter, Vicki H. <Vicki.Buter@kutakrock.com>; mail@puryearlaw.com <mail@puryearlaw.com>; Coffman, Lea A. <Lea.Coffman@kutakrock.com>

📎 3 attachments (1 MB)

Stipulation Regarding Vicarious Liability (JP redlines).docx; Medicare Health - Bates 0117 - 0121 - Medicare Inbound Calls - Advertiser IO - 9-18-24.pdf; 2025 12.16 Medicare Health Advisors - Defendant's Amended Responses to Interrogatories.pdf;

Hi Anthony, thanks for your patience. See my updates below:

1. Stipulation attached with one redline to Paragraph 1. Let me know your thoughts.
2. Contract between Inbounds and MHA attached, Bates 117 - 121.
3. Amended and Verified Responses to Plaintiff's Interrogatories attached.
4. I'll get you my revisions to the joint status report in a separate email shortly.
5. We have the Data Prosper lead data in its entirety. I'm still working with Chris to separate out the Toby Hoy information for production.
6. Chase Data was informed to preserve data on October 2, 2024 (see Bates 16 through 19).

Let me know if there's anything else you would like to cover. Thanks.

**James A. Peterson, Esq.**
Shareholder
Peterson Legal P.A.
5079 North Dixie Highway, Suite 105
Oakland Park, Florida 33334
(754) 444-8076
James@PetersonLegal.com
www.PetersonLegal.com

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Friday, December 12, 2025 9:06 AM
**To:** James Peterson <James@petersonlegal.com>
**Cc:** Buter, Vicki H. <Vicki.Buter@kutakrock.com>; mail@puryearlaw.com <mail@puryearlaw.com>; Coffman, Lea A. <Lea.Coffman@kutakrock.com>
**Subject:** Re: Hoy v. Medicare Health - Defendant's Document Production (Email 1 of 2)

Hey, James. I wanted to follow up here on the stipulation and on the Data Propser information.

Also, attached is a draft report that is due on Tuesday. We hope to have the data prosper and stipulation worked out by then, but if not, we'll add those issues to the report.

**EXHIBIT A-2**