IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated, | Case No. 4:25-cv-00207-RGE-HCA |
| Plaintiff, | **DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| MEDICARE HEALTH ADVISORS LLC, | |
| Defendant. | |

Defendant, MEDICARE HEALTH ADVISORS LLC, hereby files its Reply to Plaintiff's Response (ECF No. 52) to Defendant's Motion for Summary Judgment (ECF No. 46), and states as follows:

Plaintiff's Opposition does not create a genuine issue of material fact. Instead, it relies primarily upon self-serving statements, speculation, unsupported inferences, and arguments that are directly contradicted by Defendant's business records, Plaintiff's own testimony, and the supplemental evidence submitted with this Reply.

## I. PLAINTIFF STILL CANNOT CREATE A GENUINE DISPUTE THAT MHA USED A PRERECORDED OR ARTIFICIAL VOICE

Plaintiff's principal argument is that the recordings produced by MHA allegedly omit an earlier automated portion of the calls. That argument fails because it rests entirely upon Plaintiff's speculation and self-serving statements rather than competent evidence.

The supplemental declaration of Max Jaffy establishes that the recordings produced are, to his knowledge, complete recordings of the calls. The November 21, 2024 recording begins with the telephone ringing and Plaintiff answering the call. Likewise, MHA's supplemental declaration

explains the call disposition codes reflected in MHA's records, including why no recording exists for Attempt 24 and why "Ans. Machine" appears as a disposition for other attempts.

Plaintiff attempts to manufacture factual disputes by comparing carrier records, call durations, and internal call logs. Those comparisons do not establish that an artificial or prerecorded voice was ever used. At most, Plaintiff identifies differences in how separate systems record call events. Such speculation cannot overcome sworn testimony and business records explaining those systems.

Most importantly, Plaintiff admitted during his deposition that the voices heard on the recordings produced by MHA were live human beings. Plaintiff's attempt to avoid those admissions by speculating that an earlier portion of the calls must have existed is unsupported by competent evidence.

Accordingly, Plaintiff has failed to create a genuine issue of material fact as to Count I.

## II.    PLAINTIFF HAS NOT REBUTTED MHA'S SAFE HARBOR DEFENSE

Plaintiff next argues that MHA lacked adequate procedures to qualify for the TCPA's safe harbor. The supplemented record demonstrates otherwise.

The evidence now before the Court establishes that MHA maintained agent training, do-not-call compliance procedures, required call dispositions, maintained an internal do-not-call system, trained Virtual Buddy personnel on those procedures, required vendors to represent that leads were accompanied by prior express written consent, and worked directly with Inbounds/Data Prosper regarding marketing partner disclosures.

Plaintiff's response largely attacks the accuracy of the lead associated with his telephone number. Even accepting Plaintiff's characterization of the lead, those arguments do not establish the absence of reasonable procedures. The safe harbor examines whether reasonable practices existed to prevent violations, not whether every lead later proves accurate.

Nor does Plaintiff's criticism of MHA's vendor relationship eliminate the undisputed evidence that MHA required vendors to represent that leads were supported by prior express written consent before MHA contacted consumers.

At most, Plaintiff identifies factual disputes concerning a single lead purchased from a third-party vendor. Such evidence is insufficient to defeat summary judgment on MHA's safe harbor defense.

### III.     PLAINTIFF'S FTSA CLAIM FAILS FOR THE SAME REASONS.

Plaintiff likewise cannot survive summary judgment on his FTSA claim.

Plaintiff relies heavily upon the fact that MHA utilized DialedIn. But Plaintiff still offers no competent evidence that DialedIn was configured or used in a manner prohibited by the FTSA during the calls at issue.

Nor does Plaintiff produce evidence that any automated system selected or dialed telephone numbers in violation of the statute or that any prerecorded message was used during MHA's calls.

Instead, Plaintiff asks the Court to infer statutory violations based upon publicly available marketing descriptions of DialedIn's software. Such generalized descriptions do not create a genuine dispute concerning how MHA actually used the platform in this case.

### CONCLUSION

Plaintiff's Opposition identifies no evidence creating a genuine dispute of material fact. Instead, it relies upon speculation concerning allegedly incomplete recordings, unsupported attacks upon MHA's vendor relationships, and generalized descriptions of dialing software that do not establish statutory violations.

Because the supplemented record confirms that Plaintiff spoke with live agents, that MHA maintained reasonable telemarketing compliance procedures, and that Plaintiff lacks competent evidence supporting any of his claims, Defendant respectfully requests that the Court grant Defendant's Motion for Summary Judgment in its entirety.

Dated June 29, 2026.

MEDICARE HEALTH ADVISORS LLC,
Defendant

By: */s/ James A. Peterson*
    James A. Peterson, Esq.
    *(admitted pro hac vice)*
    PETERSON LEGAL P.A.
    5079 North Dixie Highway, Suite 105
    Oakland Park, Florida 33334
    Telephone: (754) 444-8076
    james@petersonlegal.com

    Victoria H. Buter (#AT0009169)
    KUTAK ROCK LLP
    The Omaha Building
    1650 Farnam Street
    Omaha, Nebraska 68102-2186
    Telephone: (402) 346-6000
    Facsimile: (402) 346-1148
    vicki.buter@kutakrock.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to the following attorneys registered with the CM/ECF system:

Eric S. Mail, Esq.                          Anthony Paronich, Esq.
PURYEAR LAW P.C.                            PARONICH LAW, P.C.
3719 Bridge Avenue, Suite 6                 350 Lincoln Street, Suite 2400
Davenport, Iowa 52807                       Hingham, MA  02043
mail@puryearlaw.com                         anthony@paronichlaw.com

                                            */s/ James A. Peterson*
                                            James A. Peterson