IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated, | Case No. 4:25-cv-00207-RGE-HCA |
| Plaintiff, | **DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS** |
| v. | |
| MEDICARE HEALTH ADVISORS LLC, | |
| Defendant. | |

Defendant, MEDICARE HEALTH ADVISORS LLC ("MHA"), pursuant to Federal Rule of Civil Local Rule 56(d), responds to Plaintiff's Statement of Additional Material Facts (ECF No. 52-4) as follows.

1. Admitted.

2. Admitted.

3. Admitted, but being 65 or older is not the only way in which a person can qualify for Medicare. (App. at Ex. 15, APPX_170 (Jaffy Dep. 12:14–16)).

4. Admitted only to the extent Plaintiff's call records align with MHA's call records. Plaintiff admitted to receiving telemarketing calls regarding Medicare from entities other than MHA. Thus, MHA does not admit that all Medicare telemarketing calls Plaintiff received were initiated by MHA. (App. at Ex. 14, APPX_156 (Hoy Dep. 42:12–14)).

5. Denied as to any call initiated by MHA. (App. at Ex. 14, APPX_156 (Hoy Dep. 42:12–14)); (App. at Ex. 13, APPX_131-32 (Jaffy Decl. ¶ 8)); (App. at Ex. 2, APPX_015 (Supp. Jaffy Decl. ¶¶ 24–25)).

6. Denied. (App. at Ex. 13, APPX_131-32 (Jaffy Decl. ¶ 8)); (App. at Ex. 2, APPX_015 (Supp. Jaffy Decl. ¶¶ 24–25)); (Supp. App. at Ex. 1, SUPPAPPX_003-007); (App. at Ex. 14, APPX_160 (Hoy Dep. 79:7–19)).

7. Admitted that was Plaintiff's testimony. Denied that it applies to MHA. (App. at Ex. 13, APPX_131-32 (Jaffy Decl. ¶ 8)); (App. at Ex. 2, APPX_015 (Supp. Jaffy Decl. ¶¶ 24–25)); (Supp. App. at Ex. 1, SUPPAPPX_003-007); (App. at Ex. 14, APPX_160 (Hoy Dep. 79:7–19)).

8. Denied. (Supp. App. at Ex. 1, SUPPAPPX_003-007).

9. Admitted, but denied that the US Cellular logs are accurate to the second, as they clearly round to the next highest full minute. (PLAPPX_35-41).

10. Admitted, but denied that the US Cellular logs are accurate to the second, as they clearly round to the next highest full minute. (PLAPPX_35-41).

11. Admitted that MHA's logs begin at attempt 17 but denied that any "omission" was intentional, as shown by MHA's attempt to gather data on the first sixteen calls. (Supp. App. at Ex. 3, SUPPAPPX_019-022).

12. Admitted because there was no recording to produce. MHA's system did not record calls when answered by an answering machine. (Supp. App. at Ex. 1, SUPPAPPX_003-007)

13. Denied. (Supp. App. at Ex. 1, SUPPAPPX_003-007).

14. Admitted.

15. Admitted.

16. Admitted that that is one of many products DialedIn markets among others. See https://getdialedin.com/ under the Products drop down. Denied that Plaintiff has produced

admissible evidence of the specific dialer used by MHA and whether it is an automated system.

17. Admitted as to Mr. Jaffy's testimony, but denied as to any inference that MHA's training materials and Virtual Buddy's Campaign Memorandum and substantially similar policy in effect at the time of the calls to Plaintiff cannot qualify as written policies under the TCPA. (App. at Ex. 4 (APPX_042-101)); (App. at Ex. 11 (APPX_125)); (App. at Ex. 2, APPX_014 (Supp. Jaffy Decl. ¶¶ 12–13)); (App. at Ex. 2, APPX_016 (Supp. Jaffy Decl. ¶¶ 37–39)).

18. Denied. (Supp. App. at Ex. 2, SUPPAPPX_008-018).

19. Denied. (Supp. App. at Ex. 2, SUPPAPPX_008-018).

20. Admitted, but only to the extent MHA obtains prior express written consent from every person it contacts. Such consents include a consent to be contacted by prerecorded message, automated system, or even if they are listed on the National DNC Registry. Thus, these consents obviate the need to purchase, subscribe to, or access the National DNC. (App. at Ex. 1, APPX_010-11).

21. Denied. Mr. Jaffy testified a substantially similar policy was in place at the time of the calls to Mr. Hoy. (App. at Ex. 2, APPX_016 (Supp. Jaffy Decl. ¶¶ 37–39)).

22. Admitted that is Mr. Jaffy's testimony, and that Mr. Jaffy stated prior that that he conducted audits of Virtual Buddy calls and never heard a prerecorded message use. (PLAPPX_34 (Jaffy Dep. 39:1–6)).

23. Denied. MHA took steps to verify that Mr. Hoy provided the lead by asking Mr. Hoy if he was 65 or older and enrolled in Medicare, to which Plaintiff responded affirmatively. (App. at Ex. 6, APPX_106 (Call 27 Tr. 4:1–6)); (App. at Ex. 6, APPX_107 (Call 27 Tr. 5:8–13)).

24. Admitted that is Mr. Jaffy's testimony said that but denied that is the full picture of MHA's action, as MHA attempted to verify it through Mr. Hoy himself by confirming he was 65 or older and enrolled in Medicare, to which Plaintiff responded affirmatively. (App. at Ex. 6, APPX_106 (Call 27 Tr. 4:1–6)); (App. at Ex. 6, APPX_107 (Call 27 Tr. 5:8–13)).

25. Admitted.

26. Admitted.

27. Denied. That is an incorrect reading of the email thread between Inbounds' COO and Mr. Jaffy, who clearly provided the incorrect phone number at first. Upon correction, Inbounds provided different information. (App. at Ex. 1, APPX_005-006).

28. Admitted.

29. Admitted.

30. Admitted that is Plaintiff's testimony, but denied that it is conclusive. The prior express written consent received by MHA included Plaintiff's correct name, email address, and month and year of birth. (App. at Ex. 14, APPX_163 (Hoy Dep. 86:1)).

31. Admitted, but MHA was listed on a Marketing Partners list for the Arcamax website. (Supp. App. at Ex. 1, SUPPAPPX_003-007).

32. Admitted, but denied this statement is admissible evidence. Under Federal Rule of Evidence 407, a subsequent remedial measure is not admissible to prove culpable conduct.

33. Admitted.

34. Admitted. This was the first time Plaintiff made such a request, and it was honored. (App. at Ex. 6-9, APPX_103-123.

4

Dated June 29, 2026.

MEDICARE HEALTH ADVISORS LLC,
Defendant

By: */s/ James A. Peterson*
James A. Peterson, Esq.
*(admitted pro hac vice)*
PETERSON LEGAL P.A.
5079 North Dixie Highway, Suite 105
Oakland Park, Florida 33334
Telephone: (754) 444-8076
james@petersonlegal.com

Victoria H. Buter (#AT0009169)
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, Nebraska 68102-2186
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
vicki.buter@kutakrock.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to the following attorneys registered with the CM/ECF system:

Eric S. Mail, Esq.
PURYEAR LAW P.C.
3719 Bridge Avenue, Suite 6
Davenport, Iowa 52807
mail@puryearlaw.com

Anthony Paronich, Esq.
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

*/s/ James A. Peterson*
James A. Peterson