IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>MEDICARE HEALTH ADVISORS LLC,<br><br>        Defendant. | Case No. 4:25-cv-00207-RGE-HCA<br><br>**DEFENDANT'S SUPPLEMENTAL APPENDIX IN SUPPORT OF REPLY** |

     Defendant Medicare Health Advisors LLC ("MHA" or "Defendant"), pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56(d), hereby submits its Supplemental Appendix in Support of Defendant's Reply in Support of Defendant's Motion for Summary Judgment:

     1.     Exhibit 1 is a true and correct copy of the Second Supplemental Declaration of Max Jaffy dated June 29, 2026 30, 2026 in Support of Defendant's Reply in Support of Defendant's Motion for Summary Judgment.

     2.     Exhibit 2 is a true and correct copy of Defendant's Amended Responses to Interrogatories dated and served December 16, 2025.

     3.     Exhibit 3 is a true and correct copy of DialedIn Email Communications (MEDICARE HEALTH 0010-0013).

SUPPAPPX_001

Dated June 30, 2026.

MEDICARE HEALTH ADVISORS LLC,
Defendant

By:  */s/ James A. Peterson*
    James A. Peterson, Esq.
    *(admitted pro hac vice)*
    PETERSON LEGAL P.A.
    5079 North Dixie Highway, Suite 105
    Oakland Park, Florida 33334
    Telephone: (754) 444-8076
    james@petersonlegal.com

    Victoria H. Buter (#AT0009169)
    KUTAK ROCK LLP
    The Omaha Building
    1650 Farnam Street
    Omaha, Nebraska 68102-2186
    Telephone: (402) 346-6000
    Facsimile: (402) 346-1148
    vicki.buter@kutakrock.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to the following attorneys registered with the CM/ECF system:

Eric S. Mail, Esq.          Anthony Paronich, Esq.
PURYEAR LAW P.C.        PARONICH LAW, P.C.
3719 Bridge Avenue, Suite 6    350 Lincoln Street, Suite 2400
Davenport, Iowa 52807       Hingham, MA  02043
mail@puryearlaw.com        anthony@paronichlaw.com

    */s/ James A. Peterson*
    James A. Peterson

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MEDICARE HEALTH ADVISORS LLC,<br><br>　　　　Defendant. | Case No. 4:25-cv-00207-RGE-HCA<br><br><br>**SUPPLEMENTAL DECLARATION OF MAX JAFFY IN SUPPORT OF DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

I, Max Jaffy, declare pursuant to 28 U.S.C. §1746 as follows:

1.　　I am over 18 years of age. I have personal knowledge of the facts stated herein, unless stated upon information and belief, and if called upon to testify as to such facts, I could and would competently do so.

2.　　I submit this Declaration in support of the "Reply in Support of Motion for Summary Judgment" ("Reply"), filed contemporaneously herewith by Defendant Medicare Health Advisors LLC ("MHA") in the above-captioned matter ("Action").

3.　　I am still the Chief Executive Officer of Medicare Health Advisors LLC.

4.　　I still have personal knowledge of MHA's business practices, lead acquisition procedures, outbound calling operations, training practices, internal compliance procedures, call recording systems, and relationship with third-party vendors and call centers.

5.　　This declaration is intended to be used in conjunction with my deposition testimony given in this matter, my previous declaration signed on October 10, 2025 and submitted in support of Defendant's Motion to Bifurcate Discovery (ECF No. 21-2), and my previous declaration signed on April 30, 2026 and included in MHA's Appendix in Support of Statement of Material Facts in Support of MHA's Motion for Summary Judgment (ECF No. 46-

SUPPAPPX_003

3, APPX_013 – APPX_017).

6.     To the extent I refer in this declaration to MHA business records or vendor-provided records incorporated into MHA's records, those records were maintained and relied upon in the manner described in Paragraphs 4 and 5 of my previous declaration signed on October 10, 2025 and submitted in support of Defendant's Motion to Bifurcate Discovery.

7.     I submit this supplemental declaration to provide additional factual information relevant to Plaintiff's Opposition to Defendant's Motion for Summary Judgment filed on June 11, 2026 and supporting documents (ECF No. 52 et al.).

8.     To my knowledge, the call recordings of Mr. Hoy produced in this litigation are the complete recordings of the entire call. In fact, the recording of Attempt 27 on November 21, 2024 beginning at 16:42 Eastern begins with the phone ringing after which Mr. Hoy clearly answers for the first time.

9.     The call dispositions used in our system, some of which are seen in the "CallStatus" column of MHA's call logs related to Mr. Hoy (ECF No. 46-3, APPX_124), have the following codes and meanings:

     a.     CR_BAD_NUMBER – Number is not valid

     b.     CR_BUSY – Busy tone

     c.     CR_CEPT – Disconnected Number

     d.     CR_CNCT/CON_CAD - Cadence Change – Voice Detected Last Second

     e.     CR_CNCT/CON_PAMD – Positive Answering Machine Detection

     f.     CR_CNCT/CON_PVD – Positive Voice Detection

     g.     CR_DISCONNECTED – Call was disconnected

SUPPAPPX_004

h.  CR_DROPPED – Call was dropped

i.  CR_ERROR – Internal Dialing Error – Number gets called back

j.  CR_FAILED - LINE ERROR – Number gets called back

k.  CR_FAXTONE – Fax Tone

l.  CR_NOANS – No Answer

m.  NR_NORB – No Ring Back

10.  The disposition entered for MHA's attempt 24 was CR_CNCT/CON_PAMD, in which the system detected an answering machine. No call recording would have been made for a call wherein an answering machine answered.

11.  The "Ans. Machine" CallStatus reflected in call attempts 28 and 29 were not automatically assigned dispositions by the dialer. In fact, attempt 28's automatically assigned disposition was CR_CNCT/CON_CAD, in which the system detected a voice was detected last second. Attempt 29's automatically assigned disposition was that of an Inbound call.

12.  The "Ans. Machine" CallStatus is a status available to our representatives. They were told to use that disposition when a call did not result in any meaningful interactions (such as a lack of a sale or a lack of a DNC request), or, in some cases, was dropped accidentally.

13.  I had several conversations with representatives of Inbounds.com and Data Prosper regarding ensuring that MHA was included among the marketing partners presented to consumers providing prior express written consent.

14.  When MHA requested a copy of the marketing partners list, Inbounds provided the screenshot attached hereto as Exhibit A-1, which clearly lists MHA and shows the source website as being consistent with the Verisk Marketing Report (ECF No. 46-3, APPX_011).

15.  I conducted training with our offshore call center, Virtual Buddy, on call

SUPPAPPX_005

dispositions and DNC compliance consistent with the Campaign Memorandum (ECF No. 46-3, APPX_011) and the substantially similar policy in place at the time of the calls to Mr. Hoy, and consistent with the Do Not Call Requests policy located in our training deck (ECF No. 46-3, APPX_056).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated Jun 29, 2026 _____.


Max Jaffy (Jun 29, 2026 22:18:23 EDT)

MAX JAFFY

SUPPAPPX_006

ArcaMax Jobs

Toby     52063

Profile     Sponsored     View Jobs

Advisors Network, Forthfinance, Freedom Forever, Frekhtman and Associates, Freeinsurancefinder.com, FX Auto Rate, GE Law, Genco Ventures, Genie Energy, Get Me Healthcare, Global Telecom, GMHC, GoReviewz, Greenacres Network, Guide To Insure, HAH LLP, Health Advisors, Health Center Marketing, Health Choice Now, Health Find, Health IQ, Health Plan Advisors, Healthcare Assistance, HealthMarkets, Healthtips online, Healthy Access, Healthy Quotes.com, Heard and Smith, Heilbrun Law, Heritiage Reverse Mortgage, Highmark, Holiday Relief, Horizon Benefits, Horse Race Capital, Humana, I Moved Up, IDT Energy Genie Energy, IDT Energy, Impact Finance Law, InboundPro, Indira Energy, Indra Energy, Infinity Client Solutions, Infinity One, Infinix Media, Injury Help Desk, Insurance Guide, Insurance Helpers, Insurance Line One, Insurance Marketplace, Insurance Pipeline, Insurance Services, Insure Choice Group, Insurealife, Integriant Insurance Services, Integriant Ventures Insurance Services, Integriant Ventures, Integriant, Integrity Marketing Group, IntelliMedia, IRS Tax Experts, JD Atlantic, JRPR Digital, Keystone Interactive LLC, Kratos Gas Client Consent, Kratos Gras, Land Run ads, Lead Creations, Lead Generation Partners, Lead Prosper, LeadChimp, LeadGrub, Leav, Legacy Capital, Legacy Health Insurance Advisory Agency LLC, Legacy Quote, Legal Associates, Legal Services Center, Lend Home Improvements, Lendmarx, LGF Services, Liberty Aid Network, Lifecare, Little Brook Media, Live Leads Now, Loan Depot, Local Jobs LLC, Madera Digital, Mayberry Advisors Insurance Services, Mayberry Advisors, Mayberry, Med Alert Pros, Medhope Pharmacy, Medicare Advantage Center, Medicare benefits review hotline, Medicare Health Advisors, Medicare Rewards, Medicare Transition Services, Medicovery, MediGap Life LLC, MediGap Life, Merchant One Financial, Mojo Media, Money Solver, MTM Group LLC dba Disability Benefits Help, My Injury Claim Center, MyJobMobile, National Disability, Nationwide, Nations Reverse, New Education Relief, NewJobConnections, No More Pill Bottles, North Star Insurance Advisors LLC, North Star Mutual Insurance Co, NWCC Services, NWCC, Oak Street Health, One Trust Home Loans, Online Lead Exchange, Perfect Legal Match, Performance Marketing Solutions, PlanEnroll, Platinum Choice Health, Policy Scout, Powur Solar, Premium Choice Insurance Services, Protege Digital, Providing For Seniors, Providing4Seniors, Public Outreach LLC, Quantum Digital Media, Quick Job Finder LLC, QuoteManage LLC, Rate Quote, Residents Energy, Resource Connect, SaveToday, Sedona Ventures, SelectQuote Insurance, Sell my home fast, Senior Benefits, Senior Enrollment Services, Senior Life, SeniorCoverage, Service Assistant, Shapiro Legal Group PLLC, Skinpeutics, Slater Slater Shulman, Smart Match, Social Security Disability Services, Solar Pals LLC, sold.com, Spiritual Alliance LLC, Stern Investment Group, Support First, Symmetry Financial Group, Synergy Debt, Synergy Insurance, Synergy Marketing Associates, Tax Defense Network, Tax Relief, TD Edge Media, The Accident Helper, The Enrollment Center, The Health Scout Disability, The Health Scout, The HealthScout Disability, The HealthScout, The Legal Leads, The Wisdom Companies LLC, Thrive Hive Mind, Tiburon Insurance, Torts Defenders, Townsquare Energy, UnclaimedBenefitsBulletin, Unified Marketing Partners LLC, United American Alliance, United Health, United States Disability, Universe Marketing LLC, Us health advisors, Wagstaff, Warranty Protection Services, Wellcare, Wicked Good Leads, YourElgibilityGuide, YourMedicare.com, Your Savings Advisor

CONTINUE →

SUPPAPPX_007

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated, | Case No. 4:25-cv-00207-RGE-HCA |
| Plaintiff, | |
| v. | **DEFENDANT'S AMENDED ANSWERS, RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| MEDICARE HEALTH ADVISORS LLC, | |
| Defendant. | |

Defendant Medicare Health Advisors LLC ("Defendant" or "Medicare Health"), by and through its attorneys and pursuant to Fed. R. Civ. P. 33 and Local Rule 33, hereby provides the following amended answers, responses and objections to Plaintiff Toby Hoy's ("Plaintiff" or "Mr. Hoy") First Set of Interrogatories to Defendant.

**PRELIMINARY STATEMENTS TO INTERROGATORIES**

Defendant interposes the following Preliminary Statement and comments to Plaintiff's First Set of Interrogatories. These apply to each individual discovery request. To the extent that certain objections are cited in response to a specific request, Defendant provides specific citations because the objections are believed to be particularly applicable to that request. These specific citations are not to be construed as a waiver of any other general objections applicable to information falling within the scope of the discovery request.

1.     Defendant's investigation is ongoing. Defendant reserves the right to amend, modify and/or revise these objections and answers, or to produce additional information and documents, as a result of such investigation.

4914-0364-3244.1

SUPPAPPX_008

2.    A statement herein that documents will be produced is a representation of Defendant's willingness to produce such documents if they exist and can be located by a reasonable, good faith effort, and not a representation that the documents in fact exist.

3.    Defendant specifically objects to Plaintiff's Definition No. 11 which seeks to require a near summary of each and every document that may be responsive to a particular interrogatory, as this would impose an undue burden on Defendant.  Fed. R. Civ. P. 33(d) allows Defendant the option to produce business records in response to an interrogatory, "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party…" All of Defendant's document productions have been or will be produced as searchable documents with underlying metadata, and the documents are therefore equally as searchable by Plaintiff. Defendant will not identify documents with the level of detail requested by Plaintiff.

## AMENDED ANSWERS AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**RESPONSE TO INTERROGATORY NO. 1:**  Medicare Health objects to this Interrogatory for the reason that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.  Subject to and without waiving these objections, Medicare Health states that counsel for Medicare Health prepared the answers to these Interrogatories based upon relevant information and documents provided by Max Jaffy.

2

4914-0364-3244.1

SUPPAPPX_009

**INTERROGATORY NO. 2:**  Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff.  This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**RESPONSE TO INTERROGATORY NO. 2:**  Medicare Health objects to this Interrogatory as seeking irrelevant information and information that is disproportionate to the claims and defense in the litigation to the extent it goes beyond the call made to the named Plaintiff in this litigation. At this time, a class has not been certified and, accordingly, names of all employees who make outbound calls are not relevant to the current posture of the litigation. Additionally, Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly.

Subject to and without waiving these objections, Medicare Health states that no employee, agent, or vendor of Medicare Health makes marketing outbound calls to promote goods and services unless and until there is already an established relationship with Medicare Health or until an opt-in and/or prior express written consent has been received by an individual requesting to be contacted. Medicare Health further states that its telephone calls are not telemarketing, but purely informational in nature.

With respect to Plaintiff specifically, Medicare Health obtained Plaintiff's information and a prior express written consent to be contacted from Inbounds.com f/k/a Data Prosper. Defendant than used DialedIn f/k/a Chase Data to dial Plaintiff's telephone number pursuant to the prior express written consent. Plaintiff then spoke with live agents from Virtual Buddy 24/7.

4914-0364-3244.1

SUPPAPPX_010

**INTERROGATORY NO. 3:**  Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**RESPONSE TO INTERROGATORY NO. 3:**  Medicare Health objects to this Interrogatory as seeking irrelevant information and information that is disproportionate to the claims and defense in the litigation to the extent it goes beyond the call made to the named Plaintiff in this litigation. At this time, a class has not been certified and, accordingly, the work of "each employee" is not relevant to the current posture of the litigation.  Medicare Health also objects to this Interrogatory as vague and ambiguous as to which employees are at issue in this Interrogatory.  Additionally, Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly.

Subject to and without waiving these objections, and based on Medicare Health's interpretation that this refers to the employees, agents, or vendors identified in the response to Interrogatory No. 2, Medicare Health states that no employee, agent or vendor of Medicare Health makes marketing outbound calls to promote goods and services unless and until there is already an established relationship with Medicare Health or until an opt-in and/or prior express written consent has been received by an individual requesting to be contacted. Medicare Health further states that its telephone calls are not telemarketing, but purely informational in nature.

With respect to Plaintiff specifically, see Defendant's response to Interrogatory No. 3 above for the information requested.

**INTERROGATORY NO. 4:**  Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.

4

4914-0364-3244.1

SUPPAPPX_011

**RESPONSE TO INTERROGATORY NO. 4:**   Medicare Health objects to this Interrogatory because such information is not relevant to any party's claim or defense and is disproportional to the needs of the case at this time because the information as requested seeks information that has no bearing on the allegations in the putative Class Action Complaint.   As worded, this Interrogatory seeks information regarding any third party used by any vendor of Medicare Health, and is not limited to the matters at issue in the litigation.   Medicare Health further objects to this Interrogatory as overbroad and as seeking irrelevant information to the extent it seeks information regarding vendors beyond those involved in the call to the named Plaintiff.   At this time, a class has not been certified and, accordingly, ***all*** third parties or sub-vendors are not relevant to the current posture of the litigation.   Additionally, Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly.

With regard to any subvendors or third-parties directly involved with Plaintiff, Defendant does not have any further knowledge than what is contained in response to Interrogatory No. 2 above. Discovery is ongoing and Defendant will supplement this response if needed.

**INTERROGATORY NO. 5:**  Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**RESPONSE TO INTERROGATORY NO. 5:**  Medicare Health states that it is continuing to investigate the response to this Interrogatory and will supplement this response as discovery continues.

**AMENDED RESPONSE TO INTERROGATORY NO. 5:** From Medicare Health, Amber Piotter spoke with Plaintiff. Based on my review of the call logs produced in this matter (Bates

5

SUPPAPPX_012

0114), Plaintiff also spoke with Maria Jumawan and Dhedrhey Morandarte, who are employees of Virtual Buddy 24/7.

**INTERROGATORY NO. 6:** If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**RESPONSE TO INTERROGATORY NO. 6:** Plaintiff provided a prior written consent to be contacted by Defendant on or about July 6, 2024. For further details, please refer to the Verisk Marketing Solutions report and the lead information screenshot produced in Defendant's document production.

**AMENDED RESPONSE TO INTERROGATORY NO. 6:** Medicare Health does not have first-hand knowledge of some of this information. Based on a review of the documents produced and additional investigation, upon information and belief, Medicare Health believes Plaintiff visited arcamaxjobs.com to provide prior express written consent to be contacted. Medicare Health believes that website was owned by Apptness Media Group LLC, 399 NW 2nd Ave, Suite 100, Boca Raton, FL 33432. Apptness Media Group or Inbounds.com may have additional information relevant to this interrogatory.

**INTERROGATORY NO. 7:** If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**RESPONSE TO INTERROGATORY NO. 7:** Medicare Health refers Plaintiff to its response to Interrogatory No. 2 above.

4914-0364-3244.1

SUPPAPPX_013

**INTERROGATORY NO. 8:**  Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**RESPONSE TO INTERROGATORY NO. 8:**  Medicare Health objects to this request as overbroad and unduly burdensome to the extent it seeks "all" communications with any third-party regarding this lawsuit.  It would be burdensome and potentially impossible to conduct a review to ensure that "all" communications relating to this topic are located, reviewed and produced, and attempting to do so would not be proportional to the needs of the case.  Medicare Health further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine and/or any other applicable privilege.

Subject to and without waiving these objections, pursuant to Fed. R. Civ. P. 33(d), non-privileged documents responsive to this Interrogatory will be produced.

**INTERROGATORY NO. 9:**  Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**RESPONSE TO INTERROGATORY NO. 9:**  Medicare Health uses DialedIn f/k/a Chase Data for its dialer.

**INTERROGATORY NO. 10:**  State all facts in support of any affirmative defenses you have raised.

**RESPONSE TO INTERROGATORY NO. 10:**  Medicare Health interprets this Interrogatory as twenty-one separate Interrogatories.  Medicare Health objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege or the work-product privilege, or is asking for attorney impressions.  Subject to and without waiving these objections, Medicare Health

7

SUPPAPPX_014

refers Plaintiff to the facts evidenced by the discovery responses and initial disclosures served in this matter, as well as all documents that may be produced in this matter by all parties and third parties as possible facts and evidence that may be offered in support of Medicare Health's affirmative defenses.  In short, a call was placed to a number that Medicare Health had consent to contact. Further, Defendant does not use any prerecorded messages and does not make telemarketing calls. Defendant's telephone calls are informational in nature.

**INTERROGATORY NO. 11:**  Identify and describe in detail the process by which you (or any vendor acting on your behalf) "scrubbed" telephone numbers against the National Do Not Call Registry during the relevant time period.  In your answer, identify all persons involved, the software or service provider(s) used, and the frequency of such scrubs.

**RESPONSE TO INTERROGATORY NO. 11:**  Medicare Health states that it is continuing to investigate the response to this Interrogatory and will supplement this response as discovery continues.

**AMENDED RESPONSE TO INTERROGATORY NO. 11:** Medicare Health only calls individuals who have provided prior express written consent to be called. As such, Medicare Health does not "scrub" these individuals against the National Do Not Call Registry.

**INTERROGATORY NO. 12:**  Identify and describe all methods by which you claim to have obtained prior express written consent for outbound calls or texts made during the class period.  In your answer, identify each vendor, lead generator, or affiliate involved and specify whether any records of such consent exist.

4914-0364-3244.1

SUPPAPPX_015

**RESPONSE TO INTERROGATORY NO. 12:**   To the extent Medicare Health obtains leads with prior express written consents from vendors other than Inbounds.com f/k/a Data Prosper, Medicare Health objects to this Interrogatory as seeking irrelevant information and information that is disproportionate to the claims and defense in the litigation to the extent it goes beyond the call made to the named Plaintiff in this litigation. At this time, a class has not been certified and, accordingly, names of other vendors not connected to Plaintiff are not relevant to the current posture of the litigation. Additionally, Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly.

As to Plaintiff, please see Defendant's response to Interrogatory Nos. 2 and 6 above.

**INTERROGATORY NO. 13:**  Identify each person or entity responsible for TCPA or Do Not Call Registry compliance during the relevant period, including their job titles, dates of service, and specific responsibilities.

**RESPONSE TO INTERROGATORY NO. 13:**  Medicare Health states that it is continuing to investigate the response to this Interrogatory and will supplement this response as discovery continues.

**AMENDED RESPONSE TO INTERROGATORY NO. 13:** Max Jaffy is responsible for the oversight of third-party vendors and offshore agents. Benjamin Couyoute is responsible for the oversight of licensed agents in the United States.

**INTERROGATORY NO. 14:**  Identify all governmental investigations, inquiries, or complaints received from the FCC, FTC, state attorneys general, or any other regulator concerning outbound telemarketing during the relevant time period.

9

4914-0364-3244.1

SUPPAPPX_016

**RESPONSE TO INTERROGATORY NO. 14:**  Medicare Health objects to this Interrogatory because such information is not relevant to any party's claim or defense and proportional to the needs of the case because such information holds no bearing on the allegations in the putative Class Action Complaint.

**INTERROGATORY NO. 15:**  Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**RESPONSE TO INTERROGATORY NO. 15:**  Medicare Health objects to this Interrogatory because such information is not relevant to any party's claim or defense and proportional to the needs of the case because such information holds no bearing on the allegations in the putative Class Action Complaint.  Subject to and without waiving these objections, Medicare Health states no such actions have been taken against any person by Medicare Health.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts in Plaintiff's Amended Answers, Responses and Objections to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge and recollection on this the 16th day of December, 2025.

*Max Jaffy*
Max Jaffy (Dec 16, 2025 14:53:40 EST)

Max Jaffy

10

4914-0364-3244.1

SUPPAPPX_017

Dated this 16th day of December 2025.

MEDICARE  HEALTH  ADVISORS  LLC,
Defendant

By: /s/ *James A. Peterson*
James A. Peterson, Esq.
*(admitted pro hac vice)*
PETERSON LEGAL P.A.
5079 North Dixie Highway, Suite 105
Oakland Park, Florida 33334
Telephone: (754) 444-8076
James@petersonlegal.com

Victoria H. Buter (#AT0009169)
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, Nebraska 68102-2186
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
vicki.buter@kutakrock.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 16, 2025, a true and correct copy of the foregoing was served by electronic mail upon the following:

Eric S. Mail, Esq.
PURYEAR LAW P.C.
3719 Bridge Avenue, Suite 6
Davenport, Iowa 52807
mail@puryearlaw.com

Anthony Paronich, Esq.
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA  02043
anthony@paronichlaw.com

*/s/ James A. Peterson*
James A. Peterson, Esq.

11

SUPPAPPX_018



**From:** ChaseData Corp <support@chasedatacorp.com>
**Sent:** Tuesday, September 30, 2025 1:37 PM
**To:** max jaffy <admin@mapdcenter.com>
**Subject:** Re:[## 188933 ##] Urgent Call Logs

Also, is it possible to recheck?

It looks like this was setup initially as default which 1 zip file of all call recordings and a .csv file for the day.

Jonathan Gryczka
Support Manager
**DialedIn**
Tech Support: 888.739.8218 Option 2
Fax: 734.512.5584
Email: support@getdialedin.com
Website: getdialedin.com

![DialedIn CCaaS by ChaseData logo]

---- on Tue, 30 Sep 2025 13:02:57 -0400 **"ChaseData Corp"<support@chasedatacorp.com>** wrote ----

Would it be appropriate to update both we have for you?

SUPPAPPX_019

Jonathan Gryczka
Support Manager
**DialedIn**
Tech Support: 888.739.8218 Option 2
Fax: 734.512.5584
Email: support@getdialedin.com
Website: getdialedin.com



---- on Tue, 30 Sep 2025 12:38:16 -0400 **"Max jaffy"<admin@mapdcenter.com>** wrote ----

It just records the call recordings. We are in a lawsuit, and for the time being, I need you to record all call logs moving forward.

Max Jaffy
CEO/Partner
Medicare Health Advisors
(561)-809-8533

CONFIDENTIALITY NOTICE and HIPAA Compliance Disclosure: This e-mail, and any documents accompanying this e-mail, may contain confidential information belonging to the sender that is legally privileged. This information is intended only for the use of the individual or entity named above. The authorized recipient of this information is prohibited from disclosing this information to any other party and is required to destroy the information after its stated need has been fulfilled, unless otherwise required by state law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken in reliance on the contents of these documents is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately.

---

**From:** ChaseData Corp <support@chasedatacorp.com>
**Sent:** Tuesday, September 30, 2025 12:35 PM
**To:** max jaffy <admin@mapdcenter.com>
**Subject:** Re:[## 188933 ##] Urgent Call Logs

Hey Max,

It looks like we're pushing to an S3 bucket and to this ftp site as well below for all recordings / history. I hope this helps so far.

http://mftexcc.ltcgi.com:18252/

Jonathan Gryczka
Support Manager
**DialedIn**
Tech Support: 888.739.8218 Option 2
Fax: 734.512.5584
Email: support@getdialedin.com
Website: getdialedin.com

SUPPAPPX_020



---- on Tue, 30 Sep 2025 11:54:03 -0400 **"ChaseData Corp"<support@chasedatacorp.com>** wrote ----

I meant to put I can't do that

Andrew Defiore
Tech Support
**DialedIn**
Tech Support: 888.739.8218 Option 2
Fax: 734.512.5584
Email: support@getdialedin.com
Website: getdialedin.com



---- on Tue, 30 Sep 2025 11:53:39 -0400 **"ChaseData Corp"<support@chasedatacorp.com>** wrote ----

Unfortunately, I can do provide that information as you have a storage depth of 12 months and those records were removed from the system since they were outside the 12-month retention period.

Andrew Defiore
Tech Support
**DialedIn**
Tech Support: 888.739.8218 Option 2
Fax: 734.512.5584
Email: support@getdialedin.com
Website: getdialedin.com



---- on Tue, 30 Sep 2025 11:32:45 -0400 **"Max jaffy"<admin@mapdcenter.com>** wrote ----

Yes, but I need the records for attempts 1-16. Can you provide these to me?

Max Jaffy
CEO/Partner
Medicare Health Advisors
(561)-809-8533

SUPPAPPX_021

CONFIDENTIALITY NOTICE and HIPAA Compliance Disclosure: This e-mail, and any documents accompanying this e-mail, may contain confidential information belonging to the sender that is legally privileged. This information is intended only for the use of the individual or entity named above. The authorized recipient of this information is prohibited from disclosing this information to any other party and is required to destroy the information after its stated need has been fulfilled, unless otherwise required by state law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken in reliance on the contents of these documents is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately.

**From:** ChaseData Corp <support@chasedatacorp.com>
**Sent:** Tuesday, September 30, 2025 11:14 AM
**To:** max jaffy <admin@mapdcenter.com>
**Subject:** Re:[## 188933 ##] Urgent Call Logs

Hey Max,

He is all the call data that is in the system for this number

Andrew Defiore
Tech Support
**DialedIn**
Tech Support: 888.739.8218 Option 2
Fax: 734.512.5584
Email: support@getdialedin.com
Website: getdialedin.com



---- on Tue, 30 Sep 2025 10:55:17 -0400 **"Max jaffy"<admin@mapdcenter.com>** wrote ----

I need call logs for Toby Hoy 5158080280. I only see call logs from 17-31. If you can please pull it for me today that would be great.

Max Jaffy
CEO/Partner
Medicare Health Advisors
(561)-809-8533

CONFIDENTIALITY NOTICE and HIPAA Compliance Disclosure: This e-mail, and any documents accompanying this e-mail, may contain confidential information belonging to the sender that is legally privileged. This information is intended only for the use of the individual or entity named above. The authorized recipient of this information is prohibited from disclosing this information to any other party and is required to destroy the information after its stated need has been fulfilled, unless otherwise required by state law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken in reliance on the contents of these documents is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately.

SUPPAPPX_022