IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

TOBY HOY,

        Plaintiff,

vs.

MEDICARE HEALTH ADVISORS LLC,

        Defendant.

4:25-cv-00207-RGE-HCA

ORDER DENYING RULE 56(d) MOTION

On June 11, 2026, Plaintiff Toby Hoy ("Hoy") filed a Rule 56(d) Motion. ECF No. 53. Defendant Medicare Health Advisors LLC ("MHA") resisted the motion. ECF No. 59. On July 8, the Court held oral argument on the motion.  ECF No. 65. The Court considers the motion to be fully submitted. For the reasons set forth below, the Court denies the motion.

## I.      BACKGROUND INFORMATION

The Court provides pertinent background information as context. Hoy commenced this Telephone Consumer Protection Act ("TCPA") case on June 16, 2025, by filing a complaint asking for both individual and class action relief. ECF No. 1. MHA answered on August 11, 2025. ECF No. 10.  Of relevance to the pending motion, MHA included affirmative defenses fifteen and sixteen, ECF No. 10 at 13, which deal primarily with a regulatory safe harbor provision under the TCPA. *See* 47 C.F.R. § 64.1200(c)(2)(i).

Early in the case, the Court dealt with Hoy's motion to compel certain complaint documents. ECF Nos. 24 and 35. The Court also resolved a dispute between the parties related to the sequencing of discovery, with a 60-day initial period (this period ended on April 14, 2026) focused on discovery related to Hoy's individual claims, followed immediately by full discovery on all claims. ECF Nos. 33 and 38. Third party discovery was not limited in the same manner.

ECF Nos. 21 and 33. Neither party requested that the initial discovery period be extended.  Nor did any party file any further motions to compel, but rather the parties advised the Court that an April 21, 2026, status conference was not needed as they were on track to meet their deadlines and had no issues to discuss with the Court. ECF Nos. 41 and 42. The Court set an April 28, 2026, deadline for dispositive motions on the individual claims, which was later extended at MHA's request to April 30, 2026.  ECF Nos. 38, 44 and 47.

MHA filed a dispositive motion on Hoy's individual claims on April 30, 2026. ECF No. 46. That motion is predicated on the following three arguments:

1.  Count 1: Plaintiff cannot establish a TCPA claim based on a prerecorded or artificial voice;
2.  Count 2: Defendant is entitled to summary judgment on the TCPA claim based on safe harbor protection; and
3.  Count 3: Plaintiff cannot establish a FTSA violation because there is no competent evidence of an automated dialing system or recorded message.

ECF No. 46-1. Hoy requested additional time to file and prepare his response to the dispositive motion, which the Court granted. ECF No. 51.  Thus, Hoy's response to the dispositive motion was due on June 11, 2026.  *Id*. In his motion for additional time to resist the dispositive motion, Hoy indicated that

> [D]iscovery has been conducted in this matter, including written discovery and depositions, and the present request is not made for the purpose of reopening discovery or extending fact discovery. Rather, the requested extension concerns the deadline to respond to Defendant's pending Motion for Summary Judgment. Plaintiff needs additional time to marshal the discovery already taken, confer with his client, obtain appropriate declarations, and present the record in opposition to Defendant's motion.

ECF Nos. 50 at 2; 50-1 ¶¶ 4 and 13.

## II.    RULE 56(d) MOTION

On June 11, Hoy filed a resistance to the motion for summary judgment consisting of a 23-page brief, a response to the statement of facts and a statement of additional facts, a 41-page

appendix, and a 7-page declaration of Hoy. ECF No. 52. On the same date that Hoy filed his thorough response to the summary judgment motion, he also filed the Rule 56(d) motion. ECF No. 53. In that motion, Hoy indicates that he has filed a "full opposition" to the summary judgment motion but asks the Court to defer ruling on the summary judgment motion if the Court is inclined to rule in MHA's favor and allow Hoy to do additional discovery including all class related discovery. *Id*. at 3. In essence, Hoy is asking the Court for an advisory opinion on whether the summary judgment motion is meritorious, and, if it is, to allow Hoy further opportunity to conduct additional discovery. This request flies in the face of the representation made by Hoy's counsel in the motion for extension of time. ECF Nos. 50 at 2; 50-1 ¶¶ 4 and 13.

Although discovery need not be fully completed before a court can grant summary judgment, Rule 56(d) allows a nonmovant "to request a delay in granting summary judgment if the party can make a good faith showing that postponement of the ruling" would allow the discovery of additional evidence which might establish a genuine issue of material fact. *Johnson v. Moody*, 903 F.3d 766, 772 (8th Cir. 2018) (quoting *Robinson v. Terex Corp*., 439 F. 3d 465, 467 (8th Cir. 2006)). To obtain such a postponement, the non-movant must show: "(1) that they have set forth in affidavit [or declaration] form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exits, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Toben v. Bridgestone Retail Operations, LLC,* 751 F.3d 888, 895 (8th Cir. 2014) (quotations omitted). The Eighth Circuit has articulated that Rule 56(d) does not open the waters to a fishing expedition based on mere speculation that certain facts may exist. *Moody*, 903 F.3d at 772 (citing *Toben*, 751 F.3d at 895). If a party fails to carry its burden under Rule 56(d), postponement of a ruling on the summary judgment motion is not warranted. *Cross*

3

*Creek, LLC v. Midea Am. Corp*, No. 4:22cv-00009-RGE-SBJ, 2023 WL 2441645, at *3 (S.D. Iowa

Jan. 17, 2023) and cases cited therein.

In this Court's opinion, under the particular circumstances and posture of this case, Hoy

did not carry his burden under Rule 56(d) and thus a ruling on the summary judgment motion

should not be delayed to permit Hoy to take additional discovery. The Court's decision is based on

the totality of the record including the following:

1. Hoy's counsel stated in its motion for extension of time to respond to the summary judgment motion that discovery had been conducted and the extension solely was needed to organize the discovery, obtain additional declarations (presumably from Hoy) and present the material in opposition to the motion. ECF No. 50 at 2.

2. The declaration that was filed with the Rule 56(d) motion is unsigned and no explanation was provided to the Court. ECF No. 53-1 at 6. The declarant attorney did not participate in the oral argument. ECF No. 65.

3. Hoy asserts that MHA never provided supplemental answers to interrogatories 11 and 13 related to the safe harbor affirmative defense, yet MHA has provided the Court with amended interrogatory answers that were provided on December 16, 2025. ECF Nos. 53 at 3; 59-1 at 8. Again, Hoy failed to explain this discrepancy to the Court. Nor did Hoy state that he never received the amended answers.

4. Hoy also claims that MHA's supplemental declaration of Max Jaffy in support of the motion for summary judgment contains statements that Hoy's counsel did not ask Jaffy about in the 30(b)(6) deposition. ECF No. 53 at 4. Hoy's counsel provided a 30(b)(6) notice to MHA outlining the topic areas that they planned to cover in the deposition. ECF No. 59-2 at 1.  The chosen topics included topics related to the safe harbor affirmative defense. Hoy's counsel made the choice as to the questions he asked, and MHA had no duty to advise that they might present other information in a declaration.

5. Hoy has failed to show that the alleged additional information he seeks to discover is reasonably likely to exist, which is part of the burden that Hoy must meet. Much of the parties' debate appears to be a semantics game. For example, Hoy contends that no "policies" related to the safe harbor issues were produced. MHA contends that the training materials and guidance that they produced serve the same purpose as "policies" and that MHA does not have additional "policies." Similarly, MHA states that it has no additional recordings of the Hoy calls and Hoy has not presented the Court with any reasonable basis to conclude that additional recordings exist.

6. Hoy never raised any discovery issues with the Court through a motion to compel. In fact, both parties advised the Court that they were on track to meet deadlines and had no issues

to discuss with the Court at a preset status conference scheduled for April 21, 2026, after the initial discovery period had closed. ECF Nos. 41 and 42.

In essence, Hoy is asking the Court to allow him to hedge his bet.  On the one hand he argues that his resistance is sufficient to overcome summary judgment. On the other hand, he asks the Court to give him a second bite at the apple if the Court is inclined to grant summary judgment by then allowing him to take some "elusive additional discovery" in hopes that it will magically produce an otherwise uncovered smoking gun that he can then use to resist summary judgment. The Court believes that Rule 56(d) was not designed nor intended to be utilized in this fashion and the Court declines Hoy's invitation to do so.

Accordingly, the Court **denies** Hoy's Rule 56(d) motion. ECF No. 53.

IT IS SO ORDERED.

Dated July 9, 2026.

Helen C. Adams
U.S. Magistrate Judge