**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDICARE HEALTH ADVISORS LLC<br><br>Defendant. | : | CIVIL ACTION FILE NO. 4:25-cv-00207-RGE-HCA |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF**
**CLASS CALLING AND PURPORTED CONSENT DATA**

Plaintiff Toby Hoy, pursuant to Federal Rules of Civil Procedure 26 and 37 and Local Rule 37, moves to compel Defendant Medicare Health Advisors LLC to produce documents responsive to Plaintiff's Requests for Production Nos. 16 and 17. Plaintiff seeks the calling data and corresponding consent records necessary to conduct class discovery and prepare his motion for class certification. Defendant initially refused to produce this information on the ground that no class had been certified and represented that it intended to seek bifurcation of discovery.

Those objections no longer reflect the procedural posture of this action. The Court's February 13, 2026 Order provided that, following an initial 60-day period of limited discovery, "discovery as to all issues will commence." ECF No. 33 at 5. The Court further declined to stay class discovery pending resolution of Defendant's anticipated dispositive motion. *Id.* Defendant's motion for summary judgment has now been denied, and Plaintiff's motion for class certification is due October 30, 2026. ECF Nos. 67, 71.

Despite the commencement of class discovery and the approaching class-certification deadline, Defendant has not produced the requested class calling or consent data (or made any supplemental production at all). The requested information is necessary to identify the calls and texts encompassed by the proposed classes, determine the number and characteristics of the recipients, evaluate Defendant's consent defense, and conduct the analysis necessary for class certification. Plaintiff therefore respectfully requests that the Court enter an Order:

1. Compelling Defendant to produce documents and electronically stored information responsive to Requests for Production Nos. 16 and 17 within 14 days;

2. Requiring Defendant to identify any responsive information that it contends cannot be produced, the custodian or system in which that information is maintained, and the specific reason it cannot be produced; and

3. Awarding such other relief as the Court deems appropriate.

**Local Rule 7 and Local Rule 37 Certifications**

Counsel for Plaintiff personally conferred with counsel for Defendant, James Peterson, by telephone on September 1, 2026, in a good-faith effort to resolve or narrow the dispute. During that conference, Plaintiff advised Defendant that Plaintiff intended to seek judicial intervention unless Defendant produced the class calling data necessary to comply with the class-certification schedule. Defendant's counsel stated that he would provide an update concerning the production and proposed dates for Defendant's deposition. Plaintiff confirmed that discussion by email on September 1, 2026, and subsequently advised Defendant that, having received no update, Plaintiff would move to compel. The parties have been unable to resolve the dispute. Defendant has not consented to the relief requested in this Motion.

RESPECTFULLY SUBMITTED AND DATED this 5th day of September, 2026.

*s/ Anthony I. Paronich*________________
Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com
*Counsel for the Plaintiff*