**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDICARE HEALTH ADVISORS LLC<br><br>Defendant. | : | CIVIL ACTION FILE NO. 4:25-cv-00207-RGE-HCA |

**DECLARATION OF ANTHONY I. PARONICH**
**IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

I, Anthony I. Paronich, declare as follows:

1. I am an attorney with Paronich Law, P.C. and counsel for Plaintiff Toby Hoy in this action.

2. I make this Declaration based upon my personal knowledge and in compliance with Local Rule 37.

3. Plaintiff served his First Set of Interrogatories and Requests for Production upon Defendant Medicare Health Advisors LLC.

4. Requests for Production Nos. 16 and 17 seek Defendant's class calling data and documents evidencing the purported consent obtained for calls or texts made during the class period.

5. Defendant objected to producing classwide information, contending that such discovery was premature because no class had been certified and because Defendant intended to seek bifurcation of discovery.

6. Defendant agreed to produce only documents relating directly to Plaintiff.

7. In August 2026, I advised Defendant's counsel that Plaintiff required the class calling data to comply with the expert-disclosure and class-certification deadlines. I proposed August 26, 2026 as the date for Defendant's supplemental production.

8. I also requested dates during the first two weeks of September for the deposition of Defendant's corporate representative concerning class issues.

9. On September 1, 2026, I personally conferred by telephone with Defendant's counsel, James Peterson, in a good-faith effort to resolve or narrow these issues without judicial intervention.

10. During that telephone conference, I explained that Plaintiff required Defendant's class calling data promptly to conduct class discovery, complete the necessary analysis, and comply with the existing schedule.

11. I advised Mr. Peterson that Plaintiff intended to seek judicial intervention that week if Defendant did not provide the requested data.

12. Mr. Peterson stated that he would provide an update concerning the calling data and would work on dates for Defendant's deposition.

13. Following the telephone conference, I sent Mr. Peterson an email confirming our discussion and stating that I would await his update.

14. After receiving no update, I sent a further email advising Mr. Peterson that Plaintiff would move to compel and again requesting Defendant's deposition dates.

15. Defendant has not provided a date certain for producing the class calling and consent data.

16. Defendant also has not provided dates for the requested deposition.

17. Despite the parties' personal conference and subsequent written communications, the parties have been unable to resolve the dispute concerning Requests for Production Nos. 16 and 17.

18. Defendant has not consented to the relief requested in Plaintiff's Motion.

19. Attached as Exhibit 1 is a true and correct copy of Defendant's responses to Plaintiff's First Set of Interrogatories and Requests for Production.

20. Attached as Exhibit 2 is a true and correct copy of the relevant email correspondence between counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 1, 2026.

*/s/ Anthony I. Paronich*

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDICARE HEALTH ADVISORS LLC,<br><br>Defendant. | Case No. 4:25-cv-00207-RGE-HCA<br><br>**DEFENDANT'S ANSWERS, RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Defendant Medicare Health Advisors LLC ("Defendant" or "Medicare Health"), by and through its attorneys and pursuant to Fed. R. Civ. P. 33, Local Rule 33, Fed. R. Civ. P. 34 and Local Rule 34, hereby provides the following answers, responses and objections Plaintiff Toby Hoy's ("Plaintiff" or "Mr. Hoy") First Set of Interrogatories and First Set of Requests for Production of Documents to Defendant.

**PRELIMINARY STATEMENTS TO INTERROGATORIES**

Defendant interposes the following Preliminary Statement and comments to Plaintiff's First Set of Interrogatories. These apply to each individual discovery request. To the extent that certain objections are cited in response to a specific request, Defendant provides specific citations because the objections are believed to be particularly applicable to that request. These specific citations are not to be construed as a waiver of any other general objections applicable to information falling within the scope of the discovery request.

1. Defendant's investigation is ongoing. Defendant reserves the right to amend, modify and/or revise these objections and answers, or to produce additional information and documents, as a result of such investigation.

2. A statement herein that documents will be produced is a representation of Defendant's willingness to produce such documents if they exist and can be located by a reasonable, good faith effort, and not a representation that the documents in fact exist.

3. Defendant specifically objects to Plaintiff's Definition No. 11 which seeks to require a near summary of each and every document that may be responsive to a particular interrogatory, as this would impose an undue burden on Defendant. Fed. R. Civ. P. 33(d) allows Defendant the option to produce business records in response to an interrogatory, "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party…" All of Defendant's document productions have been or will be produced as searchable documents with underlying metadata, and the documents are therefore equally as searchable by Plaintiff. Defendant will not identify documents with the level of detail requested by Plaintiff.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**RESPONSE TO INTERROGATORY NO. 1:** Medicare Health objects to this Interrogatory for the reason that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Subject to and without waiving these objections, Medicare Health states that counsel for Medicare Health prepared the answers to these Interrogatories based upon relevant information and documents provided by Max Jaffy.

**<u>INTERROGATORY NO. 2</u>:** Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**<u>RESPONSE TO INTERROGATORY NO. 2</u>:** Medicare Health objects to this Interrogatory as seeking irrelevant information and information that is disproportionate to the claims and defense in the litigation to the extent it goes beyond the call made to the named Plaintiff in this litigation. At this time, a class has not been certified and, accordingly, names of all employees who make outbound calls are not relevant to the current posture of the litigation. Additionally, Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly.

Subject to and without waiving these objections, Medicare Health states that no employee, agent, or vendor of Medicare Health makes marketing outbound calls to promote goods and services unless and until there is already an established relationship with Medicare Health or until an opt-in and/or prior express written consent has been received by an individual requesting to be contacted. Medicare Health further states that its telephone calls are not telemarketing, but purely informational in nature.

With respect to Plaintiff specifically, Medicare Health obtained Plaintiff's information and a prior express written consent to be contacted from Inbounds.com f/k/a Data Prosper. Defendant than used DialedIn f/k/a Chase Data to dial Plaintiff's telephone number pursuant to the prior express written consent. Plaintiff then spoke with live agents from Virtual Buddy 24/7.

**<u>INTERROGATORY NO. 3</u>:** Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**<u>RESPONSE TO INTERROGATORY NO. 3</u>:** Medicare Health objects to this Interrogatory as seeking irrelevant information and information that is disproportionate to the claims and defense in the litigation to the extent it goes beyond the call made to the named Plaintiff in this litigation. At this time, a class has not been certified and, accordingly, the work of "each employee" is not relevant to the current posture of the litigation. Medicare Health also objects to this Interrogatory as vague and ambiguous as to which employees are at issue in this Interrogatory. Additionally, Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly.

Subject to and without waiving these objections, and based on Medicare Health's interpretation that this refers to the employees, agents, or vendors identified in the response to Interrogatory No. 2, Medicare Health states that no employee, agent or vendor of Medicare Health makes marketing outbound calls to promote goods and services unless and until there is already an established relationship with Medicare Health or until an opt-in and/or prior express written consent has been received by an individual requesting to be contacted. Medicare Health further states that its telephone calls are not telemarketing, but purely informational in nature.

With respect to Plaintiff specifically, see Defendant's response to Interrogatory No. 3 above for the information requested.

**<u>INTERROGATORY NO. 4</u>:** Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.

**<u>RESPONSE TO INTERROGATORY NO. 4</u>:** Medicare Health objects to this Interrogatory because such information is not relevant to any party's claim or defense and is disproportional to the needs of the case at this time because the information as requested seeks information that has no bearing on the allegations in the putative Class Action Complaint. As worded, this Interrogatory seeks information regarding any third party used by any vendor of Medicare Health, and is not limited to the matters at issue in the litigation. Medicare Health further objects to this Interrogatory as overbroad and as seeking irrelevant information to the extent it seeks information regarding vendors beyond those involved in the call to the named Plaintiff. At this time, a class has not been certified and, accordingly, ***all*** third parties or sub-vendors are not relevant to the current posture of the litigation. Additionally, Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly.

With regard to any subvendors or third parties directly involved with Plaintiff, Defendant does not have any further knowledge than what is contained in response to Interrogatory No. 2 above. Discovery is ongoing and Defendant will supplement this response if needed.

**<u>INTERROGATORY NO. 5</u>:** Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**<u>RESPONSE TO INTERROGATORY NO. 5</u>:** Medicare Health states that it is continuing to investigate the response to this Interrogatory and will supplement this response as discovery continues.

**<u>INTERROGATORY NO. 6</u>:** If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**<u>RESPONSE TO INTERROGATORY NO. 6</u>:** Plaintiff provided a prior written consent to be contacted by Defendant on or about July 6, 2024. For further details, please refer to the Verisk Marketing Solutions report and the lead information screenshot produced in Defendant's document production.

**<u>INTERROGATORY NO. 7</u>:** If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**<u>RESPONSE TO INTERROGATORY NO. 7</u>:** Medicare Health refers Plaintiff to its response to Interrogatory No. 2 above.

**<u>INTERROGATORY NO. 8</u>:** Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**<u>RESPONSE TO INTERROGATORY NO. 8</u>:** Medicare Health objects to this request as overbroad and unduly burdensome to the extent it seeks "all" communications with any third-party regarding this lawsuit. It would be burdensome and potentially impossible to conduct a review to ensure that "all" communications relating to this topic are located, reviewed and produced, and attempting to do so would not be proportional to the needs of the case. Medicare Health further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine and/or any other applicable privilege.

Subject to and without waiving these objections, pursuant to Fed. R. Civ. P. 33(d), non-privileged documents responsive to this Interrogatory will be produced.

**INTERROGATORY NO. 9:** Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**RESPONSE TO INTERROGATORY NO. 9:** Medicare Health uses DialedIn f/k/a Chase Data for its dialer.

**INTERROGATORY NO. 10:** State all facts in support of any affirmative defenses you have raised.

**RESPONSE TO INTERROGATORY NO. 10:** Medicare Health interprets this Interrogatory as twenty-one separate Interrogatories. Medicare Health objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege or the work-product privilege, or is asking for attorney impressions. Subject to and without waiving these objections, Medicare Health refers Plaintiff to the facts evidenced by the discovery responses and initial disclosures served in this matter, as well as all documents that may be produced in this matter by all parties and third parties as possible facts and evidence that may be offered in support of Medicare Health's affirmative defenses. In short, a call was placed to a number that Medicare Health had consent to contact. Further, Defendant does not use any prerecorded messages and does not make telemarketing calls. Defendant's telephone calls are informational in nature.

**INTERROGATORY NO. 11:** Identify and describe in detail the process by which you (or any vendor acting on your behalf) "scrubbed" telephone numbers against the National Do Not Call

Registry during the relevant time period. In your answer, identify all persons involved, the software or service provider(s) used, and the frequency of such scrubs.

**RESPONSE TO INTERROGATORY NO. 11:** Medicare Health states that it is continuing to investigate the response to this Interrogatory and will supplement this response as discovery continues.

**INTERROGATORY NO. 12:** Identify and describe all methods by which you claim to have obtained prior express written consent for outbound calls or texts made during the class period. In your answer, identify each vendor, lead generator, or affiliate involved and specify whether any records of such consent exist.

**RESPONSE TO INTERROGATORY NO. 12:** To the extent Medicare Health obtains leads with prior express written consents from vendors other than Inbounds.com f/k/a Data Prosper, Medicare Health objects to this Interrogatory as seeking irrelevant information and information that is disproportionate to the claims and defense in the litigation to the extent it goes beyond the call made to the named Plaintiff in this litigation. At this time, a class has not been certified and, accordingly, names of other vendors not connected to Plaintiff are not relevant to the current posture of the litigation. Additionally, Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly.

As to Plaintiff, please see Defendant's response to Interrogatory Nos. 2 and 6 above.

**INTERROGATORY NO. 13:** Identify each person or entity responsible for TCPA or Do Not Call Registry compliance during the relevant period, including their job titles, dates of service, and specific responsibilities.

**<u>RESPONSE TO INTERROGATORY NO. 13</u>:** Medicare Health states that it is continuing to investigate the response to this Interrogatory and will supplement this response as discovery continues.

**<u>INTERROGATORY NO. 14</u>:** Identify all governmental investigations, inquiries, or complaints received from the FCC, FTC, state attorneys general, or any other regulator concerning outbound telemarketing during the relevant time period.

**<u>RESPONSE TO INTERROGATORY NO. 14</u>:** Medicare Health objects to this Interrogatory because such information is not relevant to any party's claim or defense and proportional to the needs of the case because such information holds no bearing on the allegations in the putative Class Action Complaint.

**<u>INTERROGATORY NO. 15</u>:** Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**<u>RESPONSE TO INTERROGATORY NO. 15</u>:** Medicare Health objects to this Interrogatory because such information is not relevant to any party's claim or defense and proportional to the needs of the case because such information holds no bearing on the allegations in the putative Class Action Complaint. Subject to and without waiving these objections, Medicare Health states no such actions have been taken against any person by Medicare Health.

**PRELIMINARY STATEMENTS TO REQUESTS FOR**

**PRODUCTION OF DOCUMENTS**

Defendant makes the following Preliminary Statements to Plaintiff's First Set of Requests for Production of Documents. The comments in these Preliminary Statements apply to each individual discovery request. Defendant will provide specific objections to each individual request as appropriate. These specific citations are not to be construed as a limitation on the statements below.

1. Defendant is in the process of investigating and has not completed its investigation of facts, witnesses, or documents relating to this case, has not completed analysis of all available information, and has not completed preparation for trial. Investigation is continuing, however, and it is possible that future discovery and investigation may supply additional information or documents that may lead to additions to, changes in, or variations from the following responses. Defendant reserves its right to supplement these responses when or if subsequently discovered information is made available and to introduce and rely upon such information in the course of this litigation.

2. Defendant will not produce information or documents protected from disclosure by the attorney-client privilege, work-product doctrine, common interest privilege, or any other applicable privilege or doctrine. In the event Defendant inadvertently produces privileged or protected documents, that production shall not constitute a waiver of the privilege or protection. Upon completion of production of documents, Defendant will produce a privilege log for any responsive, non-objectionable documents withheld as privileged.

3. A statement herein that documents will be produced is a representation of Defendant's willingness to produce such documents if they exist and can be located by a reasonable, good faith effort, and not a representation that the documents in fact exist.

4. Defendant will produce documents on a rolling basis.

5. Defendant specifically objects to Plaintiff's Definition No. 11 which seeks to require a near summary of each and every document that may be responsive to a particular request, as this would impose an undue burden on Defendant. All of Defendant's document productions have been or will be produced as searchable documents with underlying metadata, and the documents are therefore equally as searchable by Plaintiff. Defendant will not identify documents with the level of detail requested by Plaintiff.

**RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:** Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE TO REQUEST NO. 1:** Non-privileged documents responsive to this request will be produced.

**REQUEST FOR PRODUCTION NO. 2:** Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE TO REQUEST NO. 2:** Medicare Health objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" documents supporting or contradicting any affirmative defense made in any answer by Medicare Health to any complaint in this case. It would be burdensome and not practical for Medicare Health to have to locate "all" documents that refer to such information, and attempting to do so would not be proportional to the needs of the case. Medicare Health further objects to this Request as vague and ambiguous to the extent it is unclear what document may support or contradict affirmative defenses.

Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Medicare Health's possession, custody, or control will be produced based on Medicare Health's good faith interpretation of this Request and good faith search for documents. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Tuesday, October 14, 2025.

**REQUEST FOR PRODUCTION NO. 3:** Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

**RESPONSE TO REQUEST NO. 3:** Medicare Health objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product privilege, and any other applicable privilege. Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Medicare Health's possession, custody, or control will be produced. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Tuesday, October 14, 2025.

**REQUEST FOR PRODUCTION NO. 4:** Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

**RESPONSE TO REQUEST NO. 4:** Medicare Health objects to this Request as irrelevant and as seeking documents that are disproportionate to the claims and defenses in the litigation. A class has not yet been certified in this litigation and, as such, a broad request for any failure to abide by policies simply is not relevant to the claims of the Plaintiff in this litigation. Medicare Health

further objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" documents relating to any failure by a vendor of Medicare Health to abide by Medicare Health's policies relating to the sending of outbound calls. It would be burdensome and not practical for Medicare Health to have to locate "all" documents that refer to such information, and attempting to do so would not be proportional to the needs of the case. Medicare Health also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product privilege, and any other applicable privilege. Medicare Health invites a meet and confer as to this Request.

**REQUEST FOR PRODUCTION NO. 5:** Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**RESPONSE TO REQUEST NO. 5:** Medicare Health objects to this Request as irrelevant and as seeking documents that are disproportionate to the claims and defenses in the litigation to the extent it seeks all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. At this time, a class has not been certified and, accordingly, seeking these documents would provide information that has nothing to do with Plaintiff and will encompass documents that have no relevance to the claims and defenses in this litigation at this stage of the litigation. The Request and burden is disproportionate to the needs of the case based on the current procedural posture of the litigation. Medicare Health objects to this Request as overbroad and unduly burdensome to

the extent it seeks "all" complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. It would be burdensome and not practical for Medicare Health to have to locate "all" documents containing such information.

Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Medicare Health's possession, custody, or control will be produced as to Plaintiff only.

**REQUEST FOR PRODUCTION NO. 6:** All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE TO REQUEST NO. 6:** Medicare Health objects to this Request because it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case because such information holds no bearing on the allegations in the putative Class Action Complaint. Medicare Health further objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information. It would be burdensome and not practical for Medicare Health to have to locate "all" documents that refer to such information, and attempting to do so would not be proportional to the needs of the case. Medicare Health further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine and/or any other applicable privilege. Subject to and without waiving these objections, Defendant agrees to produce the contracts themselves only for those vendors relevant to Plaintiff as outlined in the interrogatories. Pursuant to Federal Rule

of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Tuesday, October 14, 2025.

**<u>REQUEST FOR PRODUCTION NO. 7</u>:** All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**<u>RESPONSE TO REQUEST NO. 7</u>:** Medicare Health objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" internal communications regarding any vendor that provided Medicare Health with the Plaintiff's telephone number or information. It would be burdensome and not practical for Medicare Health to have to locate "all" internal communications that refer to such information, and attempting to do so would not be proportional to the needs of the case. Medicare Health further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine and/or any other applicable privilege.

Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Medicare Health's possession, custody, or control will be produced based on Medicare Health's good faith search for documents. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Tuesday, October 14, 2025.

**<u>REQUEST FOR PRODUCTION NO. 8</u>:** All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**<u>RESPONSE TO REQUEST NO. 8</u>:** Medicare Health objects to this Request because it seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case because such information holds no bearing on the allegations in the putative Class Action

Complaint. Medicare Health further objects to this Request as overbroad and unduly burdensome to the extent it seeks “all” contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff. It would be burdensome and not practical for Medicare Health to have to locate “all” documents that refer to such information, and attempting to do so would not be proportional to the needs of the case. Medicare Health further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine and/or any other applicable privilege. Medicare Health invites a meet and confer as to this Request.

**REQUEST FOR PRODUCTION NO. 9:** All communications with any third party that dialed the calls to the Plaintiff.

**RESPONSE TO REQUEST NO. 9:** Medicare Health objects to this Request as overbroad and unduly burdensome to the extent it seeks “all” communications with any third-party that dialed the calls to the Plaintiff. It would be burdensome and not practical for Medicare Health to have to locate “all” communications with any third-party that refer to such information, and attempting to do so would not be proportional to the needs of the case. Defendant further objects to the extent such documents are not relevant to any claim or defense in this matter, particularly insofar as such communications with DialedIn do not relate directly to this lawsuit or Plaintiff. Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly.

Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Medicare Health’s possession, custody, or control that relate directly to Plaintiff or this lawsuit will be produced based on Medicare Health’s good faith search for documents.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B). Please see Defendant's documents produced on or before Tuesday, October 14, 2025.

**REQUEST FOR PRODUCTION NO. 10:** All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

**RESPONSE TO REQUEST NO. 10:** Medicare Health objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" internal communications regarding any third-party that dialed the calls to the Plaintiff. It would be burdensome and not practical for Medicare Health to have to locate "all" internal communications that refer to such information, and attempting to do so would not be proportional to the needs of the case. Medicare Health further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine and/or any other applicable privilege. Defendant further objects to the extent such documents are not relevant to any claim or defense in this matter, particularly insofar as such communications do not relate directly to this lawsuit or Plaintiff. Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly.

Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Medicare Health's possession, custody, or control that relate directly to Plaintiff or this lawsuit will be produced based on Medicare Health's good faith search for documents. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B). Please see Defendant's documents produced on or before Tuesday, October 14, 2025.

**REQUEST FOR PRODUCTION NO. 11:** All communications with any third party that provided you the Plaintiff's telephone number.

**RESPONSE TO REQUEST NO. 11:** Medicare Health objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" communications with any third party that provided you the Plaintiff's telephone number. It would be burdensome and not practical for Medicare Health to have to locate "all" communications that refer to such information, and attempting to do so would not be proportional to the needs of the case. Finally, Medicare Health objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to the extent such documents are not relevant to any claim or defense in this matter, particularly insofar as such communications with a Inbound.com do not relate directly to this lawsuit or Plaintiff. Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly.

Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Medicare Health's possession, custody, or control that relate directly to Plaintiff or this lawsuit will be produced based upon a good faith search. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B). Please see Defendant's documents produced on or before Tuesday, October 14, 2025.

**REQUEST FOR PRODUCTION NO. 12:** All internal communications at your company regarding any third party that provided you the Plaintiff's telephone number.

**RESPONSE TO REQUEST NO. 12:** Medicare Health objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" internal communications at your company regarding

any third party that provided you the Plaintiff's telephone number. It would be burdensome and not practical for Medicare Health to have to locate "all" communications that refer to such information, and attempting to do so would not be proportional to the needs of the case. Finally, Medicare Health objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to the extent such documents are not relevant to any claim or defense in this matter, particularly insofar as such communications do not relate directly to this lawsuit or Plaintiff. Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly.

Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Medicare Health's possession, custody, or control that relate directly to Plaintiff or this lawsuit will be produced based upon a good faith search. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Tuesday, October 14, 2025.

**REQUEST FOR PRODUCTION NO. 13:** Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE TO REQUEST NO. 13:** Medicare Health objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" documents relating to insurance coverage of the

acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers. It would be burdensome and not practical for Medicare Health to have to locate "all" documents that refer to such information, and attempting to do so would not be proportional to the needs of the case. Finally, Medicare Health objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Medicare Health's possession, custody, or control will be produced based upon a good faith search. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Tuesday, October 14, 2025.

**REQUEST FOR PRODUCTION NO. 14:** Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE TO REQUEST NO. 14:** Non-privileged documentation responsive to this Request in Medicare Health's possession, custody, or control, if any, will be produced. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Tuesday, October 14, 2025.

**REQUEST FOR PRODUCTION NO. 15:** Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

(a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

(b) obtaining or verifying prior express consent;

(c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq*.

**RESPONSE TO REQUEST NO. 15:** Medicare Health objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. It would be burdensome and not practical for Medicare Health to have to locate "all" documents that refer to such information, and attempting to do so would not be proportional to the needs of the case. Subject to and without waiving these objections, non-privileged policies regarding TCPA procedures responsive to this Request in Medicare Health's possession, custody, or control will be produced. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Tuesday, October 14, 2025.

**REQUEST FOR PRODUCTION NO. 16:** Please produce all documents containing any of the following information for each outbound telemarketing call or text sent by you or your vendors, including to the Plaintiff:

(a) the date and time;

(b) the caller ID;

(c) any stop request received;

(d) any recorded message used;

(e) the result;

(f) identifying information for the recipient; and

(g) any other information stored by the call detail records.

**RESPONSE TO REQUEST NO. 16:** Medicare Health objects to this Request as irrelevant and as seeking documents that are disproportionate to the claims and defenses in the litigation to the extent it seeks documents showing the requested information for every call made during the relevant time period. At this time, a class has not been certified and, accordingly, seeking this information regarding every outbound telemarketing call would provide information that has nothing to do with Plaintiff and will encompass communications that have no relevance to the claims and defenses in this litigation at this stage of the litigation. The Request and burden is disproportionate to the needs of the case based on the current procedural posture of the litigation. Medicare Health objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" documents containing any of the following information for each outbound telemarketing call sent by Medicare Health or Medicare Health's vendors. It would be burdensome and not practical for Medicare Health to have to locate "all" documents containing such information.

Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly. Said motion will further outline the burden faced by Defendant in gathering all documents responsive to this request. Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Medicare Health's possession, custody, or control that relate directly to Plaintiff will be produced based on Medicare Health's good faith search for documents. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Tuesday, October 14, 2025.

**REQUEST FOR PRODUCTION NO. 17:** Produce all documents evidencing purported consent obtained for calls or texts made during the class period, including any lead generation forms, webforms or audit trails.

**RESPONSE TO REQUEST NO. 17:** Medicare Health objects to this Request as irrelevant and as seeking documents that are disproportionate to the claims and defenses in the litigation to the extent it seeks documents evidencing purported consent obtained for calls or texts made during the class period. At this time, a class has not been certified and, accordingly, seeking this information regarding every outbound telemarketing call would provide information that has nothing to do with Plaintiff and will encompass communications that have no relevance to the claims and defenses in this litigation at this stage of the litigation. The Request and burden is disproportionate to the needs of the case based on the current procedural posture of the litigation. Medicare Health objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" documents evidencing purported consent obtained for calls or texts made during the class period. It would be burdensome and not practical for Medicare Health to have to locate "all" documents containing such information.

Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly. Said motion will further outline the burden faced by Defendant in gathering all documents responsive to this request. Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Medicare Health's possession, custody, or control that relate directly to Plaintiff will be produced based on Medicare Health's good faith search for documents. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Tuesday, October 14, 2025.

**<u>REQUEST FOR PRODUCTION NO. 18</u>:** Produce all documents, reports, or data files that reflect scrubbing of call lists against the National Do Not Call Registry during the relevant time period.

**<u>RESPONSE TO REQUEST NO. 18</u>:** Medicare Health objects to this Request as irrelevant and as seeking documents that are disproportionate to the claims and defenses in the litigation to the extent it seeks documents, reports, or data files that reflect scrubbing of call lists against the National Do Not Call Registry. At this time, a class has not been certified and, accordingly, seeking these documents would provide information that has nothing to do with Plaintiff and will encompass communications that have no relevance to the claims and defenses in this litigation at this stage of the litigation. The Request and burden is disproportionate to the needs of the case based on the current procedural posture of the litigation. Medicare Health objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" documents, reports, or data files that reflect scrubbing of call lists against the National Do Not Call Registry. It would be burdensome and not practical for Medicare Health to have to locate "all" documents containing such information.

Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Medicare Health's possession, custody, or control will be produced as to Plaintiff only. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Tuesday, October 14, 2025.

**<u>REQUEST FOR PRODUCTION NO. 19</u>:** Produce all communications with regulators (including the FCC, FTC, and state attorneys general) regarding telemarketing or Do Not Call compliance during the class period.

**<u>RESPONSE TO REQUEST NO. 19</u>:** Medicare Health objects to this Request as irrelevant and as seeking documents that are disproportionate to the claims and defenses in the litigation to the extent it seeks communications with regulators regarding telemarketing or Do Not Call compliance. At this time, a class has not been certified and, accordingly, seeking these communications would provide information that has nothing to do with Plaintiff and will encompass communications that have no relevance to the claims and defenses in this litigation at this stage of the litigation. The Request and burden is disproportionate to the needs of the case based on the current procedural posture of the litigation. Medicare Health objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" communications with regulators regarding telemarketing or Do Not Call compliance. It would be burdensome and not practical for Medicare Health to have to locate "all" documents containing such information.

**<u>REQUEST FOR PRODUCTION NO. 20</u>:** All communications with any third party concerning this litigation other than your attorney.

**<u>RESPONSE TO REQUEST NO. 20</u>:** Medicare Health objects to this request as overbroad and unduly burdensome to the extent it seeks "all" communications with any third-party regarding this lawsuit. It would be burdensome and potentially impossible to conduct a review to ensure that "all" communications relating to this topic are located, reviewed and produced, and attempting to do so would not be proportional to the needs of the case. Medicare Health further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine and/or any other applicable privilege.

Subject to and without waiving these objections, non-privileged documents responsive to this Request will be produced. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Tuesday, October 14, 2025.

Dated this 2nd day of October 2025.

MEDICARE HEALTH ADVISORS LLC, Defendant

By: */s/ Victoria H. Buter*

Victoria H. Buter (#AT0009169)
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, Nebraska 68102-2186
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
vicki.buter@kutakrock.com

James A. Peterson, Esq.
*(admitted pro hac vice)*
PETERSON LEGAL P.A.
5079 North Dixie Highway, Suite 105
Oakland Park, Florida 33334
Telephone: (754) 444-8076
james@petersonlegal.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 2, 2025, a true and correct copy of the foregoing was served by electronic mail upon the following:

Eric S. Mail, Esq.
PURYEAR LAW P.C.
3719 Bridge Avenue, Suite 6
Davenport, Iowa 52807
mail@puryearlaw.com

Anthony Paronich, Esq.
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

*/s/ Victoria H. Buter*
Victoria H. Buter

# EXHIBIT 2

**Anthony Paronich**

**From:** Anthony Paronich <anthony@paronichlaw.com> on behalf of Anthony Paronich
**Sent:** Friday, September 4, 2026 11:53 AM
**To:** James Peterson
**Cc:** Vicki H. Buter
**Subject:** Re: Hoy v. Medicare Advisors

James:

Having heard nothing here, we are going to move to compel on this.

Also, please let me know on the deposition date.

Regards,

----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

On Tue, Sep 1, 2026 at 9:58 AM Anthony Paronich <anthony@paronichlaw.com> wrote:

> James:
>
> Thanks for talking with me. As I mentioned, we do intend to seek judicial intervention this week on the calling data so we can keep with the schedule. I will look for your update.
>
> You're also going to work on the deposition dates and we'll take it from there.

Regards,

----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400

Hingham, MA 02043
[o] (617) 485-0018

[c] (508) 221-1510
[f] (508) 318-8100

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Thursday, August 13, 2026 3:40 PM
**To:** James Peterson <James@petersonlegal.com>
**Cc:** Vicki H. Buter <Vicki.Buter@kutakrock.com>
**Subject:** RE: Hoy v. Medicare Advisors

Hello, all. Having not heard back, I’m going to file the attached tomorrow. I did not mark it as unopposed, but otherwise reflected our conversation below.

----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400

Hingham, MA 02043
[o] (617) 485-0018

[c] (508) 221-1510
[f] (508) 318-8100

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Wednesday, August 12, 2026 2:10 PM
**To:** James Peterson <James@petersonlegal.com>
**Cc:** Vicki H. Buter <Vicki.Buter@kutakrock.com>
**Subject:** Re: Hoy v. Medicare Advisors

Thanks, but to do that I do want to put when the class data will be provided. From the First Set of Discovery, this will be RPD No. 16 and 17

I also will need a short 30(b)(6) on class issues, an undated notice is attached.

How about August 26 for the supplement and first two weeks in September for the deposition?

If so, I can put together a joint motion.

----

Anthony Paronich

Paronich Law, P.C.

350 Lincoln Street, Suite 2400

Hingham, MA 02043

[o] (617) 485-0018

[c] (508) 221-1510

[f] (508) 318-8100

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

On Wed, Aug 12, 2026 at 1:34 PM James Peterson <James@petersonlegal.com> wrote:

Hi Anthony, we do not oppose pushing deadlines back 45 days.

**James A. Peterson, Esq.**

Shareholder

Peterson Legal P.A.

5079 North Dixie Highway, Suite 105

Oakland Park, Florida 33334

(754) 444-8076

James@PetersonLegal.com

www.PetersonLegal.com

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Sunday, August 9, 2026 10:06 AM
**To:** James Peterson <James@petersonlegal.com>; Vicki H. Buter <Vicki.Buter@kutakrock.com>
**Subject:** RE: Hoy v. Medicare Advisors

Hey, all. Obviously Friday's decision impacts timing. So, if we can get the class data supplemented, I think we can get everything done by pushing dates back by 45 days. Let me know what you think.

----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400

Hingham, MA 02043
[o] (617) 485-0018

[c] (508) 221-1510
[f] (508) 318-8100

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** James Peterson <James@petersonlegal.com>
**Sent:** Friday, August 7, 2026 3:04 PM
**To:** Anthony Paronich <anthony@paronichlaw.com>; Vicki H. Buter <Vicki.Buter@kutakrock.com>
**Subject:** Re: Hoy v. Medicare Advisors

Hi Anthony, I would like to discuss this with Vicki before responding and haven't had the chance yet. We'll get back to you asap.

**James A. Peterson, Esq.**

Shareholder

Peterson Legal P.A.

5079 North Dixie Highway, Suite 105

Oakland Park, Florida 33334

(754) 444-8076

James@PetersonLegal.com

www.PetersonLegal.com

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Friday, August 7, 2026 10:42 AM
**To:** Vicki H. Buter <Vicki.Buter@kutakrock.com>; James Peterson <James@petersonlegal.com>
**Subject:** Re: Hoy v. Medicare Advisors

Hello, all. Following up here.

----

Anthony Paronich

Paronich Law, P.C.

350 Lincoln Street, Suite 2400

Hingham, MA 02043

[o] (617) 485-0018

[c] (508) 221-1510

[f] (508) 318-8100

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

On Thu, Aug 6, 2026 at 8:06 AM Anthony Paronich <anthony@paronichlaw.com> wrote:

Hello, all. Our reading of the current scheduling order talks about a due date for motion for class certification and plaintiffs experts. Sue, it appears that we would have to join in a motion to continue or vacate those dates or get going with class discovery

Please let me know what you think.

Anthony