**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDICARE HEALTH ADVISORS LLC<br><br>Defendant. | : | CIVIL ACTION FILE NO. 4:25-cv-00207-RGE-HCA |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF CLASS CALLING AND PURPORTED CONSENT DATA**

## Introduction

Plaintiff Toby Hoy seeks production of two central categories of class discovery: Defendant Medicare Health Advisors LLC's outbound calling data and the records upon which Defendant relies to contend that the recipients of those calls consented to receive them.

Plaintiff alleges that Defendant placed at least five telemarketing calls to his residential cellular telephone to solicit the purchase of health insurance. ECF No. 1 ¶¶ 34–59. Plaintiff's number had been registered on the National Do Not Call Registry for more than one year, Plaintiff had never conducted business with Defendant, and Plaintiff had never consented to receive Defendant's calls. *Id.* ¶¶ 40–43, 57–63. When Plaintiff answered calls on November 21 and 22, 2024, he heard a prerecorded or artificial voice asking qualifying questions about health insurance. *Id.* ¶¶ 45–48, 53.

Based upon Defendant's alleged use of automated systems capable of generating large numbers of substantially similar calls, Plaintiff brings claims on behalf of three proposed classes:

a Robocall Class, a National Do Not Call Registry Class, and a Florida Telephone Solicitation Act Autodial Class. *Id.* ¶¶ 65–66. The Complaint expressly alleges that these classes can be identified through Defendant's dialer records, other telephone records, and telephone-number databases. *Id.* ¶ 71.

Requests for Production Nos. 16 and 17 seek the records needed to identify the calls encompassed by the proposed classes and evaluate whether Defendant possesses consent evidence corresponding to those calls. Defendant initially withheld these records because no class had been certified and because Defendant intended to seek bifurcation of discovery. Those objections no longer apply. The Court has authorized discovery as to all issues, Defendant's motion for summary judgment has been denied, and Plaintiff's class-certification motion is due October 30, 2026.

**Background**

Plaintiff alleges that Defendant called his residential cellular telephone at least five times to solicit the purchase of individual or family health-insurance plans. ECF No. 1 ¶¶ 34–59. The calls occurred on August 28, September 7, September 13, November 21, and November 22, 2024, and originated from two caller-identification numbers associated with Defendant. *Id.* ¶¶ 43–51.

Plaintiff answered the November 21, 2024 call and heard a robot asking qualifying questions about health insurance. *Id.* ¶ 45. The call eventually transferred Plaintiff to a live representative named "Amber," who identified herself as calling from Medicare Health Advisors and provided a callback number appearing on Defendant's website. *Id.* ¶¶ 45–47. Plaintiff answered another call on November 22, 2024 and heard the same robot. *Id.* ¶ 48. Plaintiff alleges

that the calls began with prerecorded speech and were placed through automated marketing software. *Id.* ¶¶ 53–56.

Plaintiff's cellular telephone is a residential number used for personal, family, and household purposes. *Id.* ¶¶ 34–39. Plaintiff registered the number on the National Do Not Call Registry more than one year before the challenged calls. *Id.* ¶ 42. Plaintiff alleges that he never did business with Defendant, never provided Defendant with consent, and never requested the calls. *Id.* ¶¶ 40–42, 57–63.

Plaintiff asserts claims under the TCPA's restrictions on artificial or prerecorded calls, the TCPA's National Do Not Call Registry provisions, and the Florida Telephone Solicitation Act. *Id.* ¶¶ 80–96. He seeks to represent:

> **Robocall Class:** Plaintiff and all persons within the United States: (1) to whose cellular telephone numbers (2) Defendant, or any third party acting on their behalf, placed a call using artificial or pre-record messages (3) within the four years prior to the filing of the Complaint.
>
> **National Do Not Call Registry Class:** All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call from Defendant made from or into Florida regarding insurance goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) since July 1, 2021.
> *Id.* ¶ 66.

**The Discovery Requests**

**REQUEST FOR PRODUCTION NO. 16:** Please produce all documents containing any of the following information for each outbound telemarketing call or text sent by you or your vendors, including to the Plaintiff:

(a) the date and time;
(b) the caller ID;
(c) any stop request received;
(d) any recorded message used;
(e) the result;
(f) identifying information for the recipient; and
(g) any other information stored by the call detail records.

Defendant responded:

**RESPONSE TO REQUEST NO. 16:** Medicare Health objects to this Request as irrelevant and as seeking documents that are disproportionate to the claims and defenses in the litigation to the extent it seeks documents showing the requested information for every call made during the relevant time period. At this time, a class has not been certified and, accordingly, seeking this information regarding every outbound telemarketing call would provide information that has nothing to do with Plaintiff and will encompass communications that have no relevance to the claims and defenses in this litigation at this stage of the litigation. The Request and burden is disproportionate to the needs of the case based on the current procedural posture of the litigation. Medicare Health objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" documents containing any of the following information for each outbound telemarketing call sent by Medicare Health or Medicare Health's vendors. It would be burdensome and not practical for Medicare Health to have to locate "all" documents containing such information.

Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly. Said motion will further outline the burden faced by Defendant in gathering all documents responsive to this request. Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Medicare Health's possession, custody, or control that relate directly to Plaintiff will be produced based on Medicare Health's good faith search for documents. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Tuesday, October 14, 2025.

Request for Production No. 17 states:

**REQUEST FOR PRODUCTION NO. 17:** Produce all documents evidencing purported consent obtained for calls or texts made during the class period, including any lead generation forms, webforms or audit trails.

Defendant responded:

**RESPONSE TO REQUEST NO. 17:** Medicare Health objects to this Request as irrelevant and as seeking documents that are disproportionate to the claims and defenses in the litigation to the extent it seeks documents evidencing purported consent obtained for calls or texts made during the class period. At this time, a class has not been certified and, accordingly, seeking this information regarding every outbound telemarketing call would provide information that has nothing to do with Plaintiff and will encompass communications that have no relevance to the claims and defenses in this litigation at this stage of the litigation. The Request and burden is disproportionate to the needs of the case based on the current procedural posture of the litigation. Medicare Health objects to this Request as overbroad and unduly burdensome to the extent it seeks "all" documents evidencing purported consent obtained for calls or texts made during the class period. It would be burdensome and not practical for Medicare Health to have to locate "all" documents containing such information.

Defendant will shortly file a Motion to Bifurcate Discovery seeking to limit the scope of discovery to only issues pertaining to Plaintiff directly. Said motion will further outline the burden faced by Defendant in gathering all documents responsive to this request. Subject to and without waiving these objections, non-privileged documentation responsive to this Request in Medicare Health's possession, custody, or control that relate directly to Plaintiff will be produced based on Medicare Health's good faith search for documents. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), please see Defendant's documents produced on or before Tuesday, October 14, 2025.

**Class discovery is Now Open**

On February 13, 2026, the Court established an initial 60-day period of limited discovery addressing certain issues concerning Plaintiff's individual claims. ECF No. 33 at 5. The Court expressly ordered that, "[a]fter the initial stage of discovery closes, discovery as to all issues will commence." *Id.* The Court declined to stay class discovery while Defendant pursued its anticipated dispositive motion. *Id.* The initial period has expired, and discovery as to all issues is open. The Court established February 1, 2027 as the discovery deadline. ECF No. 38. Defendant subsequently moved for summary judgment, but the Court denied that motion on August 7, 2026. ECF No. 67. Plaintiff's expert disclosures are presently due September 29, 2026, and his motion for class certification is due October 30, 2026. ECF No. 71.

Plaintiff requested that Defendant supplement its production with the class calling data by August 26, 2026 and provide dates for a deposition concerning class issues. On September 1, 2026, counsel personally conferred by telephone. Plaintiff explained that he required the calling data promptly to conduct class discovery and comply with the existing schedule. Defendant's counsel stated that he would provide an update regarding the data and work on deposition dates.

Plaintiff confirmed that discussion by email on September 1, 2026. After receiving no update, Plaintiff advised Defendant that he would move to compel and again requested deposition dates. Defendant has not provided the requested class data or a date certain for its production.

**Standard**

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case… Information within this scope need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Indeed, "the standard of relevance in the context of discovery is broader than in the context of admissibility." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). As such, discovery is "accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). *See also Heilman v. Waldron*, 287 F.R.D. 467, 473 (D. Minn. 2012) ("Relevance is construed broadly at the discovery stage."). The objecting party "cannot rely upon boilerplate objections, but rather they must specify how each interrogatory or request for production is deficient and articulate the particular harm that would accrue if they were required to respond to the discovery request." *Arctic Cat, Inc. v. Bombardier*

*Recreational Prods., Inc.*, 2014 U.S. Dist. LEXIS 192860, at *23 (D. Minn. May 23, 2014) (citation omitted).

**Argument**

**I. THE REQUESTED CALLING DATA IS DIRECTLY RELEVANT TO THE PROPOSED CLASSES AND NECESSARY FOR CLASS CERTIFICATION.**

There is nothing unusual about these requests. Courts throughout the country routinely compel production of precisely this type of outbound calling data because it is indispensable to identifying putative class members and evaluating Rule 23's certification requirements. *See, e.g., Hancock v. Credit Pros Int'l Corp.,* 2021 U.S. Dist. LEXIS 131055, at *26-27 (D.N.J. July 13, 2021) ("Contrary to [defendant's] asseverations, production of call logs and related data is standard fare in TCPA actions.); *Ossola v. Am. Express Co.*, 2015 U.S. Dist. LEXIS 117531, at *23 (N.D. Ill. 2015) ("Call data is relevant, and thus produced as standard practice…in cases where the defendant is the alleged dialer.").

Each field requested in Request No. 16 corresponds to an element of one or more proposed classes. The telephone numbers, dates, and call dispositions will identify recipients and determine whether they received multiple calls within a 12-month period. The caller-identification numbers, campaign information, recorded-message fields, and other call-detail data will show which calls were made through the same campaigns and using the same artificial or prerecorded messages alleged by Plaintiff. Those records can then be compared with cellular-number and National Do Not Call Registry data to identify calls falling within the Robocall and National Do Not Call Registry Class definitions. Records identifying calls made from or into Florida, together with the equipment and campaigns used, will permit evaluation of the proposed FTSA Autodial Class.

The records Plaintiff seeks are highly relevant to the numerosity, commonality, typicality, and predominance elements of Rule 23 and the calculation of class-wide damages. Here, Plaintiff

is requesting data about telemarketing calls placed to likely class members: who was called, when they were called and why they were called.

"Further, in the specific context of claims filed under the TCPA statute, it is difficult to resolve without discovery whether there are factual issues regarding class members' business relationships with defendants or whether they consented." *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93-94 (3d Cir. 2011). Consistent with those principles, courts routinely compel precisely the discovery Plaintiff seeks. For example, in *Frey v. Frontier Utilities Northeast LLC*, Judge Marston compelled production of unredacted outbound call records in a TCPA class action, rejecting the defendant's argument that such information could be withheld until after certification. The Court explained that "the outbound call list is relevant to class certification and to the merits of [the] claim" because it can be used to determine the number of calls made to offending telephone numbers—facts directly tied to numerosity, liability, and damages. 2020 U.S. Dist. LEXIS 260620, at *6. The same is true here. Plaintiff seeks outbound calling data to determine the size and composition of the class, and calculate class-wide damages. As in *Frey*, Defendant's objections to producing this information until after certification would deprive Plaintiff of the very evidence needed to meet Rule 23's requirements. As Judge Marston explained in *Frey*:

> Frey has shown that the outbound call list is relevant to class certification and to the merits of his claim. *See, e.g.*, *Gossett v. CMRE Fin. Servs.*, 142 F.Supp.3d 1083, 1087 (S.D. Cal. 2015) ("This court finds that the outbound call lists are relevant to the class claims and meritorious claims and defenses in this case and overrules [the defendant's] objections to the requests."). The call records can be used to determine which calls were made to cell phone numbers, a fact that is relevant to the numerosity and typicality requirements of Rule 23(a). *See Thrasher v. CMRE Fin. Servs., Inc.*, No. 14-cv-1540, 2015 WL 1138469 at *2 (S.D. Cal. March 13, 2015) ("The court finds that the outbound call list is reasonably calculated to identify the number and recipients of calls made during the class period, which is relevant to Rule 23 requirements."). (*See* Doc. No. 36 at p. 12 (defining the putative

> class as all individuals to whom Frontier or its vendor made a non-emergency telephone call "to a cellular telephone number or to a number where the recipient is charged for the call").) It is also relevant to the question of liability and damages under the TCPA. *See* 47 U.S.C. § 227(b)(1)(A)(3) (prohibiting calls "using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . . ."); *id.* § 227(b)(3)(B) (creating a private right of action to recover "for actual monetary loss" caused by a violation of the TCPA or "to receive $500 in damages for each such violation").
>
> EAG argues that Frey is not entitled to this personal identifying information pre-class certification, but, as discussed below, the Court did not bifurcate the discovery period in this matter. As such, Frey was required to seek discovery on both his individual claim and his class claim at the same time and could not wait until after the Court ruled on his motion for class certification to request this relevant information.

*Frey v. Frontier Utils. Ne. Llc*, No. 19-2372-KSM, 2020 U.S. Dist. LEXIS 260620 *5-6 (E.D. Pa. Apr. 13, 2020). Accordingly, as in *Frey*, Plaintiff is required to pursue discovery supporting both his individual and class claims during the same discovery period. Defendant therefore cannot withhold class-wide calling records until after class certification.

Courts across the country have reached the same conclusion. Similarly in *Bond v. Folsom Insurance Agency*, *LLC*, the Court considered whether to compel Defendant to produce "unredacted records of the individuals that Folsom contacted with prerecorded messages." 3:24-cv-2551, ECF No. 46 (N.D. Tex. July 11, 2025). There the court concluded that "the identity and telephone numbers that [plaintiff] seeks" are "relevant to the Court's class certification inquiry" and ordered the defendant "to produce unredacted copies of the 'broadcast reports' that produced to permit [plaintiff] to conduct expert analysis, including for the purposes of class certification." *Id.* In fact the court there concluded that "[defendant's] position on what is relevant prior to certification was not substantially justified" and ordered the defendant to pay the expenses incurred in drafting a motion to compel class member data. *Id.*

Documents and information related to calls placed to likely class members are reasonably calculated to identify the number of recipients of calls made during the class period, which is crucial to determine whether the class is so numerous to make joinder impracticable. The call lists are also relevant to the commonality requirement under Rule 23(a), for which plaintiff must show the class 'suffered the same injury ... such that the ... class claims will share common questions of law or fact" with those of the named plaintiffs.'"); *Mbazomo v. ETourandTravel, Inc.*, No. 2:16-CV-02229-SB, 2017 WL 2346981, at *5 (E.D. Cal. May 30, 2017) (compelling the production of call data because "the Court agrees with the weight of authority on this matter that call logs and dialing lists are relevant to the commonality prong of the class certification inquiry. The requested list would also be relevant to Plaintiff's need to show numerosity.") (internal citation omitted); *O'Shea v. Am. Solar Sol., Inc.*, No. 14CV894-L (RBB), 2016 WL 701215 (S.D. Cal. Feb. 18, 2016) ("Upon reviewing requests 9, 28, 29, and 30, the Court agrees that the documents sought are relevant to his action. Specifically, these requests generally concern the total number of call recipients and the total number of phone calls made to them."); *Gossett v. CMRE Fin. Servs.*, 142 F. Supp. 3d 1083, 1087 (S.D. Cal. 2015) (granting a motion to compel production of outbound call lists, as such lists were "relevant to the class claims and meritorious claims and defenses in this case"); *Webb v. Healthcare Revenue Recovery Grp. LLC*, No. C. 13-00737 RS, 2014 WL 325132, at *2-3 (N.D. Cal. Jan. 29, 2014) (compelling production of outbound call lists).

Separately, records where call recipients informed Defendant that it is calling are relevant to class-wide damages. Because courts calculate damages under the TCPA based on the number of violations discovery regarding the number telemarketing calls is highly relevant to damages suffered by absent class members. For this additional reason, the recordings Plaintiff seeks—which he will use to identify potential class members—are highly relevant and this Court should compel

their production. Furthermore, the TCPA also allows for a damages award to be increased, up to treble damages, if the violation is found to be knowing or willful. *See* 47 U.S.C. § 227.

Defendant's principal objections have already been overtaken by the Court's February 13, 2026 Order. Defendant objected to Requests Nos. 16 and 17 because no class had been certified and because Defendant intended to seek bifurcation of discovery. The Court subsequently allowed only a limited initial discovery period and expressly ordered that, after that period, "discovery as to all issues will commence." ECF No. 33 at 5. The Court further declined to stay class discovery while Defendant pursued its anticipated dispositive motion. *Id.* That limited period has expired, Defendant's dispositive motion has been denied, and class discovery is now open. Defendant therefore cannot continue withholding the requested records based upon the procedural posture that existed when it served its responses.

## I. Defendant Cannot Simultaneously Oppose Class Certification While Withholding the Evidence Necessary to Litigate Class Certification.

Defendant's position is fundamentally inconsistent with the Federal Rules governing class actions. Defendant intends to oppose class certification, yet simultaneously refuses to produce the very records Plaintiff must rely upon to establish Rule 23's requirements. Courts consistently reject that tactic. As the Northern District of Illinois explained in a TCPA case:

> Moreover, the information plaintiff seeks in the contested first and second requests for production is clearly relevant to class discovery; specifically, to the issues of numerosity, commonality, and typicality. As explained above, plaintiff proposes a class of persons who received faxed advertisements without a proper opt out notice, with whom Quill did not have an EBR, and from whom Quill did not have prior express permission or invitation to send such faxes (Compl. at ¶ 20). Plaintiff's requests seek, for example, copies of all faxed advertising documents, documents showing express permission or invitation to receive such faxes, and documents indicating an EBR with the recipients of the facsimiles.
>
> ***As we made clear to Quill in multiple court hearings, the Court cannot permit Quill on one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified***.

*Whiteamire Clinic, P.A. v. Quill Corp.*, No. 12 C 5490, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013) (emphasis added); *see also Central Alarm Signal, Inc. v. Business Fin. Servs., Inc.*, No. 14-14166, 2016 WL 3595627, at *2 (E.D. Mich. July 5, 2016) (granting motion to compel in putative TCPA class action, in part, because "the Court cannot permit [Defendant] on the one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified.") (quoting *Whiteamire Clinic, P.A.*, 2013 WL 5348377, at *3); *Ossola v. Am. Express Co*., No. 13 C 4836, 2015 WL 5158712, at *7 (N.D. Ill. Sept. 3, 2015) ("Call data is relevant, and thus produced as standard practice . . . in cases where the defendant is the alleged dialer.").

In the same vein, "[o]utbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable." *Thomas v. Fin. Corp. of Am.*, No. 3:19-CV-152-E, 2019 WL 5157022, at *1 (N.D. Tex. Oct. 10, 2019) (compelling the production of similar data sought here); *Doherty v. Comenity Capital Bank & Comenity Bank*, No. 16CV1321-H-BGS, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) ("The Court finds that outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable."); *see also Gaines v. Law Office of Patenaude & Felix, A.P.C.*, No. 13CV1556-JLS DHB, 2014 WL 3894348, at *2 (S.D. Cal. June 12, 2014) ("the Court finds that the outbound dial list is relevant to the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a), and is therefore discoverable").

Consistent with those authorities, more recent TCPA decisions continue to compel production of substantially similar call data because such records are uniquely within the

defendant's possession and are essential to evaluating Rule 23. As the Northern District of Indiana explained:

> When certifying a class, the Court must find numerosity, commonality, typicality, and predominance. Fed. R. Civ. P. 23. Considering Federal Rule 23's threshold requirements, precertification discovery is appropriate to determine whether a class can be properly certified, and discovery should be sufficiently broad to allow a putative class plaintiff, like Mr. Fralish, a chance to meet these requirements.
>
> * * *
>
> Nevertheless, courts in class-action TCPA cases have consistently held that information regarding plaintiffs and putative class members who were called by a defendant or by others on a defendant's behalf, such as outbound call lists and the number of calls made to those recipients are relevant to the numerosity and commonality requirements listed in Rule 23. . . . Although the requested information here is not precisely a call list, it does seek to quantify the number of calls and is therefore analogous to the outbound call lists that have been found relevant to the numerosity and commonality requirements. Thus, the requested text message-related information is relevant to class certification in a way that is analogous to the relevance of call logs in these other TCPA class actions. Moreover, text messages are analogous to phone calls in other TCPA cases such that the text data requested through ROGs 7–16 and RFPs 7–14, 17, 19, 34–35 is relevant to the Rule 23 numerosity and commonality requirements for class certification applicable in this case.
>
> * * *
>
> As Digital has not shown the point at which the burden of producing this discovery outweighs its benefits, Digital has not met its burden and its undue burden objections are overruled.
>
> For the foregoing reasons, Mr. Fralish is entitled to the class related data he seeks through Interrogatories 7–16 and RFPs 7–14, 17, 19, 34–35.

*Fralish v. Digital Media Sols., Inc.*, No. 3:21-cv-00045-JD-MGG, 2021 WL 5370104, at *9-10 (N.D. Ind. Nov. 17, 2021) (compelling the production of class data in a putative TCPA class action) (internal citations and quotations omitted); *accord Fralish v. Deliver Tech., LLC*, No. 3:20-CV-00353-DRL-MGG, 2021 WL 3285528, at *9 (N.D. Ind. Aug. 2, 2021) ("For the foregoing reasons, Plaintiff is entitled to the class related data he seeks through RFPs 7-14 & 33, and ROGs 9-15.").

Also analogous, in *Bellenger v. Accounts Receivable Mgmt., Inc.*, the Southern District of Florida granted the plaintiff's motion to compel responses aimed at identifying the potential size of the plaintiff's proposed class under the TCPA:

> In Requests for Production Nos. 15 and 16, the Plaintiff sought documents "identifying or listing the telephone numbers to which [the Defendant] placed any DIALED CALL to a cellular telephone at any time on or after January 23, 2015," or documents "that record or list every DIALED CALL" made by the Defendant during that same time period, including all documents that "identify, reflect and/or evidence the number of times each such telephone number was called." (ECF No. 21-3) The Defendant objected to these requests as overbroad, because the requests were not limited to calls placed to "wrong parties," and also stated that the requested information includes personal health information; these objections are overruled, for the reasons discussed above.
>
> * * *
>
> Requests for Production Nos. 17 and 18 sought documents listing every person who received a call since January 23, 2015, and who informed the Defendant that: 1) the person did not wish to be called, or 2) that the Defendant had called a wrong number, or 3) that the person did not have a contract with the Defendant, and also a list of every call made to any person <u>after</u> they had provided one of the three responses above. The Defendant objected that the request was overbroad because it is not limited to cellular phones and also includes people outside the proposed class because those who did not wish to be called or who did not have a contract with the Defendant are not "wrong parties." For the reasons stated above, the Defendant's objections as to the cellular phone designation and the "wrong parties" are overruled.
>
> The Defendant also argues that Requests Nos. 17 and 18 are overbroad because they seek information that has no bearing on whether the Defendant had prior express consent to make the calls, but the Defendant cites no precedent for such a determination. The Court overrules the Defendant's objection because if the Defendant intends to pursue its defense that it had the prior express consent of those called, then it must produce the evidence on which it will rely. "[A]t this stage of the proceeding, [the Defendant] must produce whatever evidence of prior express consent it will use to rebut [the Plaintiff's] attempt to establish predominance under Federal Rule of Civil Procedure 23(b)(3) so the issue can fully be litigated during the class certification phase of this case." *See, e.g.*, *Medina v. Enhanced Recovery Company, LLC*, No. 15-14342-CIV-MARTINEZ/MAYNARD, 2017 WL 5196093, *8 (S.D. Fla. Nov. 9, 2017).
>
> In summary, the Defendant's objections addressed above each are overruled, and the Plaintiff is entitled to the information she seeks.

No. 19-60205-CIV, 2019 WL 4284070, at *5-6 (S.D. Fla. Sept. 10, 2019).

Collectively, these decisions establish a straightforward principle: a defendant may not resist class certification while simultaneously withholding the electronically maintained records necessary to identify putative class members and evaluate Rule 23. Defendant's objections are therefore contrary not only to Rule 26, but also to the overwhelming body of TCPA discovery decisions addressing this precise issue.

**II. Consent**

The TCPA exempts from its scope telemarketing calls made with consumers' prior express written consent. *E.g.,* 47 U.S.C. 47 U.S.C. 227(b)(1)(A). "Prior express consent" exists where a consumer has (a) clearly stated that the telemarketer may call, and (b) clearly expressed an understanding that the call will be made for the purpose of encouraging the purchase of goods or services. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 F.C.C.R. 1830 ¶ 7 (FCC 2012). The FCC's definition is consistent with the everyday meaning of the term "prior express consent" meaning "[c]onsent that is clearly and unmistakably stated." *See Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 955 (9th Cir. 2009).

A defendant who asserts a consent defense bears the burden to prove with clear and convincing proof that valid consent was obtained. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 03-153 at ¶112, -- FCC Rcd. --, 2003 WL 2157853, 2003 FCC LEXIS 3673 (July 3, 2003) (emphasis added). In February of 2012, the Federal Communications Commission reiterated:

> Should any question about the consent arise, the seller will bear the burden of demonstrating that a clear and conspicuous disclosure was provided and that unambiguous consent was obtained.

*See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd 1830 at ¶112; 2012 FCC LEXIS 794 (Feb. 12, 2012). The FCC has also noted: In the event a complaint is filed, the burden of proof [as to whether prior express consent was obtained] rests on the sender to demonstrate that permission was given. We strongly suggest that senders take steps to promptly document that they received such permission. *Id.* at ¶46.

The case law has made this clear. *See Rosales v. Heath,* No. 8:17CV87, 2019 U.S. Dist. LEXIS 225294, at *9 (D. Neb. June 27, 2019) ("The FCC ruled that 'if any question arises as to whether prior express consent was provided by a call recipient, the burden is on the *caller* to prove that it obtained the necessary prior express consent." Consistent with that burden, all circuit courts deciding the question of whether consent is part of a prima-facia TCPA case or an affirmative defense have concluded that consent is an affirmative defense. *See Latner v. Mount Sinai Health Sys., Inc.*, 879 F.3d 52, 54 (2nd Cir. 2018); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017); *Blow v. Bijora*, 855 F.3d 793, 803 (7th Cir. 2017); *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1115 (11th Cir. 2014)."). As another has held in a TCPA case when compelling similar information:

> If defendant cannot substantiate this defense with documents or information responsive to the interrogatory, it should say so under verification and withdraw that defense.

*Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 WL 2311869, at *1 (N.D. Ill. June 13, 2011). As such, the Plaintiff has a legitimate need for this information and a reasonable expectation that it be produced.

Defendant states only that locating "all" responsive documents would be burdensome and impractical. Its responses do not identify the systems or databases containing the calling and consent data, the vendors or custodians maintaining those records, the volume of

responsive information, whether the data can be exported, the steps necessary to retrieve it, or the estimated time and expense of production. Defendant's generalized assertions do not establish that producing electronically maintained call-detail and consent records would impose a burden disproportionate to their importance.

Request No. 16 primarily seeks structured fields ordinarily maintained in outbound calling systems, including telephone numbers, dates, caller-identification numbers, dispositions, recorded-message indicators, and recipient information. Plaintiff seeks an export of those fields in the manner in which they are ordinarily maintained, not a manual review of every document that might mention a call. Request No. 17 similarly seeks the lead forms, webforms, audit trails, and related records that Defendant maintains as evidence of consent.

If Defendant contends that any requested field or category cannot be exported, it should identify the information, the system or custodian maintaining it, the steps required to retrieve it, and the specific burden preventing production. Defendant should not be permitted to withhold the central records concerning the alleged classwide conduct based only upon a generalized assertion of inconvenience.

Plaintiff's expert disclosures are due September 29, 2026, and his motion for class certification is due October 30, 2026. ECF No. 71. Plaintiff must receive, process, and analyze the calling and consent data before those deadlines. Plaintiff proposed an August 26, 2026 production date and advised Defendant during the parties' September 1, 2026 conference that judicial intervention would be necessary absent prompt production. Defendant stated that it would provide an update but has not supplied the data or a date certain for production. Plaintiff therefore requests production within 14 days of the Court's Order.

## Conclusion

The discovery Defendant continues to withhold is the evidence from which the proposed classes must be identified and evaluated. Defendant's original objections depended upon a procedural posture that no longer exists: the initial period of limited discovery has expired, the Court has directed that discovery proceed as to all issues, and Defendant's dispositive motion has been denied. Defendant cannot rely upon the absence of class certification to withhold the calling and consent records Plaintiff needs to litigate class certification.

Plaintiff therefore respectfully requests that the Court order Defendant to produce all nonprivileged documents and electronically stored information responsive to Requests for Production Nos. 16 and 17, as narrowed in this Memorandum, within seven days. The calling data should be produced in its native format or another reasonably usable electronic format, together with all responsive fields and metadata ordinarily maintained by Defendant or its vendors. The corresponding consent records should include a common identifier permitting them to be matched to the calling records.

To the extent Defendant contends that any responsive information cannot be produced, Defendant should be required to identify the information, the system or custodian maintaining it, the steps necessary to retrieve it, and the specific burden allegedly preventing production. Plaintiff further requests such other relief as the Court deems just and appropriate.

RESPECTFULLY SUBMITTED AND DATED this 5th day of September, 2026.

*s/ Anthony I. Paronich*________________
Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400

Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com
*Counsel for the Plaintiff*