IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

TOBY HOY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

MEDICARE HEALTH ADVISORS LLC,

Defendant.

Case No. 4:25-cv-00207-RGE-HCA

**DEFENDANT'S RESISTANCE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF CLASS CALLING AND PURPORTED CONSENT DATA**

Defendant MEDICARE HEALTH ADVISORS LLC ("Medicare Health") resists Plaintiff Toby Hoy's motion to compel production under Requests for Production Nos. 16 and 17 (ECF No. 72). Medicare Health has produced the lead data it obtained from Inbounds.com ("Inbounds"), the vendor that supplied Hoy's telephone number. Based on information confirmed with its client, Medicare Health anticipates producing by Friday, September 25, 2026, approximately one million call records associated with Inbounds leads, drawn from two months of records recently provided by DialedIn/Chase Data.

Medicare Health recognizes that discovery is no longer limited to Hoy's individual claims and that class certification remains pending. It does not ask the Court to deny all class discovery because no class has been certified. The dispute is whether Requests 16 and 17 require immediate production of *all* responsive calling data and consent documents across *every* lead source, despite the substantial production tied to the source of Hoy's own lead. Medicare Health requests that the Court deny the motion insofar as it seeks calling data or consent records relating to lead sources other than Inbounds.

**I. RELEVANT BACKGROUND**

The existing record identifies Inbounds, also known as Data Prosper, as the vendor that supplied Hoy's telephone number to Medicare Health. Def.'s Statement of Material Facts ¶¶ 20–22, ECF No. 46-2; Jaffy Dep. 20:14–21:14, ECF No. 46-3 at APPX_173–74. Medicare Health has produced the lead data obtained from that vendor. DialedIn/Chase Data recently provided call records, and Medicare Health anticipates producing approximately one million records associated with Inbounds leads by September 25.

Request 16 seeks "all documents" containing specified information "for each outbound telemarketing call or text sent by [Medicare Health] or [its] vendors," including dates, caller identification, dispositions, recipient information, and any other information stored in the call-detail records. Request 17 seeks "all documents evidencing purported consent obtained for calls or texts made during the class period," including lead-generation forms and audit trails. ECF No. 73 at 4–5. Plaintiff seeks an order requiring production across the requested categories within seven days. Id. at 18.

Medicare Health's original discovery responses referred to the absence of a certified class and an anticipated motion to bifurcate discovery. Id. at 4–5. Medicare Health acknowledges that the Court subsequently authorized discovery on all issues and that its motion for summary judgment was denied. See ECF No. 33 at 5; ECF No. 67. The present resistance rests on the scope and timing of the particular production Plaintiff requests, considered in light of the Inbounds production and the approaching October 30, 2026 class-certification deadline. See ECF No. 71.

**II. THE COURT SHOULD EVALUATE THE SCOPE OF PRODUCTION UNDER RULE 26, INCLUDING WHAT THE INBOUNDS PRODUCTION WILL PROVIDE**

Rule 26 permits discovery relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). It also directs courts to limit discovery that is unreasonably

cumulative or duplicative, that can be obtained from a more convenient or less burdensome source, or that exceeds Rule 26(b)(1)'s scope. Fed. R. Civ. P. 26(b)(2)(C). In the Eighth Circuit, the court must assess proportionality and may limit an overbroad request based on the record and practical considerations even without a sworn estimate of production costs. *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742–44 (8th Cir. 2018).

Hoy's connection to Inbounds gives the recently produced lead data and forthcoming associated call records immediate significance. ECF No. 46-2 ¶¶ 20–22. The anticipated production of approximately one million call records will give Plaintiff substantial data to examine calling patterns and develop his class-certification positions. Medicare Health asks the Court to consider the information this production will provide before ordering an immediate, complete production covering every other lead source.

The proposed classes are not expressly limited to Inbounds leads. Medicare Health therefore does not contend that information from other sources is categorically irrelevant. Relevance, however, does not itself determine whether every responsive document must be produced at once or in the form and scope demanded. Even *Fralish v. Digital Media Solutions, Inc.*, on which Plaintiff relies, recognized that relevant class information remains subject to Rule 26's proportionality requirement. No. 3:21-cv-00045-JD-MGG, 2021 U.S. Dist. LEXIS 225281, at *26–29 (N.D. Ind. Nov. 17, 2021). The objection in *Fralish* failed where the defendant offered only conclusory assertions and did not develop a meaningful limitation on the requested class discovery. Id. at *28–29. Here, Medicare Health identifies the vendor that supplied Hoy's number, has produced that vendor's lead data, identifies a substantial forthcoming production of associated call records, and seeks an orderly determination of what additional records Plaintiff needs for certification.

Plaintiff also relies on *Frey v. Frontier Utilities Northeast LLC*, No. 19-2372-KSM, 2020 U.S. Dist. LEXIS 260620 (E.D. Pa. Apr. 13, 2020). The responding party in *Frey* had already produced an outbound-call spreadsheet with names and telephone numbers redacted. The court found the call list relevant and noted that producing the unredacted numbers appeared to impose minimal additional burden because the spreadsheet had already been produced. *Id*. at *2, *5–6 & n.1. That ruling supports access to relevant call data; it does not decide the scope or sequence of a request for complete records across separate lead sources where the production associated with the named plaintiff's source is underway.

**III. CONCLUSION**

Medicare Health respectfully requests that the Court deny Plaintiff's motion insofar as it seeks calling data and consent records relating to lead sources other than Inbounds. Medicare Health has produced the Inbounds lead data and anticipates producing approximately one million associated call records by September 25, 2026.

Dated September 24, 2026.

MEDICARE HEALTH ADVISORS LLC,
Defendant

By: */s/ James A. Peterson*
James A. Peterson, Esq.
*(admitted pro hac vice)*
PETERSON LEGAL P.A.
5079 North Dixie Highway, Suite 105
Oakland Park, Florida 33334
Telephone: (754) 444-8076
james@petersonlegal.com

Victoria H. Buter (#AT0009169)
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, Nebraska 68102-2186
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
vicki.buter@kutakrock.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2026, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to the following attorneys registered with the CM/ECF system:

Eric S. Mail, Esq.
PURYEAR LAW P.C.
3719 Bridge Avenue, Suite 6
Davenport, Iowa 52807
mail@puryearlaw.com

Anthony Paronich, Esq.
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

*/s/ James A. Peterson*
James A. Peterson