**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDICARE HEALTH ADVISORS LLC<br><br>Defendant. | : | CIVIL ACTION FILE NO. 4:25-cv-00207-RGE-HCA |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL**
**PRODUCTION OF CLASS CALLING AND PURPORTED CONSENT DATA**

## Introduction

Defendant's Opposition substantially narrows the parties' dispute. Defendant no longer contends that class discovery is premature. It acknowledges that the Court authorized discovery on all issues, that Plaintiff's proposed classes are not limited to leads obtained from Inbounds.com, and that information concerning Defendant's other lead sources is not categorically irrelevant. Defendant nevertheless asks the Court to restrict Plaintiff's class discovery to a single lead source because that happens to be the source Defendant contends supplied Plaintiff's telephone number.

That limitation has no basis in Plaintiff's class definitions or Requests for Production Nos. 16 and 17. Plaintiff does not seek to represent only persons whose information originated with Inbounds. His proposed classes encompass persons called by or on behalf of Defendant based upon the objective circumstances of those calls. Whether a putative class member's

telephone number originated with Inbounds or another lead generator does not remove that person's calls from the proposed classes.

Defendant's recent production does not cure the problem. Defendant represents that it will produce call records associated with Inbounds leads. And, on September 24, 2026, Defendant supplemented its production with a series of lead lists. Plaintiff welcomes those productions. But neither establishes that Defendant has produced the classwide calling data responsive to Request No. 16 or the classwide consent evidence responsive to Request No. 17. A lead list is not a call log, and a list identifying a purported lead is not evidence establishing the consent Defendant contends authorized a particular call.

More fundamentally, Defendant's proposed approach would require Plaintiff to litigate class certification using only the subset of Defendant's records Defendant has selected because they relate to Plaintiff personally. That is precisely the limitation Defendant originally sought through bifurcation. The Court did not impose it. Defendant should not be permitted to obtain through a discovery objection the vendor-specific limitation it no longer claims exists under the governing discovery schedule.

The Motion should be granted.

## Argument

### I. Defendant now Concedes That the Requested Class Discovery Is Relevant.

While it is unfortunate that it required motion practice to arrive here, the Opposition eliminates what had been the principal basis for Defendant's refusal to produce these records. Defendant originally objected to Requests Nos. 16 and 17 because no class had been certified and because it intended to seek bifurcation of discovery. Defendant therefore limited its production to documents relating directly to Plaintiff. Those circumstances have changed. As Defendant now

acknowledges, the Court authorized discovery on all issues, Defendant's summary-judgment motion has been denied, and class certification is presently due October 30, 2026.

Most importantly, Defendant expressly acknowledges that Plaintiff's proposed classes "are not expressly limited to Inbounds leads" and therefore does "not contend that information from other sources is categorically irrelevant." ECF No. 79 at 3. That concession should resolve the central issue presented by the Motion. Request No. 16 seeks the records showing the telemarketing calls made by Defendant or its vendors during the class period. Request No. 17 seeks the records upon which Defendant relies to establish consent for those calls. Those records are necessary to determine who was called, how often they were called, what campaigns and calling practices were involved, and whether Defendant possesses evidence of consent for the calls falling within the proposed classes.

Defendant therefore does not dispute the basic relevance of the discovery. Its argument is instead that Plaintiff should initially receive only information concerning Inbounds because Inbounds allegedly supplied Plaintiff's lead. But that is not a relevance limitation. It is a proposed limitation on the scope of Plaintiff's classes based solely upon the circumstances of the named Plaintiff's calls.

## II. There Is No Basis to Limit Class Discovery to the Defendant’s Hand-Picked Single Lead Source.

Defendant's proposed Inbounds limitation conflicts directly with the classes Plaintiff actually seeks to certify.

The proposed Robocall Class encompasses persons whose cellular telephone numbers Defendant or a third party acting on its behalf called using artificial or prerecorded messages during the class period. The proposed National Do Not Call Registry Class likewise turns upon whether residential numbers registered on the Registry received the requisite telemarketing calls

from or on behalf of Defendant. Neither definition depends upon which lead generator supplied the recipient's telephone number.

The same is true of the discovery requests. Request No. 16 seeks Defendant's outbound telemarketing calling records. Request No. 17 seeks Defendant's evidence of purported consent for calls made during the class period. Neither request is limited to Inbounds because the proposed classes themselves are not limited to Inbounds.

Indeed, Defendant's own discovery responses demonstrate why the limitation is inappropriate. In response to Interrogatory No. 12, Defendant acknowledged that it obtains leads carrying purported prior express written consent from vendors "other than Inbounds.com f/k/a Data Prosper," while refusing to identify those vendors because they were not connected to Plaintiff. That is precisely the information relevant to determining the scope and nature of Defendant's classwide consent defense. Defendant cannot contend that its calls were made pursuant to consent obtained through its lead-generation process while limiting discovery concerning that process to the particular vendor associated with Plaintiff.

**III. The Court Should Require Prompt Completion of the Production.**

Plaintiff first sought a date certain for the class production in August. On August 12, Plaintiff proposed August 26 for supplementation of Requests Nos. 16 and 17 and the first two weeks of September for Defendant's class deposition. Defendant did not agree to those dates or provide an alternative production deadline. After the September 1 conference, Plaintiff again advised Defendant that judicial intervention would be necessary absent the promised update. No date certain was provided before Plaintiff moved to compel.

Defendant's Resistance now confirms that substantial responsive information exists and is capable of production. The Court should therefore order Defendant to complete its production of responsive records under Requests Nos. 16 and 17, including records associated with lead sources other than Inbounds, within seven days of the Court's Order or such other short period as the Court finds appropriate given the impending class certification deadline which, depending on the timing of the production, may have to be the subject of a request for extension.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion to Compel and order Defendant to provide complete supplemental responses to Requests for Production Nos. 16 and 17, including responsive calling data and purported consent records associated with all lead sources, within seven days of the Court's Order. Defendant now concedes that class discovery is open, that Plaintiff's proposed classes are not limited to Inbounds leads, and that information concerning other lead sources is relevant. There is therefore no basis to restrict Plaintiff to the subset of class discovery Defendant has selected based solely on the lead source associated with Plaintiff. Plaintiff further requests such other and further relief as the Court deems just and appropriate.

RESPECTFULLY SUBMITTED AND DATED this 25th day of September, 2026.

*s/ Anthony I. Paronich*________________
Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com
*Counsel for the Plaintiff*