**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDICARE HEALTH ADVISORS LLC<br><br>Defendant. | : | CIVIL ACTION FILE NO. 4:25-cv-00207-RGE-HCA |

**<u>JOINT MOTION TO MODIFY EXPERT DISCLOSURE DEADLINES</u>**

Plaintiff Toby Hoy and Defendant Medicare Health Advisors LLC, by and through their undersigned counsel, jointly move, under Federal Rules of Civil Procedure 6(b)(1)(A) and 16(b)(4), and Local Rules 7(j), 7(k), and 16(f), for a limited modification of the deadlines for Defendant's expert disclosure and Plaintiff's rebuttal expert disclosure. The parties request December 7, 2026, and December 21, 2026, respectively. They do not request any change to the November 30, 2026, class-certification motion deadline or any other case deadline.

**Scheduling history and proposed changes**

1. The March 18, 2026 Scheduling and Trial Setting Order (ECF No. 38) originally set September 15, 2026, for Defendant's expert disclosure and October 15, 2026, for Plaintiff's rebuttal expert disclosure. The Court's August 17, 2026 order (ECF No. 71), entered on Plaintiff's August 14 motion (ECF No. 70), extended those dates to October 30 and November 30, 2026. Thus, each deadline has previously been extended once.

2. The parties now propose to extend only (a) Defendant's expert designation and report deadline from October 30 to December 7, 2026, and (b) Plaintiff's rebuttal expert designation and

report deadline from November 30 to December 21, 2026. The proposed rebuttal deadline is 14 days after Defendant's deadline.

3. Separately, the Court extended Plaintiff's class-certification motion deadline to November 30, 2026 (ECF No. 85). That deadline remains unchanged by this motion.

**Defendant's good cause**

4. Plaintiff transmitted his expert-report materials on September 21, 2026, and a further package of expert-related documents and data exhibits on October 17, 2026. Third-party records were transmitted on October 9, 2026, and Defendant's representative was deposed on October 27, 2026. These materials bear on the scope of any expert response in a case involving call records, lead-source information, and proposed classes. Defendant seeks a limited additional period to evaluate the materials, consult with its client regarding whether retained expert testimony is necessary and proportionate, and, if the client elects to proceed with an expert, arrange a complete Rule 26(a)(2) disclosure. The requested extension permits an informed decision without presupposing that Defendant will ultimately designate an expert.

**Plaintiff's good cause**

5. Good cause also exists to extend Plaintiff's rebuttal expert disclosure deadline to December 21, 2026. Plaintiff does not oppose Defendant's requested extension, provided that Plaintiff receives a reasonable opportunity to evaluate and respond to any expert opinions Defendant elects to offer. Because Defendant's proposed expert disclosure deadline falls after Plaintiff's November 30, 2026 deadline to move for class certification, Plaintiff will necessarily be required to prepare and file his class-certification motion without the benefit of Defendant's expert report. Plaintiff should not be further prejudiced by having insufficient time to respond to expert opinions first disclosed after that filing. The proposed December 21, 2026 rebuttal deadline

affords Plaintiff fourteen days to review Defendant's expert disclosures, consult with his own expert, and prepare any necessary rebuttal report. This limited extension is particularly appropriate given the technical nature of the anticipated expert testimony concerning calling records, lead-source information, and the identification of putative class members. The requested modification preserves the orderly presentation of expert evidence, avoids unfair prejudice to Plaintiff, and does not require modification of the existing discovery cutoff or trial date.

**Discovery status and remaining deadlines**

6. The parties have exchanged written discovery and produced documents, including third-party data, and have undertaken deposition discovery. The parties' expert disclosures contemplated by this motion, any necessary expert depositions, and remaining class and merits discovery have not yet been completed. The proposed expert dates allow the parties to finish such discovery within the existing February 1, 2027 discovery cutoff. The parties do not request an extension of that cutoff.

7. Other existing court-imposed dates include: the class-certification motion deadline of November 30, 2026 (ECF No. 85); status conferences on December 17, 2026, and February 4, 2027 (ECF No. 83); completion of discovery on February 1, 2027; remaining dispositive motions on February 26, 2027; the final pretrial conference on July 7, 2027; and jury trial beginning August 16, 2027 (ECF No. 38). None of these dates is proposed to change. The parties do not anticipate that the requested limited extensions will affect the trial date.

WHEREFORE, the parties respectfully request that the Court amend the expert disclosure deadlines in its scheduling order, as previously modified, to December 7, 2026, for Defendant's expert designation and written report(s) and December 21, 2026, for Plaintiff's rebuttal expert designation and written report(s), with all other deadlines remaining in effect.

RESPECTFULLY SUBMITTED AND DATED this 30th day of October, 2026.

*s/ Anthony I. Paronich*
Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com
*Counsel for the Plaintiff*

/s/ *James A. Peterson*
James A. Peterson, Esq.
*(admitted pro hac vice)*
PETERSON LEGAL P.A.
5079 North Dixie Highway, Suite 105
Oakland Park, Florida 33334
Telephone: (754) 444-8076
James@petersonlegal.com

On behalf of Defendant