**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDICARE HEALTH ADVISORS LLC<br><br>Defendant. | CIVIL ACTION FILE NO. 4:25-cv-00207-RGE-HCA |

## PLAINTIFF'S THIRD SET OF DISCOVERY

## INSTRUCTIONS FOR INTERROGATORIES

1. Pursuant to Rule 33, submit your answers to the interrogatories herein in writing and under oath to the undersigned counsel within 30 days of the date of service on you. If any of these interrogatories cannot be answered in full, then you should answer to the fullest extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion or portions. In answering these interrogatories, furnish such information as is available to you, regardless of whether this information is obtained directly by you, through your agents or representatives or by any of your attorneys. For each interrogatory, please identify all persons who provided information used in answering it.

2. These interrogatories are continuing in nature. In accordance with Rule 26, you are required to supplement your answers to the interrogatories when new or additional information becomes known to you.

## INSTRUCTIONS FOR REQUESTS FOR PRODUCTION

3. Pursuant to Rule 34(b)(2)(B), on the date production is due, Defendant shall produce all the responsive documents or specify a reasonable date certain on which they will be produced.

4. In accordance with Rule 34(b), you shall provide written responses to the following requests and shall produce the requested documents as they are kept in the ordinary and usual course of business or shall organize and label the documents to correspond with the categories in this request.

5. A draft and a final version are two distinct documents.

6. If Defendant withholds the production of any responsive document on the grounds that the document is privileged or otherwise protected, Defendant shall state in a privilege log the nature of the claim of privilege or protection; the type and nature of the document; the date of the document; the author(s), the addressee(s), and recipient(s) of the document; the document's present location; and any other information that will enable Plaintiff and the Court to assess the applicability of the privilege or protection.

## DEFINITIONS

The following terms shall have the following meanings, even when not capitalized or bolded:

7. "Defendant" or "MHA" means Medicare Health Advisors LLC, including its employees, agents, representatives, and persons or entities acting on its behalf.

8. “Subject Calls” means the calls identified in Exhibits 8 and 9 to the October 17, 2026 Expert Report of Aaron Woolfson, including calls placed by Defendant or third parties acting on its behalf.

9. “Subject Numbers” means the telephone numbers identified in Exhibits 8 and 9 to the October 17, 2026 Expert Report of Aaron Woolfson.

10. “Consent” includes any alleged prior express consent, prior express written consent, permission, authorization, or other basis upon which Defendant contends it was authorized to place a Subject Call.

11. “Document” and “electronically stored information” have the meanings provided by the Federal Rules of Civil Procedure and include electronic records, databases, call logs, lead records, consent records, audit trails, and recordings.

12. “Identify,” when referring to a telephone number, means to provide the complete telephone number and, where applicable, the dates of the relevant calls. When referring to a person or entity, it means to provide the name and available contact information.

13. All other words shall have their ordinary definition as defined by Merriam-Webster’s online dictionary, located at http://www.merriam-webster.com/

## RELEVANT TIME PERIOD

Unless otherwise indicated, these requests shall pertain to the time period starting four years before the filing of the original complaint in this case and continuing through the present and shall include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received outside of that period.

## INTERROGATORIES

1. Identify each Subject Number appearing in Exhibit 8 that Defendant contends was not registered on the National Do Not Call Registry for at least thirty-one days before a Subject Call, and state all facts supporting that contention.

2. Identify each Subject Number appearing in Exhibit 8 that Defendant contends was not a residential telephone number at the time of a Subject Call, and state all facts supporting that contention.

3. Identify each Subject Number appearing in Exhibits 8 or 9 for which Defendant contends it possessed consent or had an established business relationship authorizing one or more Subject Calls. For each such number, identify the basis for the contention, the date and manner in which consent or the relationship allegedly arose, the entity that obtained the consent or originated the lead, and the calls to which the asserted consent or relationship applies.

4. Identify each Subject Number appearing in Exhibits 8 or 9 for which Defendant contends the recipient initiated an inbound telephone call, submitted an inquiry, requested information, or otherwise contacted Defendant before the Subject Calls, and identify the date, manner, and subject of each such communication.

5. Identify each Subject Number appearing in Exhibits 8 or 9 associated with an application for, enrollment in, or purchase of an insurance product through Defendant, including the date of the transaction, the product involved, and whether Defendant contends that transaction established consent or an established business relationship before any Subject Call.

6. Identify each Subject Call appearing in Exhibits 8 or 9 that Defendant contends did not involve the use of an artificial or prerecorded voice or an automated system for the selection and dialing of telephone numbers. For each category of disputed calls, identify the

dialing system, campaign, vendor, and factual basis for Defendant's contention, including whether the calls were placed using DialedIn or another dialing platform.

**REQUESTS FOR PRODUCTION**

1. Produce all documents evidencing any consent Defendant contends authorized the Subject Calls, including:

(a) Lead-generation forms, webforms, and consent disclosures;

(b) Records showing the date, time, IP address, website, and manner in which consent was purportedly obtained;

(c) Records identifying the entity that obtained or transferred the consent;

(d) Records showing the identity of the person who allegedly submitted the consent; and

(e) Audit trails, lead certificates, and other records purporting to authenticate the consent.

2. Produce all documents evidencing an established business relationship between Defendant and any person associated with a Subject Number, including applications, enrollments, purchases, inquiries, customer records, and documents establishing the date on which the relationship allegedly began and ended.

3. Produce all documents supporting any contention that a Subject Number appearing in Exhibit 8 was not registered on the National Do Not Call Registry for at least thirty-one days before a Subject Call, including registry access records, scrubbing results, and records identifying the registry data used to make that determination.

4. Produce all documents supporting any contention that a Subject Number appearing in Exhibit 8 was not a residential telephone number when called, including telephone-number classification records, carrier information, and any databases or reports upon which Defendant relies.

5. Produce all documents evidencing any application for, enrollment in, or purchase of an insurance product associated with a Subject Number, including records showing the date of the transaction, the product purchased, and the telephone number associated with the transaction.

6. Produce all documents evidencing inbound telephone calls, requests for information, or other communications initiated by persons associated with Subject Numbers before the Subject Calls, including inbound call logs, recordings, website inquiries, customer relationship management records, and records reflecting the purpose and disposition of those communications.

7. Produce all documents supporting any contention that Subject Calls did not involve an artificial or prerecorded voice or an automated system for the selection and dialing of telephone numbers, including:

(a) DialedIn configuration settings, campaign settings, and dialing-mode records applicable to the Subject Calls;

(b) Documents identifying whether numbers were selected and dialed manually or automatically;

(c) Call-flow diagrams, prerecorded-message files, artificial-voice files, and scripts used in the campaigns;

(d) Records identifying the calling vendors and equipment used to place the Subject Calls; and

(e) Records identifying the location from which calls appearing in Exhibit 9 originated and the equipment used to place them.

RESPECTFULLY SUBMITTED AND DATED this 17th day of October, 2026.

*s/ Anthony I. Paronich*________________
Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com